UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

IN RE:                                                    :

TERRORIST ATTACKS ON                                      :
SEPTEMBER 11, 2001

                                                          :

----------------------------------------------------------x

```
┌──────────────────────────────────────┐
│ USDC SDNY                             │
│ DOCUMENT                              │
│ ELECTRONICALLY FILED                  │
│ DOC #: _____        │
│ DATE FILED:  6/12/2013               │
└──────────────────────────────────────┘
```

**MEMORANDUM**
**DECISION AND ORDER**

03 MDL 1570 (GBD) (FM)

This decision relates to:

Ashton, et al. v. Al Qaeda Islamic, et al., 02 Civ. 6977 (GBD) (FM)
Burnett v. Al Baraka, 03 Civ. 9849 (GBD) (FM)
Federal Insurance Co. v. Al Qaida, 03 Civ. 6978 (GBD) (FM)
O'Neill v. Al Baraka Investment & Devel. Corp., 04 Civ. 1923 (GBD) (FM)
Continental Casualty Co. v. Al Qaeda, 04 Civ. 5970 (GBD) (FM)
Cantor Fitzgerald & Co. v. Akida Bank Private Ltd., 04 Civ. 7065 (GBD) (FM)
Euro Brokers, Inc. v. Al Baraka Investment & Devel. Corp., 04 Civ. 7279 (GBD) (FM)

----------------------------------------------------------x

**FRANK MAAS,** United States Magistrate Judge.

I.      Introduction and Background

        This litigation, now in its tenth year, consolidates personal injury and

property damage claims against various terrorist organizations, Islamic charities, and

foreign banks, arising out of their alleged involvement in the terrorist attacks on

September 11, 2001.  The case has a complex and sprawling procedural history, which

has seen a number of dismissals, default judgments, and two trips to the Court of Appeals.

There has been no shortage of disputes regarding discovery, which continues to proceed

at a deliberate pace.

In February, the Plaintiffs submitted a privilege log in response to the document requests of a number of the defendants, including the Al Haramain Islamaic Foundation, Inc. (USA), Dubai Islamic Bank, International Islamic Relief Organization, Muslim World League, Sana-Bell, Inc., Sanabel Al Kheer, World Assembly of Muslim Youth / World Assembly of Muslim Youth International, Wael Jelaidan, and Perouz Sedaghaty (collectively, "Defendants"). The Defendants have moved to compel production of two categories of documents identified in the log, which they contend have been improperly withheld from disclosure: (a) correspondence with government agencies relating to document requests the Plaintiffs made pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., and (b) documents deemed confidential that Plaintiffs' counsel obtained in connection with their representation of separate, unrelated parties in Linde, et al. v. Arab Bank, PLC, No. 04-CV-2799 (NG) (VVP), a case currently pending before Judge Gershon in the Eastern District of New York.[1]

For reasons that are explained below, the motion is granted in part and denied in part.

---

[1]     The Court received a number of letters from the parties concerning these issues. (See undated Letter to the Court from Steven T. Cottreau, Esq. ("Def.'s' Let.") (ECF No. 2723); Letter to the Court from Robert T. Haefele, Esq., dated Mar. 29, 2013 ("Pl.'s' Opp. Let.") (ECF No. 2724); Letter to the Court from Steven T. Cottreau, Esq., dated Apr. 9, 2013 ("Def.'s' Reply Let.") (ECF No. 2725); Letter to the Court from Robert T. Haefele, Esq., dated Apr. 30, 2013, ("Pl.'s' Sur-Reply Let.") (ECF No. 2726); Letter to the Court from Steven T. Cottreau, Esq., dated May 23, 2013 ("Def.'s' Sur-Reply Let.") (ECF No. 2729)). The Court also received a letter on behalf of Arab Bank, PLC, the defendant in the Arab Bank litigation, which precipitated a further response from the Plaintiffs. (See Letter to the Court from Steven J. Young, Esq., dated May 1, 2013 ("Young Let.") (ECF No. 2727); Letter to the Court from Robert T. Haefele, Esq., dated May 10, 2013 ("Haefele Let.") (ECF No. 2728)).

II.     Analysis

    A.     FOIA Correspondence

The FOIA correspondence consists of three types of documents:  (1) letters from Plaintiffs' counsel to various government agencies requesting documents pursuant to FOIA ("FOIA Requests"), (2) letters or other communications from the government acknowledging and responding to the Plaintiffs' FOIA requests ("FOIA Responses"), and (3) the actual documents received in response to the Plaintiffs' FOIA requests ("Underlying Documents").  The Plaintiffs concede that the Underlying Documents are not privileged and have agreed to produce all such documents that have not already been disclosed.[2]  (Pl.'s' Opp. Let. at 3, 6).  They take a different position with respect to the FOIA Requests and Responses, maintaining that those documents are exempt from disclosure because they contain details about their attorneys' mental impressions, thoughts, legal theories, and priorities concerning which documents and issues to pursue. (Id. at 4).  Because the FOIA Requests and Responses allegedly tend to reveal counsels' confidential strategies about "which subjects to research, which documents to collect, and which documents and issues to prioritize," the Plaintiffs argue that requiring production

_____

    [2]     The Defendants nevertheless remain concerned that the Plaintiffs may have withheld certain Underlying Documents because the privilege log refers to "attachments" that the Defendants believe may relate to part of the government's production of documents responsive to the Plaintiffs' FOIA Requests.  To remove any doubt, the Defendants have requested an order directing the Plaintiffs to produce all of the Underlying Documents "in the same sequence as produced by each agency." (Def.'s' Reply at 1 n.2).  This presumably would require a great deal of redundant production at a not insubstantial cost.  In addition, the Plaintiffs have continued to represent in letters to this Court that they have already produced or are working to complete production of all the Underlying Documents.  In light of these circumstances, the Defendants' request is denied.  I will require, however, that Plaintiffs' counsel certify to the Court in writing that they have produced all the Underlying Documents responsive to the Defendants' requests.

would unfairly prejudice them by supplying the Defendants with a "roadmap" to their

case. (Id. at 6).

The work product doctrine, originally articulated by the Supreme Court in

Hickman v. Taylor, 329 U.S. 495, 514 (1947), is codified in Rule 26(b)(3) of the Federal

Rules of Civil Procedure. That rule excludes from discovery "materials 'prepared in

anticipation of litigation' by a party or the party's representative, absent a showing of

substantial need." United States v. Adlman ("Adlman I"), 68 F.3d 1495, 1501 (2d Cir.

1995) (quoting Fed. R. Civ. P. 26(b)(3)). The protection afforded by the work product

rule provides a "zone of privacy in which a lawyer can prepare and develop legal theories

and strategy 'with an eye toward litigation,' free from unnecessary intrusion by his

adversaries." United States v. Adlman ("Adlman II"), 134 F.3d 1194, 1196 (2d Cir.

1998) (quoting Hickman, 329 U.S. at 511). To avail itself of that protection, a party must

demonstrate that the material at issue is "(1) a document or tangible thing, (2) that was

prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for

his representative." Gucci Am., Inc. v. Guess?, Inc., 271 F.R.D. 58, 73-74 (S.D.N.Y.

2010). However, the work product rule is not absolute. United States v. Nobles, 422

U.S. 225, 239, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975); In re Initial Pub. Offering Sec.

Litig., 249 F.R.D. 457, 459 (S.D.N.Y. 2008). Thus, even if a document qualifies as work

product within the meaning of Rule 26(b)(3), a party may obtain its disclosure by

showing that it has a "substantial need" for the document and cannot obtain the

"substantial equivalent" through other means without "undue hardship." Fed. R. Civ. P.

26(b)(3)(A)(ii). Rule 26 further distinguishes between "factual" work product – such as

4

materials obtained through independent factual investigation – which requires the ordinary showing of "substantial need," and "opinion" work product –materials containing an attorney's mental impressions, conclusions, opinions, or legal theories – which receives special protection and is not discoverable absent a "highly persuasive" showing of need. Adlman II, 134 F.3d at 1199, 1204.

      1.     FOIA Requests

The Plaintiffs' FOIA Requests clearly are work product because they were created on the Plaintiffs' behalf by their lawyers as part of their factual investigation in connection with this litigation. Moreover, to the extent that the Requests are reflective of counsels' determinations about which subject matter, documents, or issues are important to their case, they provide a window into the Plaintiffs' confidential legal theories and strategies.

Ordinarily, that would be sufficient to end the inquiry. Here, however, the Plaintiffs voluntarily disclosed the work product information contained in their FOIA Requests to the government. When work product is shared with third parties in a manner that is either "inconsistent with maintaining secrecy against opponents or substantially increases the opportunity for a potential adversary to obtain the protected information," any applicable protection for those documents is waived. Ricoh Co. v. Aeroflex, Inc., 219 F.R.D. 66, 70 (S.D.N.Y. 2003). The Plaintiffs' decision to submit their FOIA Requests to the government means that they are now within the records of each agency to which they were sent and are therefore obtainable by anyone, including the Defendants, through an independent FOIA request. Not only is that kind of disclosure plainly

inconsistent with the requirement that parties take reasonable steps to keep work product

secret, but it also significantly raises the odds that such information might wind up in the

hands of a litigation opponent.

The Plaintiffs contend that their sharing of work product information with

various government agencies should not lead to any waiver because the government is not

their adversary in this or any related proceeding. (Pl.'s' Opp. Let. at 5). But even

disclosure to non-adversaries waives work product protection if it materially increases the

likelihood that an adversary can gain access to that information. Costabile v.

Westchester, N.Y., 254 F.R.D. 160, 164 (S.D.N.Y. 2008). The FOIA Requests are now

widely available to the public through FOIA as a direct result of the Plaintiffs' decision to

submit them to government agencies. Although work product protection might be

preserved "where the disclosing party and the third party share a common interest,"

Merrill Lynch & Co., Inc. v. Allegheny Energy, Inc., 229 F.R.D. 441, 446 (S.D.N.Y.

2004), the government and the Plaintiffs have no relevant interests in common. Thus,

even though the government might not be their adversary, the Plaintiffs' disclosures

nonetheless have forfeited any work product protection that might otherwise be

applicable. See, e.g., Medinol, Ltd. v. Boston Scientific Corp., 214 F.R.D. 113, 115

(S.D.N.Y. 2002) ("where the third party to whom the disclosure is made is not allied in

interest with the disclosing party or does not have litigation objectives in common the

protection of the [work product] doctrine will be waived").

The Plaintiffs argue that the FOIA correspondence should be afforded more

extensive protection because the documents allegedly fall within the scope of the

common law work product doctrine, which stems directly from <u>Hickman</u> and is somewhat broader than the privilege that is encompassed by Rule 26(b)(3).  (<u>See</u> Pl.'s' Sur-Reply at 2 (citing <u>United States Info. Sys. v. IBEW Local Union No. 3 AFL-CIO</u>, No. 00 Civ. 4763, 2002 WL 31296430, at *5 (S.D.N.Y. Oct. 11, 2002)))).  Application of the common law standard, however, would not alter the fact that the Plaintiffs disclosed their FOIA Requests to the government, thereby waiving any applicable protection.

The Plaintiffs also cite <u>Jaroslawicz v. Engelhard Corp.</u>, 115 F.R.D. 515, 517 (D.N.J. 1987), in which it was determined that certain FOIA correspondence was entitled to protection under the work product doctrine.  In that case, however, the court failed to consider the effect of the FOIA documents' disclosure to the government, which is the key issue in the present dispute.

Finally, the Plaintiffs' contention that their FOIA Requests may not necessarily be reachable through FOIA, (Pl.'s' Sur-Reply Let. at 9), finds no support in the law.  Indeed, FOIA requires federal agencies to produce copies of <u>any</u> requested records unless one of nine statutory exemptions applies.  <u>See</u> <u>Milner v. Dep't of the Navy</u>, 131 S.Ct. 1259, 1262 (2011).  The Plaintiffs cite Exemptions 4 and 5 as possible exemptions, but neither is remotely applicable to the documents at issue here.  Exemption 4, which applies to privileged or confidential "trade secrets and commercial or financial information obtained from a person," 5 U.S.C. § 552(b)(4), is plainly inapposite because the Plaintiffs' FOIA Requests contain no such information.  Exemption 5 relates to "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).  In

addition, Exemption 5 requires, among other things, that a government agency be the

source of the documents at issue. See Dep't of the Interior v. Klamath Water Users

Protective Ass'n, 532 U.S. 1, 8 (2001). Since the FOIA Requests originated from the

Plaintiffs and clearly are not "inter-agency or intra-agency memorandums or letters,"

Exemption 5 also is inapplicable. At any rate, even if any of the statutory exemptions

were germane, the Plaintiffs have no right to enforce them in this action. The proper

avenue for enjoining an agency from disclosing documents pursuant to FOIA is a reverse

FOIA action, which would require the Plaintiffs to prove that the government's disclosure

would be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance

with the law." ERG Transit Systems (USA), Inc. v. Wash. Metro. Area Transit Auth.,

593 F. Supp. 2d 249, 252 (D.D.C. 2009) (quoting 5 U.S.C. § 706(2)). The Plaintiffs have

not even come close to making that showing here.

                  2.      FOIA Responses

The FOIA Responses are not work product because they were prepared by

government officers as part of their statutory obligations under FOIA. The work product

rule "does not extend to documents in an attorney's possession that were prepared by a

third party in the ordinary course of business and would have been created in essentially

similar form irrespective of any litigation anticipated by counsel." In re Grand Jury

Subpoenas Dated Mar. 19, 2002 & Aug. 2, 2002, 318 F.3d 379, 384-85 (2d Cir. 2003);

see also Ricoh, 219 F.R.D. at 69-70 ("The work product rule has no application to a

document prepared by and in the hands of a third person who is neither a party to nor

interested in the action") (quoting Polycast Tech. v. Uniroyal, No. 87 Civ. 3297, 1990

WL 138968, at *2 (S.D.N.Y. Sept. 20, 1990)). The government is not the Plaintiffs'

agent, nor has it been shown to have any interest in the outcome of the present litigation.

The Responses therefore were improperly designated as attorney work product.

Moreover, the Supreme Court has held that a "written agency response to a

FOIA request" constitutes a public disclosure. See Schindler Elevator Corp. v. United

States ex rel. Kirk, 131 S.Ct. 1885, 1893-1894 (2011). Although Schindler was a qui tam

action pursuant to the False Claims Act, the Plaintiffs have not suggested any reason why

the responses of a government agency should be classified any differently in the present

context. Thus, even if the government's FOIA Responses could properly be claimed as

the Plaintiffs' work product, their public disclosure clearly would eliminate any basis for

excluding them from discovery.[3]

3.    Relevance Objections

Regardless of whether work product protection applies, the Plaintiffs argue

that the FOIA correspondence is irrelevant to the case and thus not discoverable under

Rule 26 of the Federal Rules of Civil Procedure. The Plaintiffs further assert that it

would be inappropriate to allow discovery because the documents might be determined to

---

[3]    In re Student Fin. Corp., No. 06-MC-69, 2006 WL 3483487 (E.D. Pa. Nov. 29,
2006), which the Plaintiffs cite, is not to the contrary. That case considered the discoverability
of a government investigator's file containing various public documents, including FOIA
requests and results, newspaper articles, court documents, transcripts, and Lexis/Nexis searches.
The court held that, although the documents were in the public domain, the file itself was
nonetheless protected from disclosure on the theory that the selection and compilation of those
documents was work product. Id. at *15 (citing Spork v. Peil, 759 F.2d 312 (3d Cir. 1985)).
The dispute in this case, however, has nothing to do with the compilation of selected documents
in a government attorney's or investigator's own litigation file. Thus, the Plaintiffs' attempted
analogy to In re Student Fin. Corp. is inapt.

be inadmissible at trial due to their "highly prejudicial" nature. (Pl.'s' Opp. Let. at 7).

Given the expansive concept of relevance under Rule 26, however, both of these

arguments are unavailing.

Rule 26(b)(1) allows discovery into "any nonprivileged matter that is

relevant to any party's claim or defense." "This obviously broad rule is liberally

construed." Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991).

Here, the mere fact that the Plaintiffs have listed the FOIA correspondence on their

privilege log suggests that it is responsive to the Defendants' requests and, therefore, at

least discovery relevant. Moreover, as the Defendants correctly observe, the FOIA

correspondence may contain highly relevant substantive information, such as the names

and locations of witnesses, and consequently be of great significance to the Defendants.

The subject matter and contents of these communications thus satisfies the minimal

threshold for relevance required under Rule 26.

It is true that Federal Rule of Evidence 403 permits a judge to exclude

relevant evidence at trial if its "probative value is substantially outweighed by the danger

of unfair prejudice, confusion of the issues, or misleading the jury." Whether a document

is admissible, however, is a separate issue from whether it is discoverable.

"[A]dmissibility is not a prerequisite to discoverability, and the scope of relevance under

Rule 26 is broader than under the Rules of Evidence." Malinowski v. Wall Street Source,

Inc., No. 09 Civ. 9592 (JGK) (JLC), 2011 WL 1226283, at *1 (S.D.N.Y. Mar. 18, 2011)

(quoting In re Initial Public Offering Secs. Litig., No. 21 MC 92 (SAS), 2004 WL 60290,

at *4 (S.D.N.Y. Jan. 12, 2004)). Indeed, Rule 26 specifically provides that "[r]elevant

information need not be admissible at trial if the discovery appears reasonably calculated

to lead to the discovery of admissible evidence." Thus, even if the FOIA correspondence

is ultimately deemed inadmissible at trial, that is not a valid basis for excluding it from

discovery.

Accordingly, the FOIA correspondence is not exempt from disclosure and

must be produced.

B.    *Arab Bank* Documents

The dispute concerning the Arab Bank documents arises out of the fact that

the law firm representing certain of the plaintiffs in this case also represents a number of

other parties in the Arab Bank suit.  None of the plaintiffs in this case, however, are

parties in the Arab Bank case .  By way of background, the Arab Bank litigation involves

claims against Arab Bank, PLC ("Arab Bank"), a large Jordanian bank, for monetary

damages allegedly arising out of its involvement in the provision of financial services and

other support to terrorist organizations in Israel between 1995 and 2004.  See Linde v.

Arab Bank, PLC, 706 F.3d 92, 95 (2d Cir. 2013).  During the course of discovery, Arab

Bank has produced customer records and various other sensitive documents pursuant to a

court-ordered confidentiality agreement, which forbids any party from using confidential

information obtained in the Arab Bank litigation for any purpose unrelated to that case.

(Young Let. at 2-3; Def.'s' Let. Ex. 4).

In responding to the discovery requests in this case, Plaintiffs' counsel

determined that some of the documents that it had obtained in the Arab Bank litigation

were responsive to the Defendants' production requests.  The Plaintiffs withheld those

documents from disclosure, however, because they were subject to the terms of the <u>Arab Bank</u> protective order. Nonetheless, Plaintiffs' counsel listed the <u>Arab Bank</u> documents on the Plaintiffs' privilege log. (<u>See</u> Pl.'s' Opp. Let. at 8). The Defendants argue that, in the course of doing so, the Plaintiffs unfairly and improperly considered or made use of the <u>Arab Bank</u> documents and, therefore, should be foreclosed from seeking to shield them from discovery by reason of the protective order. (<u>See</u> Def.'s' Let. at 4). During a conference on April 16, 2013, I proposed that the parties jointly request that Judge Gershon modify the <u>Arab Bank</u> protective order so that any documents subject to that order could be disclosed in this case. Upon further reflection, however, I have concluded that the <u>Arab Bank</u> documents do not belong in this litigation at all – whether on a privilege log or otherwise.

The reason the <u>Arab Bank</u> documents must be excluded is more fundamental than the existence of the protective order. Rule 34 of the Federal Rules of Civil Procedure permits a party to obtain discovery of documents only to the extent that they are within a responding party's "possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Because the <u>Arab Bank</u> documents were produced only to the parties in the <u>Arab Bank</u> litigation, they are not and never have been within the Plaintiffs' possession, custody, or control. The fact that attorneys for the Plaintiffs also happen to represent parties in <u>Arab Bank</u> is irrelevant, since "attorneys have numerous clients and the documents of one client do not simply come within the control of another merely because both clients have retained the services of the same lawyer or law firm."

Kendall State Bank v. W. Point Underwriters, LLC, No. 10-2319-JTM/KGG, 2011 WL

5506278, at *2-3 (D. Kan. Nov. 9, 2011); see also Nissei America, Inc. v. Cincinnati

Milacron, Inc., 95 F.R.D. 471, 475 (N.D. Ill. 1982) (denying a party's discovery request

for information related to "the affairs of other clients represented by [the responding

party's] attorney" because such information was beyond the responding party's control);

Poppino v. Jones Store Co., 1 F.R.D. 215, 219 (W.D. Mo. 1940) ("the mere fact . . . that

the attorney for a party has possession of a document does not make his possession of the

document the possession of the party").

   Thus, although the Plaintiffs may be correct that the Arab Bank documents

contain information relevant to the Defendants' discovery requests, the documents are not

ones that they have the ability either to produce or withhold. Indeed, a document in an

attorney's possession is within a party's possession or control only if the attorney "comes

into possession of [the] document as attorney for that party." Poppino, 1 F.R.D. at 219

(emphasis in original); see also 7 Moore's Federal Practice § 34.14[2][c] (3d ed. 2000)

(citing Poppino). Nor do the Plaintiffs have any legal means to obtain those documents

since it would be a material breach of the Arab Bank protective order for Plaintiffs'

counsel to disclose them to the Plaintiffs for use in this litigation.

   The Arab Bank documents therefore were improperly identified as

responsive and should not have been included on the privilege log. All entries relating to

the Arab Bank documents consequently should be removed.

III.     Conclusion

For the foregoing reasons, the Defendants' motion is granted in part and denied in part.  The Plaintiffs shall have until June 24, 2013, to produce the FOIA documents and correspondence and to delete any privilege log entries related to the <u>Arab Bank</u> documents.  Also by that date, Plaintiffs' counsel shall provide certification they have produced all Underlying Documents responsive to the Defendants' requests.

In anticipation of the Court's ruling, the Plaintiffs have asked that any order of production be reciprocal, so that the Defendants will be required to produce all FOIA correspondence of their own that has been withheld from disclosure.  The Defendants have voiced no objection to that request.  Accordingly, the Defendants are directed to produce any responsive FOIA communications that they previously have withheld on the basis that they are protected by the work product doctrine.  All such documents shall be produced by June 24, 2013.

SO ORDERED.

Dated:        New York, New York
              June 12, 2013

                                        FRANK MAAS
                              United States Magistrate Judge

Copies to:

Hon. George B. Daniels
United States District Judge

All counsel (via ECF)

14