# EXHIBIT A

## DOAR RIECK KALEY & MACK
### ATTORNEYS AT LAW

JOHN JACOB RIECK, JR.
JOHN F. KALEY
WALTER MACK
EDWARD SCARVALONE

SPECIAL COUNSEL
JOHN DOAR

OF COUNSEL
AMY ROTHSTEIN
EILEEN MINNEFOR
JAMES I. WASSERMAN
MICHAEL MINNEFOR

ASTOR BUILDING
7TH FLOOR
217 BROADWAY
NEW YORK, N.Y. 10007-2911

TELEPHONE: (212) 619-3730
FACSIMILE: (212) 962-5037
e-mail: firm@doarlaw.com
website: www.doarlaw.com

December 12, 2013

<u>By Email</u>

Robert Haefele, Esq. (rhaefele@motleyrice.com
Motley Rice LLC
28 Bridgeside Boulevard
P.O. Box 1792
Mount Pleasant, SC 29465

Scott Tarbutton, Esq. (starbutton@cozen.com)
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

Dear Robert and Scott:

  As I noted in my December 2 email, Peter and I expect to produce another tranche of documents to you next week on behalf of Defendant Yassin Abdullah Kadi. Not having received any word from you about another tranche from Plaintiffs, I infer that at this point you do not have any additional documents that you are planning to produce. Please advise if this is not correct.

  As for your objection that many of our document requests constitute "disguised contention interrogatories," Peter and I need to know if you are withholding any documents on this ground. Our document requests do not seek Plaintiffs' contentions. Rather, they seek documents relevant to Plaintiffs' claim of personal jurisdiction, the subject of the Second Circuit's remand in this case. This is squarely within the scope of the Federal Rules. In our view, objections on the ground that our document requests are prohibited contention interrogatories are without merit.

  Indeed, even if the document requests in issue did seek contentions (which they do not), they would not be prohibited by F.R. Civ. P. 34, the rule governing document requests, which, unlike F.R.Civ. P.33, contains no prohibition against requests seeking contentions. Furthermore, even if the requests in issue were interrogatories (which they are not), Judge Maas has already

Robert Haefele, Esq.  -2-  December 12, 2013
Scott Tarbutton, Esq.

ruled in this case that contention interrogatories, as posed by Defendant NCB, respecting plaintiffs' claims of personal jurisdiction were appropriate. *See* September 18, 2007 Memo Endorsed Letter (Document 2037) and December 26, 2007 Memo Endorsed Letter (Document 2060).

Therefore, if documents are being withheld on the basis that they would be responsive to "disguised contention interrogatories," we will need to meet and confer with you. Please advise.

In any event, we will need to meet and confer with you about our Interrogatories, which we believe are permissible under Judge Maas's rulings in Documents 2037 and 2060.

Thank you, in advance, for your cooperation.

Very truly yours,

Amy Rothstein

cc:   Defense Counsel