# EXHIBIT E

# SALERNO & ROTHSTEIN
### ATTORNEYS AT LAW

AMY ROTHSTEIN
PETER C. SALERNO

WRITER'S EMAIL ADDRESS:
peter.salerno.law@gmail.com

221 SCHULTZ HILL ROAD
PINE PLAINS, NY 12567

T: 518.771.3050
F: 866.589.9010

December 15, 2014

By Email

Robert T. Haefele, Esq.
Motley Rice, LLC
28 Bridgeside Boulevard
Mount Pleasant, S.C. 29464

Sean P. Carter, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA 19103

          Re:    03 MDL 1570 (S.D.N.Y.)

Dear Bob and Sean:

        Our outside vendor will today be sending Bob a disk containing defendant Kadi's fifth and final document production. The passcode is RR3_Q*,/M4.BE1?p(v~L. [comma after the asterisk, dot after 4, no dot at the end]. Attached is a chart cross-referencing the production to plaintiffs' document requests, in both Excel and pdf formats.

        In a few days we will send you our privilege log as well as well as a list of your requests as to which we have withheld documents on the basis of our non-privilege-based objections to those requests, as required by Judge Maas's direction at the December 20, 2013 conference (Transcript at 31).

        In addition to the items that will be listed on the privilege log, we are withholding 14 documents that were produced to Mr. Kadi's UK counsel in UK litigation to which Mr. Kadi was a party. We are obligated to withhold these documents because English law provides that a party who receives documents by way of disclosure in legal proceedings in England may use those documents only for the purposes of those same proceedings. The receiving party is under a legal obligation not to use the disclosed

Robert T. Haefele, Esq.                 -2-                 December 15, 2014
Sean P. Carter, Esq.

documents, copies of them, or information derived from them, for any other purpose. The rule is intended to protect the confidentiality of the other party's documents and the information contained within them. Breach of this rule by a client or his lawyers is a very serious matter and is punishable as a contempt of court.[1]

      Our client's possession of these documents came about as follows:

      In 1995 Mr. Kadi and others filed suit in London against the publishers of a London-based magazine called Africa Confidential and its editor, Patrick Smith, alleging that an article in Africa Confidential had defamed the plaintiffs. *Yassin Quadi and Others v. Blackwell Publishers Limited and Patrick Smith* [1995 Q. No. 1062]. A copy of the Statement of Claim is being produced and will be found at KADI0089639 *et seq*. The plaintiffs were represented by Carter-Ruck, a London law firm that is worldwide counsel for Mr. Kadi. In the course of discovery in that lawsuit, the defendants produced the documents in question. The proceedings concluded in 2001 with an apology by defendants, an undertaking not to republish the allegations, an acknowledgement that the allegations were without foundation, and the payment by defendants of a substantial sum of money. *See* Bates Nos. KADI0007880-81, KADI0007882-84.

      Also, as we stated in our initial response to your document requests, we have withheld correspondence between Mr. Kadi's London counsel and the U.N. ombudsperson, who has objected to disclosure of this material and has invoked Article VI, Section 22(c) of the Convention on the Privileges and Immunities of the United Nations, to which the United States is a party.

      Recently Mr. Kadi was delisted by OFAC. Its letter informing Mr. Kadi's counsel of this decision, which is undated but which was received November 26, 2014, can be found at KADI0103660.

      Finally, we must address again the issue of plaintiffs' compliance with our discovery requests. Plaintiffs have made only one production of documents, in late 2013,

---

[1] Prior to 1999, English common law prohibited the use of documents disclosed in litigation for purposes outside the scope of that litigation, as an "implied undertaking". The pre-1999 law is described in *Sybron Corp. v Barclays Bank Plc*, [1985] 1 Ch. 299, 315, 318, 320-23 (copy attached). See also Paul Matthews & Hodge M. Malek, *Disclosure* 517-24 (pages accessed November 17, 2014 at http://books.google.com/books?id=fCLx6DIspBcC&pg=PA522&lpg=PA522&dq=Sybron+Corp.+v+Barclays+Bank+Plc+1985&source=bl&ots=NWN_fr2jRD&sig=I5jtab6r-vFHcLjchsxZD9HpnJ0&hl=en&sa=X&ei=NV1qVIXbDI2zyATPyIDwCg&ved=0CCoQ6AEwAg#v=onepage&q=Sybron%20Corp.%20v%20Barclays%20Bank%20Plc%201985&f=false

      This rule prohibiting disclosure was codified in Court Procedure Rule 31.22(1) in 1999 (accessed November 17, 2014 at http://www.justice.gov.uk/courts/procedure-rules/civil/rules/part31#31.22).

Robert T. Haefele, Esq.  -3-  December 15, 2014
Sean P. Carter, Esq.

in response to Mr. Kadi's document requests. We have written letters dated December 12, 2013 to both of you, and May 7, 2014 and September 9, 2014 to Scott, asking, among other things, whether plaintiffs possess additional responsive non-privileged documents, and that plaintiffs comply with Judge Maas's direction referred to above that as to each objection (other than for privilege) you state whether documents are being withheld on the basis of that objection. The only response we have received is from Scott on January 17, 2014 stating that no documents were then being withheld on the basis of the objection that our document requests were "disguised contention interrogatories." We think it is time for plaintiffs to confirm whether or not they are withholding documents pursuant to any other objections, and to state either that they will be producing more documents, and when, or that they will not.

We also need to know whether plaintiffs intend to respond to Mr. Kadi's Interrogatories, dated September 30, 2013, and if plaintiffs intend to respond, a projected date for such a response. If Plaintiffs do not intend to respond to our Interrogatories, we believe it is time to start the meet-and-confer process.

We look forward to hearing from you.

Sincerely,

Peter C. Salerno

Attachments

cc w/ att:  Defense Counsel