UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

------------------------------------- x

MEMORANDUM OPINION AND
ORDER

03 MDL 1570 (GBD) (FM)

This document relates to:

*Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD) (FM)

*Federal Insurance Co. v. al Qaida*, 03-cv-6978 (GBD) (FM)



GEORGE B. DANIELS, District Judge:

    On December 28, 2015, Magistrate Judge Maas issued a Report and Recommendation concerning the motions of certain plaintiffs in *Ashton v. al Qaeda Islamic Army*, 02-cv-6977 (GBD) (FM) ("*Ashton*") and *Federal Insurance Co. v. al Qaida*, 03-cv-6978 (GBD) (FM) ("*Federal Insurance*") for assessments of damages in relation to certain categories of their claims against Iran. (Report and Recommendation ("Report"), (ECF No. 3175).) In particular, those applications sought an assessment of damages in favor of the wrongful death plaintiffs in *Ashton* solely as to the pre-death conscious pain and suffering components of their claims, and an assessment of damages in favor of certain of the *Federal Insurance* plaintiffs relative to their property damage claims.

    The Report recommended that each of the *Ashton* plaintiffs should be awarded $2 million for their decedents' conscious pain and suffering, plus an additional $6.88 million in punitive damages, for a total of $8.88 million per estate, and, a collective default judgment in the amount of $7,556,880,000. (*Id.* at 3.) With regard to the *Federal Insurance* plaintiffs, the Report recommended they be awarded a default judgment in the amount of $3,040,998,426.03. (*Id.* at 9.) The Report also recommended that to the extent that the plaintiffs' claims arise out of injuries in

New York State, they should be awarded prejudgment interest at the statutory simple interest rate of nine percent per annum from September 1, 2001, though the date judgment is entered. (*Id.* at 9-10.) To the extent that the claims arise out of injuries occurring elsewhere, the Report recommended awarding interest for the same period at the rate of 4.96 percent per annum, compounded annually should this Court deem annually compounded interest appropriate. (*Id.* at 10.)

The Report advised that failure to object within fourteen days would preclude appellate review. (*Id.*) The plaintiffs in *Havlish, et al. v. bin Laden, et al.*, 03-cv-9848 (GBD) (FM) ("*Havlish*") and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 11-cv-7550 (GBD) (FM) ("*Hoglan*") timely filed objections to the awards recommended in favor of seven estates that are plaintiffs in the *Ashton* case, on the grounds that those estates are also plaintiffs in the *Havlish* or *Hoglan* actions. (Rule 72(b) Objections of the Havlish and Hoglan Plaintiffs, (ECF Nos. 3192-3193).) Counsel for the *Ashton*, *Havlish*, and *Hoglan* plaintiffs have resolved the potential dual recovery issues amicably, and this Court has since issued an Amended Order of Judgment addressing the issue. (*See* Amended Order of Judgment, (ECF No. 3226).) No other objections have been filed.

Courts "may accept, reject, or modify, in whole or in part, the findings and recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Courts must review *de novo* the portions of a magistrate judge's report to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir.2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object and conduct *de novo* review

2

if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F .3d 162, 174 (2d Cir. 2000). No such error appears here. This Court adopts the findings and recommendation set forth in the Report in their entirety, as amended. (*See* Amended Order of Judgment, (ECF No. 3226).)

## CONCLUSION

The *Ashton* plaintiffs are awarded a default judgment against Iran in the amount of $7,494,720,000. The *Federal Insurance* plaintiffs are awarded a default judgment against Iran in the amount of $3,040,998,426.03.

Dated: March 9, 2016
New York, New York

SO ORDERED:

GEORGE B. DANIELS
United States District Judge