UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: FEB 14 2020
```

------------------------------------
IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

------------------------------------x

This document relates to:

*Ashton et al v. al Qaeda Islamic Army, et al.*, 02 Civ. 6977 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge

On July 31, 2019, the *Ashton* Plaintiffs moved this Court to issue final judgments against the Islamic Republic of Iran and award solatium damages for the losses suffered by certain non-immediate family members of victims killed in the September 11, 2001 terrorist attacks. (The *Ashton XIII* Wrongful Death Pls.' Mot. for Final Js., ECF No. 4718.)[1] Plaintiffs principally argue that the listed claimants[2] are the "functional equivalents" of immediate family members of certain decedents. (*Id.* at 10–16.)  Before this Court is Magistrate Judge Sarah Netburn's December 19, 2019 Report and Recommendation (the "Report"), recommending that this Court grant in part and deny in part Plaintiffs' motion. (Report, ECF No. 5387, at 8.) This Court ADOPTS Magistrate Judge Netburn's Report, as it pertains to Plaintiffs James Della Bella, Jason Schoenholtz, and Terrence M. Smith, Jr.[3]

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, 03 MDL 1570 (GBD) (SN).

[2] Plaintiffs' motion covers a total of seven claimants, including one granddaughter, three nephews, and three step-relatives to various individuals killed in the September 11, 2001 terrorist attacks. Solely the claims pertaining to the three step-relatives are relevant for the purposes of this order.

[3] On January 22, 2020, Plaintiffs filed a letter requesting an extension of time to object to the Report, (ECF No. 5717), which this Court granted on January 30, 2020, (ECF No. 5786). On February 7,

1

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, this Court reviews the Report for clear error.

## II. MAGISTRATE JUDGE NETBURN PROPERLY APPLIED THE FUNCTIONAL EQUIVALENTS FRAMEWORK TO THE PLAINTIFFS

On July 30, 2012, Magistrate Judge Frank Maas established a framework to award solatium damages to immediate family members of a September 11, 2001 decedent, which this Court adopted on October 3, 2012. (R. & R. to the Honorable George B. Daniels, ECF No. 2618, *adopted by* Mem. Decision and Order, ECF No. 2623.) This framework specifically outlined the solatium awards for a decedent's spouse, parent, child, and sibling, and is as follows:

---

2020, Plaintiffs filed a second letter, clarifying that their request "pertained only to those plaintiffs whose claims had been denied in their entirety." (ECF No. 5880.) Therefore, at this time, this Court will reserve judgment on Plaintiffs Alexandria Catalano, Mariano D'Alessandro, Aaron Pagan, and Julian Perez.

2

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

(*Id.*) This Court later detailed a framework for granting solatium damages to non-immediate family members of September 11, 2001 victims, which allows individuals to recover so long as they are "functional equivalents" of immediate family members. (*See* Report at 1 (citing *Hoglan II*, R. & R. dated Oct. 14, 2016, ECF No. 3363, *adopted by* Mem. Decision and Order dated Oct. 31, 2016, ECF No. 3384; *Hoglan IV*, R. & R. dated Aug. 8, 2017 ("*Hoglan IV* Report"), ECF No. 3676, *adopted by* Mem. Decision and Order dated Nov. 17, 2017, ECF No. 3795).)

## A. The Report Properly Found That Jason Schoenholtz is a Functional Equivalent of an Immediate Family Member to the Decedent and Properly Limited the Amount of Damages to Which He is Entitled.

Magistrate Judge Netburn found that Jason Schoenholtz is a functional equivalent of an immediate family member to his stepbrother Alexander ("Alex") Steinman. The Report recommends that the solatium damages amount be reduced to $2,125,000, as opposed to the $4,250,000 award typically granted to functional equivalents of siblings, in light of the fact that Schoenholtz and Steinman did not begin living in the same home until Steinman was fourteen years old. (Report at 7.) This comports with the framework set out in the *Hoglan IV* Report, which determined that "stepsiblings who became part of the family when the decedent had passed early childhood but was still living in the family home (ages nine and

3

above) may be entitled to solatium damages reduced by one-half." (*Hoglan IV* Report at 13.) Therefore, this Court finds that Magistrate Judge Netburn did not act clearly erroneously in limiting the damages awards to Schoenholtz.

### B. The Report Properly Determined That the Remaining Plaintiffs Are Functional Equivalents of Immediate Family Members to the Decedents.

Regarding the remaining individuals seeking solatium damages as functional equivalents, the Report accurately describes and analyzes each relationship with the relevant decedent, and properly finds that each Plaintiff is a functional equivalent of an immediate family member. Magistrate Judge Netburn appropriately found that each Plaintiff is entitled to the solatium damages amounts listed in Exhibit A. (Report at 4; 7–8.) Finally, Magistrate Judge Netburn accurately found that "Plaintiffs should be awarded prejudgment interest on these damages from September 11, 2001, through the date of judgment, at a rate of 4.96 percent per annum, compounded annually." (*Id.* at 8.)

### III. CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 4718), is GRANTED as it pertains to Plaintiffs James Della Bella, Jason Schoenholtz, and Terrence M. Smith, Jr. It is

**ORDERED** that the *Ashton* Plaintiffs identified in the attached Exhibit A are awarded judgment for solatium damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for solatium and/or economic damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

4

Dated: February 14, 2020
    New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

|   | 9/11 Decedent | Plaintiff | Relationship | Solatium Damages Amount |
|---|---|---|---|---|
| 3 | Andrea Della Bella | James Della Bella | Stepchild | $8,500,000 |
| 6 | Alexander Steinman | Jason Schoenholtz | Stepsibling | $2,125,000 |
| 7 | William W. Haynes | Terrence M. Smith, Jr. | Stepchild | $8,500,000 |