**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

**Declaration of Frank H. Granito, III, in Support of the *Burlingame II* Wrongful Death and Personal Injury Plaintiffs' Motion for Final Judgments Against the Taliban and Muhammad Omar**

I, FRANK H. GRANITO, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1. I am an attorney representing the plaintiffs in the above-referenced matter (the "*Burlingame* Plaintiffs") and I submit this declaration in support of the motion for final judgment against Defendants the Taliban and Muhammad Omar on behalf of the estates of those individuals murdered on September 11, 2001 ("*Burlingame* 9/11 Decedents"), and their immediate family members or functional equivalents. This motion seeks the following relief:

    a. awarding the Estates of 9/11 Decedents identified in Exhibits A-1 and A-2 (the "*Burlingame II* Plaintiffs"), through their personal representatives, and on behalf of all survivors and all legally entitled beneficiaries and family members of such 9/11 Decedents, damages for economic loss which will constitute partial final awards and judgments in the amounts set forth on Exhibits A-1 and A-2;[1]

    b. awarding the Plaintiffs identified on those exhibits pre-judgment interest at the

---

[1] A prior subset of *Burlingame* plaintiffs, which included the within named estates as well as others, previously moved the Court for damage judgments against the Taliban and Muhammad Omar in this matter. *See* 03-md-1570, ECF 7594, 7595. With respect to the current *Burlingame II* plaintiffs, the previous motion sought only non-economic damages for the pre-death pain and suffering of the decedents named in the instant motion and requested leave for all *Burlingame* plaintiffs to subsequently move the Court for economic damages, and other appropriate damages, to the extent not sought therein. The current motion seeking economic damages is filed pursuant to that request. *See id*.

rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

c. granting the Plaintiffs identified on those exhibits permission to seek punitive damages, economic damages (to the extent not requested in this motion), and other appropriate damages at a later date;

d. determining that service of process was properly effected upon the Taliban and Omar in accordance with this Court's Orders; and,

e. granting permission for all other *Burlingame* plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

a. The Court's order dated January 24, 2017 (ECF No. 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF No. 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment (or, if relief has been awarded, the nature of that relief)."[2]

Procedural Background:

3. On September 10, 2002, the *Burlingame* Plaintiffs filed their first complaint against the alleged sponsors of the September 11, 2001, terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and Muhammad Omar, among others. See 02-cv-7230 (S.D.N.Y.) ECF 1.[3] The *Burlingame* (02-cv-7230) and *Ashton* (02-cv-6977) matters were

---

[2] As described in note 1, *supra*, a previous motion seeking non-economic damages has been brought on behalf of the *Burlingame II* plaintiffs, though that motion did not seek the relief being sought herein, to wit, economic damages against the Taliban and Muhammad Omar resulting from the *Burlingame II* decedents' deaths. Aside from the previous motion seeking non-economic damages for pre-death pain and suffering, no other motion has been filed seeking the same relief on behalf of the plaintiffs listed on Exhibit A-1 and A-2.

[3] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

Ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al*. (hereinafter "Ashton") master docket number 02-cv-6977, with the filing of a consolidated master complaint, and attorney James Kreindler was appointed Liaison Counsel for the consolidated actions within the *Ashton* master complaint. See 02-cv-6977, ECF 5, Entered 11/19/2002. The *Burlingame* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. See, e.g., 02-cv-6977, Doc. No. 465, filed 03/30/2005. The master complaint was amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

4. Speiser Krause, PC represents some but not all of the plaintiffs set forth on the *Burlingame* complaints. I anticipate that counsel for the non-Speiser Krause plaintiffs on the *Burlingame* complaints to separately move for relief similar to what is sought in this motion.

5. Pursuant to this Court's order, the *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs) served the Taliban and Omar Defendants by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the Taliban and Omar Defendants, was provided on March 16, 2005, and March 31, 2005, with publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[4] The Taliban and Omar Defendants never answered, and the consolidated *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs) thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 et seq., 1797 (referring to the defendants listed in the corresponding Exhibit B to the *Ashton*

---

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

3

Plaintiffs' motion, including the Taliban and Omar Defendants).[5] That is, as of May 12, 2006, the *Ashton* Plaintiffs (including the *Burlingame* Plaintiffs) had a liability default judgment against the Taliban and Omar Defendants, among others.

6. The *Burlingame II* Plaintiffs now seek final damages judgments against those defendants.

Damages Due Diligence:

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for nearly 20 years; my firm's representation of the *Burlingame* Plaintiffs in connection with this litigation; communications directly from family members of the *Burlingame* 9/11 Decedents Plaintiffs listed in Exhibits A-1 and A-2; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Burlingame* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. All of the *Burlingame* 9/11 Decedents listed in Exhibits A-1 and A-2 died in the September 11, 2001 terrorist attacks. My law firm has been retained by the representatives of the estates of the *Burlingame* 9/11 Decedents listed in Exhibits A-1 and A-2 to represent those estates.

9. For the *Burlingame* 9/11 Decedents listed in Exhibit A-1, we have confirmed that the decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the

---

[5] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF 1797.

4

September 11, 2001 Victim Compensation Fund ("VCF")) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents. The 9/11 Decedents listed in Exhibit A-2 are either non-U.S. citizens killed on September 11, 2001, or decedents whose citizenship status at the time of death we have been unable to verify.

10. Exhibits A-1 and A-2 also set forth claims by the Personal Representatives of the Estates of the *Burlingame* 9/11 Decedents seeking an award of economic damages in the amounts listed therein. For those Estates seeking economic damages, such amounts sought are based upon economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, and each of those moving plaintiffs is now seeking a final order of damages in the amounts set forth on Exhibits A-1 and A-2.

11. In connection with the filing of claims to the September 11th Victim Compensation Fund on behalf of the decedents listed on Exhibit A-1 and A-2, the personal representatives of the decedents' estates obtained information and materials relevant to the calculation of economic loss attributable to their decedents' wrongful deaths as of the time their claims were submitted to the Victim Compensation Fund. That information has been provided to Gary Crakes, Ph.D, of Maher, Crakes and Associates, Economic Consultants. Dr. Crakes took the information that was obtained relevant to economic loss and prepared expert reports calculating the present value of the economic damages. Attached to each report is Dr. Crakes' curriculum vitae and a statement of Dr. Crakes' methodology. Because of their sheer volume and the confidential nature of their contents, Dr. Crakes' reports of the economic losses suffered as a result of the deaths of the wrongful deaths of the decedents on Exhibit A-1 and A-2 are being submitted to the Court separately, on compact

disc, as Exhibit B1-B-19 for filing under seal.

12.     The *Burlingame* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran for their pre-death conscious pain and suffering but have received no final judgment against either the Taliban or Omar Defendants, nor have they collected anything close to the full amounts of their judgments against Iran.[6]

13.     In order to allow them to proceed with satisfying any portion of the outstanding judgment amounts against the Taliban or Omar, the *Burlingame II* Plaintiffs respectfully request that this Court grant those *Burlingame* 9/11 Decedents whose estates are set forth in Exhibits A-1 and A-2 compensatory damages judgment that reflects the economic losses listed for each 9/11 Decedents.

14.     For any *Burlingame* Plaintiffs not set forth in the attached exhibits, including those represented by other counsel but consolidated on the *Ashton* complaint, and for any damages not included herein, we expect additional claims to be asserted.

15.     For all of the reasons set forth in this declaration and the *Burlingame II* Plaintiffs' Motion for Final Judgments against the Taliban and Omar, I respectfully request that this Court grant the proposed order filed herewith.

---

[6] A prior subset of *Burlingame* plaintiffs, which included the within named estates as well as others, previously moved the Court for damage judgments against the Taliban and Muhammad Omar in this matter. *See* 03-md-1570, ECF 7594, 7595. That motion has yet to be decided. With respect to the current *Burlingame II* plaintiffs, the previous motion sought only non-economic damages for the pre-death pain and suffering of the decedents named in the instant motion and requested leave for all *Burlingame* plaintiffs to subsequently move the Court for economic damages, and other appropriate damages, to the extent not sought therein. The current motion seeking only economic damages on behalf of the *Burlingame II* plaintiffs is filed pursuant to that request. *See id*. A review of the Court's docket has revealed no other request for the relief sought herein.

Dated: January 28, 2022
      Rye Brook, NY

                                                              /s/ Frank H. Granito
                                                                    Frank H. Granito