UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/5/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton, et al. v. al Qaeda Islamic Army, et al., 02-cv-6977
    Burlingame, et al. v. Bin Laden, et al., 02-cv-7230
    Havlish, et al. v. Bin Laden, et. al., 03-cv-9848

    Plaintiffs (the "Burlingame Plaintiffs") in Ashton, et al. v. al Qaeda Islamic Army, et al., 02-cv-6977, and member case Burlingame, et al. v. Bin Laden, et al., 02-cv-7230, move for default judgment against the Taliban. ECF No. 7678. The request in this motion goes well beyond the proper scope of relief and is denied without prejudice to renew.

    Besides asking for damages, Burlingame Plaintiffs ask the Court to "[c]larify[] that the liability judgment against the Taliban and Omar Defendants are based on claims against 'non-foreign-sovereign' defendants (the Foreign Sovereign Immunities Act has no applicability) that are governed by the Anti-Terrorism Act (the 'ATA'), 18 U.S.C. § 2333, and traditional wrongful death causes of action (see *infra*, pp. 4-11)." ECF No. 7678 at 2; see also ECF No. 7683 at ¶¶ 8–37 (supporting declaration discussing these issues further).

    The "clarification" sought by this request and its supporting papers attacks the propriety of various default judgments already entered in this case and the legal theories advanced by the Plaintiffs' Executive Committees ("PECs") in seeking those judgments. Counsel for the Burlingame Plaintiffs has also raised these concerns in a separate subsequent letter filed in one of

the member cases in this multidistrict litigation. See <u>Havlish, et al. v. Bin Laden, et. al.</u>, 03-cv-9848, ECF No. 615.

The Court takes no posture on the issues raised by the <u>Burlingame</u> Plaintiffs. What is plainly inappropriate, however, is the attempt to use a default judgment motion as a backdoor effort to seek an opinion on judgments sought or received by other parties in this case. This is particularly inappropriate here because, as <u>Burlingame</u> Plaintiffs' counsel is aware, other plaintiffs' attorneys in this case disagree with <u>Burlingame</u> Plaintiffs' position on these issues and a default judgment motion does not provide the appropriate vehicle for them to be heard on any attacks on their proposed judgments.

Accordingly, the <u>Burlingame</u> Plaintiffs' motion for a default judgment is denied without prejudice to renew through a motion with a properly limited scope. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 7678.

**SO ORDERED.**

Dated: May 5, 2022
       New York, New York

_____
SARAH NETBURN
United States Magistrate Judge