UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton, et al., v. al Qaeda Islamic Army, et al., No. 02-cv-6977
    Schneider, et al., v. al Qaeda Islamic Army, et al., No. 02-cv-7209
    Bauer, et al., v. al Qaeda Islamic Army, et al., No. 02-cv-7236
    Burlingame, et al., v. Bin Laden, et al., No. 02-cv-7230
    Burnett, et al., v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-9849
    Estate of John P. O'Neil, Sr., et al., v. the Republic of Iraq, et al., No. 04-cv-1076
    Hoglan, et al. v. Islamic Republic of Iran et al., No. 11-cv-07550
    Ryan, et al., v. Islamic Republic of Iran, et al., No. 20-cv-0266
    Hamilton, et al., v. Islamic Republic of Iran, No. 20-cv-10366

The fall of Afghanistan to the Taliban prompted numerous motions for default judgments against this terror group. Default judgments have already been issued against the Islamic Republic of Iran, and many of these new defaults follow the form of those motions. The Court's review, however, demonstrates that this format is not viable for a non-sovereign defendant like the Taliban. Additionally, the format of these motions, particularly when applied to thousands of plaintiffs, makes it impossible for the Court to adjudicate these motions efficiently. Accordingly, the pending default judgment motions against the Taliban are denied with leave to refile according to this Order's requirements.

The plaintiffs in Burnett, et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-9849, (the "Burnett Plaintiffs") also request guidance on obtaining default for plaintiffs who are not a

party to an action against the Taliban or whose motion requires a case-by-case adjudication. The Court also addresses these issues. ECF No. 7847.

## BACKGROUND

The Court assumes familiarity with the general background of this multidistrict litigation ("MDL"). It addresses only the facts germane to this order. These default judgments came about because of the collapse of Afghanistan and concomitant rise of the Taliban. In August 2021, the Islamic Republic of Afghanistan, Afghanistan's former government, fell after a sustained Taliban assault. Very shortly after, plaintiffs in the Havlish member case, who had a default judgment against the Taliban, obtained a writ of execution. This writ targets assets held by Da Afghanistan Bank, the Afghan central bank. On the heels of that writ, a large number of plaintiffs moved for similar default judgments against the Taliban. ECF Nos. 7489, 7516, 7594, 7634, 7652, 7756, 7758, 7805, 7843, 7847. These defaults seek economic, compensatory, and solatium damages. Some also seek treble damages under the Antiterrorism Act ("ATA").

The Burnett Plaintiffs make two further requests. First, they ask the Court to extend liability and damages determinations to entities that are not presently included in actions against the Taliban. Second, they request guidance on applying for default judgments for plaintiffs with personal injury claims against the Taliban, and claims based on a plaintiff being functionally equivalent to the immediate family of a person who died in the September 11 terrorist attacks.

## DISCUSSION

**I.   Default Judgment Format For Non-Sovereign Defendants**

The default judgment motions made by the plaintiffs do not provide the Court with sufficient information to adjudicate these motions accurately or efficiently. The parties seek damages against the Taliban on a variety of theories of liability including the ATA. Under this statute "[a]ny national of the United States injured in his or her person, property . . . shall recover

2

threefold the damages he or she sustains and the cost of the suit, including attorney's fees." 18 U.S.C. § 2333(a). "Shall" indicates awarding treble damages is mandatory if liability is established. United States v. Kahn, 5 F.4th 167, 174 (2d Cir. 2021) ("The word 'shall,' in a statute, indicates a command; what follows the word 'shall' is 'mandatory, not precatory.'") (quoting Mach Mining, LLC v. Equal Employment Opportunity Commission, 575 U.S. 480, 486 (2015)).

In several of the pending requests, the plaintiffs' complaint includes a cause of action under the ATA. See, e.g., ECF No. 1463 at ¶¶ 476–79. Judgments, however, are sought on behalf of both parties who are eligible for the ATA's mandatory treble damages award and parties who are not be eligible because neither they nor any relevant decedent is a U.S. national. Thus, to accurately assess when the ATA's mandatory treble damages provision applies to a plaintiff, the Court needs to know whether a party seeks damages under the ATA, and if so, the U.S. national status of the party and any relevant decedent. The existing motions do not consistently provide this information.

Additionally, these motions do not contain sufficient information for the Court to adjudicate these motions efficiently. Several motions seek damages based on a prior award against Iran. Supporting materials, however, frequently do not indicate where the document reflecting that award is on ECF. In several cases, a party's name is listed differently on that original award and the one now sought. It is also unclear from the parties' papers if a plaintiff was added to a complaint against the Taliban and if so, where and when they were added. The Court has addressed issues such as these in default actions against Iran with case-by-case orders. Even with the aid of a special master, this one-off approach is not viable where defaults are being sought for several thousand plaintiffs simultaneously.

Given these issues, all future motions for default against non-sovereign defendants shall comply with the requirements in this section. Motions for default judgments against non-sovereign defendants must include the following information as part of the supporting exhibits for each plaintiff for whom a judgment is sought:

- The ECF number of the document adding the plaintiff to the complaint against the relevant defendant. It is not sufficient that a plaintiff was added to an action against a different defendant;[1]

- The ECF number of the document (if any) determining liability between that plaintiff and defendant;

- The nationality of the plaintiff and any decedent relevant to the adjudication of liability and damages;

- The cause of action or causes of action for which the plaintiffs seek damages, including whether damages are sought under the ATA. If damages for multiple causes of action are identical, only the causes of action relevant to the sum of damages sought must be listed;

- If damages are sought under the ATA, the calculation of trebled damages;

- If damages are sought based in part on a prior award of damages (e.g., personal injury or economic damages), the case and ECF numbers of that award;

- If damages or liability are sought in part based on a prior entry of default judgment, and the plaintiff's name differs, the name under which judgment was previously entered as well as an affirmation in the supporting declaration that all such parties are the same;[2] and

- If damages are sought based in part on a prior determination that the plaintiff is functionally equivalent to an immediate family member, the case and ECF numbers of that determination.

---

[1] Several short form complaints and notices of amendment authorized by the Court note that the complaint or amendment relates solely to a specific defendant and does not apply to any other defendant. See, e.g., ECF No. 5234 at 7, 26, 31.

[2] This requirement may be relevant when a default judgment was obtained for a minor child, referred to only by their initials, who now moves under their full name. Another example is when the plaintiff's name has changed in the intervening years.

For all ECF citations, if the document is not contained on the main MDL docket, 03-md-1570, then it should also include the case number.

Proposed orders granting default judgment must indicate that it is not binding on the determination of damages for defendants besides the one against whom default judgment is being sought. See, e.g., ECF No. 2582 at 3. It must also identify which motions should be terminated by the Court's order. This includes the motions on both the MDL docket and on the docket for the supporting member cases.

All requests for default judgments must also comply with the other safeguards for default judgments ordered by this Court and the requirements for default judgments in this District's Local Rules and Electronic Case Filing rules.

Finally, the Court has, and will continue to permit parties to seek different types of damages iteratively (*e.g.*, seeking solatium damages in one motion and economic damages in another). For each type of damage sought, however, any trebling must be sought as part of the default judgment motion seeking that type of damage. For example, if a party seeks solatium damages as part of an ATA claim, those damages must be trebled. A party may not seek solatium damages in one partial default judgment motion and then seek to treble them as part of a separate default judgment motion. They may, consistent with prior practice, seek treble solatium damages as part of default judgment request and then a separate type of treble damages such as economic damages as part of a separate request.

None of the present motions for default judgment, collected in Table 1, substantially complies with these requirements. Accordingly, they are dismissed without prejudice and with leave to refile under the terms of this order.

| Table 1: Motions to Be Dismissed Without Prejudice to Renew ||
| :---: | :---: |
| **MDL Motion (ECF No. )** | **Supporting Motions (ECF No.)** |
| 7489 | Ashton, No. 02-cv-6977, 1576 |
| 7516 | Ashton, No. 02-cv-6977, 1581<br>Bauer, No. 02-cv-7236, 132 |
| 7594 | Ashton, No. 02-cv-6977, 1588<br>Burlingame, No. 02-cv-7230, 182 |
| 7634 | Ashton, No. 02-cv-6977, 1597<br>Burlingame, No. 02-cv-7230, 187 |
| 7652 | O'Neil, No. 04-cv-1076, 604 |
| 7756 | Ashton, No. 02-cv-6977, 1616<br>Burlingame, No. 02-cv-7230, 194<br>Ryan, No. 20-cv-0266, 80 |
| 7758 | Ashton, No. 02-cv-6977, 1618<br>Bauer, No. 02-cv-7236, 139<br>Ryan, No. 20-cv-0266, 82 |
| 7805[3] | Schneider, No. 02-cv-7209, 76<br>Hamilton, No. 20-cv-10366, 39, 40<br>Hoglan, No. 11-cv-07550, 381, 382 |
| 7843 | Burnett, No. 03-cv-9849, 958 |
| 7847 | Burnett, No. 03-cv-9849, 962 |
| 8181 | O'Neil, No. 04-cv-1076, 646 |

II.  **Extension of Awards to Non-Appearing Parties**

The Burnett Plaintiffs request default judgments for plaintiffs who have not been added to a complaint against the Taliban. The Court has identified no precedent that would permit this request. It is therefore denied.

---

[3] It appears that this motion was filed in error in several unrelated cases. See, e.g., Hamilton, et al. v. Islamic Republic of Iran, No. 20-cv-10366, ECF Nos. 39, 40.

The Burnett Plaintiffs' argument relies on the default judgment granted to them against the Taliban. ECF No. 1756. This granted a judgment for several thousand named parties.[4] It also included an entry for "ADDITIONAL PLAINTIFFS #1 THRU 5,000 (AP200 thru AP5,200)" ("ADDITIONAL PLAINTIFFS").[5] They do not argue that "ADDITIONAL PLAINTIFFS" refers to actual parties who proceeded under a pseudonym or who were not named but whose interests were represented by a named party. See ECF No. 7848 at 13. Rather, they argue that this language allows parties with comparable claims against the Taliban to retroactively obtain awards based on the entry of a default that they were not named in. In effect, they argue that "ADDITIONAL PLAINTIFFS" has covertly converted Burnett into a class action.

The Burnett Plaintiffs have identified no precedent suggesting that one may initiate a lawsuit with a placeholder for an unknown and unidentified set of plaintiffs, obtain a default judgment for them, then retroactively adopt suitable litigants. Approving this would contradict foundational concepts of federal civil litigation. If permitted, it would make assessing subject matter jurisdiction in diversity cases impossible because the litigants and their citizenship are unknown. It would undercut Rule 23's class action procedures by allowing actions by a broad mass of unknown parties who could proceed without that Rule's safeguards. It would make the application of *res judicata* unworkable if parties to a judgment are determined retroactively.

---

[4] The supporting exhibit for that judgment is not on ECF. ECF No. 1756. The Burnett Plaintiffs report that the judgment was for 5,513 named plaintiffs. ECF No. 7848 at 5 n.6.

[5] This exhibit is not on ECF. It appears in the amended complaint in that matter, which was filed in the District Court for the District of Columbia. Burnett, et al. v. Al Barak Inv. & Dev. Corp., et al., No. 02-cv-1616 (Aug. 15, 2002), ECF No. 29 at 189. Nothing in that complaint clarifies the meaning of "ADDITIONAL PLAINTIFFS #1 THRU 5,000 (AP200 thru AP5,200)."

The Court recognizes that many plaintiffs wish to participate in this action. It will entertain reasonable proposals to facilitate this. These proposals, however, must conform to the basic requirements of civil litigation.

### III. Applications for Personal Injury and Functional Equivalent Family Members

The Burnett Plaintiffs also request guidance on applying for default judgments for plaintiffs whose award require particularized consideration. These are primarily plaintiffs seeking damages for personal injuries sustained on September 11 or on the basis that they are functionally equivalent to an immediate family member who died. ECF No. 7848 at 10–13. The Burnett Plaintiffs suggest that it may be appropriate to appoint a special master to adjudicate these claims. Id. at 12.

The Court has a framework for motions seeking damages for personal injuries or based on the functional equivalent status of the claimant. See, e.g., ECF No. 7323 (personal injury defaults), 5483 (functional equivalents). This is the proper mechanism for adjudicating these claims and the Court does not find that a special master will aid in this adjudication at this time.

### CONCLUSION

The motions in Table 1 are dismissed without prejudice to renew. The Clerk of the Court is respectfully directed to terminate them. These motions may be refiled in compliance with this order. This order applies to all future motions seeking default judgments against non-sovereign defendants.

**SO ORDERED.**

Dated: July 11, 2022
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge