**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member case *Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))

**Supplemental Declaration of John F. Schutty**
**in Support of Certain *Ashton* Wrongful Death Plaintiffs'**
**Amended Motion for Final Judgments Against the Taliban and Muhammad Omar**

I, JOHN F. SCHUTTY, ESQ., pursuant to 28 U.S.C. § 1746, hereby state under the penalty of perjury that:

1. I am an attorney representing certain Plaintiffs in the above-referenced matter (the "*Ashton* Plaintiffs").

2. I submit this Supplemental Declaration in support of the amended motion for final judgment (MDL ECF#7678 and ECF#1586 in 1:02-cv-06977-GBD-SN) on behalf of various Estates of decedents described below, all of whom perished at the World Trade Center as a result of the terrorist acts perpetrated on September 11, 2001. *This motion is supplemented and amended to provide the Court with proof of the individual plaintiffs authority to pursue wrongful death damages and to make clear that these plaintiffs are seeking an award of treble damages in addition to the damages previously claimed.*

3. In support of this application, and for the convenience of this Court, I am separately filing a "Proposed Amended Order for the Entry of Partial Final Judgments Against the Taliban and Muhammad Omar Defendants" including the request for treble damages, and the "Personal Representative" appointment orders issued by New York State Surrogates Court on behalf of the

following Estates:

    a. The Estate of Joseph D. Dickey (previously described within the Irene Dickey Declaration – see Personal Representative appointment order attached hereto as Exhibit A);

    b. The Estate of Robert D. Eaton (previously described within the Jacqueline Eaton Declaration – see Personal Representative appointment order attached hereto as Exhibit B);

    c. The Estate of James J. Kelly (previously described within the Joanne Kelly Declaration – see Personal Representative appointment order attached hereto as Exhibit C);

    d. The Estate of Timothy M. O'Brien (previously described within the Lisa O'Brien Declaration – see Personal Representative appointment order attached hereto as Exhibit D);

    e. The Estate of Michael H. Seaman (previously described within the Dara Seaman Declaration – see Personal Representative appointment order attached hereto as Exhibit E);

    f. The Estate of Robert F. Sliwak (previously described within the Susan Sliwak Declaration – see Personal Representative appointment order attached hereto as Exhibit F);

    g. The Estate of John Wallice, Jr. (previously described within the Allison Wallice Declaration – see Personal Representative appointment order attached hereto as Exhibit G); and

    h. The Estate of Farrell Lynch (previously described within the Eileen Lynch Declaration – see Personal Representative appointment order attached as

Exhibit H).

4.     The form of this amended motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief).[1]

5.     The D&I PEC has argued that one lawsuit, filed broadly on behalf of an "estate," should be deemed an action filed on behalf of "all survivors" (undefined) of the decedent. *See, e.g.*, ECF#5095 at 1, 5096 at 1 and 5097 at 1; *see also* recent, belated filing by 2,900 plaintiffs seeking to be added to the litigation against The Taliban – MDL ECF#7654, 7657 and 7660.

6.     My clients have objected to this suggestion, contending that a "personal representative" appointed under New York State law (or other domicile state law) is the *only* authorized person to represent those individuals expressly within the "estate" of their decedent as defined in N.Y. Estate Powers & Trusts Law § 5-4.4. This objection has, thus far, been ignored (and thousands of parents and siblings have been added belatedly to this litigation).

**<u>Claim for Treble Damages</u>**

7.     The Anti-Terrorism Act (the "ATA"), 18 U.S.C. § 2333 provides (emphasis added):

*Any national* of the United States injured in his or her person, property, or business by reason of an act of international terrorism, *or his or her estate, survivors, or heirs*, may sue therefor in any appropriate district court of the United States *and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees*.

8.     In this MDL litigation, plaintiffs claiming on behalf of 9/11 decedents have asserted causes of action based on both state wrongful death law and the ATA.

9.     This Supplemental Declaration is being filed to ensure that treble damages ("threefold the damages") are awarded on any award to my clients against the Taliban and Muhammad Omar

---

[1]    References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by the MDL ECF number; references to individual civil case docket entries are preceded by the case number.

Defendants.

**Damages Due Diligence:**

10. As to the damages claimed herein, the sources of my information and the basis for my belief in my statements contained herein are: (a) my personal involvement in this litigation and my regular review of the MDL docket; (b) my representation of the *Ashton* Plaintiffs in connection with this litigation; (c) my communications directly with family members of the *Ashton* 9/11 Decedents listed in Exhibit A through Exhibit H; (d) my communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, (e) documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

11. All of the *Ashton* 9/11 Decedents listed in the accompanying Proposed Order and attached Exhibit I died in the September 11, 2001 terrorist attacks. My law firm has been retained by the representatives of the Estates of the *Ashton* 9/11 Decedents listed in Exhibit A through Exhibit H to represent those Estates.

12. For the *Ashton* 9/11 Decedents listed in Exhibit I, we have confirmed that the decedent was a United States national as of September 11, 2001, based on documentary evidence (such as copies of birth certificates, passports and /or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")), or personal interviews and/or written communications with the Personal Representatives of the Estates of those 9/11 Decedents.

13. Exhibit I sets forth the same compensatory damages amount this Court previously awarded to the Estates of the *Ashton* 9/11 Decedents herein for conscious pain and suffering in connection with claims asserted against the Defendant Islamic Republic of Iran ("Iran"). We expressly acknowledge that solatium damages may not be recovered if this Court strictly applies New

York State law.

14.     The *Ashton* Plaintiffs described within the Exhibits to this Supplemental Declaration have received final judgments against Iran but have received no final judgment against the *Taliban* or *Omar* Defendants, nor have they collected anything close to the full amounts of their judgments against Iran.

15.     For all of the reasons set forth in this Supplemental Declaration and within the *Ashton* Plaintiffs' Motion for Final Judgments against the *Taliban* and *Omar* Defendants, I respectfully request that this Court grant the instant motion and sign the Proposed Order filed herewith.

Dated: July 19, 2022
    New York, New York

                                                 /s/ *John F. Schutty*
                                                    John F. Schutty