UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
:
IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
:
------------------------------------x

This document relates to:

*Ashton, et al., v. Islamic Republic of Iran, et al.*, No. 02-cv-6977 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

On July 8, 2022, numerous Plaintiffs in the *Ashton* case referenced above moved for default judgments against the Islamic Republic of Iran, as well as economic and solatium damages resulting from the death of their loved ones killed in the September 11, 2001, terrorist attacks. (Pls.' Mot. for Default Js. as to *Ashton 24 Wrongful Death Plaintiffs*, ECF No. 8191.)[1] One Plaintiff, Shenan Bradhsaw, moves for solatium damages on grounds that her close relationship with a victim killed in the September 11, 2001, terrorist attacks merits a finding that she is functionally a family member of the victim ("functional equivalent"). (*Id.*) Before the Court is Magistrate Judge Sarah Netburn's July 26, 2022 Report and Recommendation (the "Report"), recommending that the Court grant Plaintiffs' motion in part and recommending the amounts in which each Plaintiff should be awarded solatium damages. (Report, ECF No. 8269, at 1.) Magistrate Judge Netburn advised the parties that

---

[1] All citations included herein refer to documents filed in the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN).

1

failure to file timely objections to the Report would constitute a waiver of those objections on appeal.[2] (*Id.* at 42.)

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

No party has filed any objections. Accordingly, after a clear error review the Court ADOPTS Magistrate Judge Netburn's Report in full.

## II. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HER RECOMMENDATIONS ON DAMAGES

Magistrate Judge Netburn did not commit clear error in finding that Plaintiffs properly served Iran and that Iran is liable to these Plaintiffs. Service was rightfully achieved by diplomatic means, and it has become well-established that Iran has yet to appear in this action. (Report at 2.) "The only outstanding question is [Plaintiffs'] damages." (*Id.* at 2.)

---

[2] Any objections are due by August 9, 2022. Given Defendant's default in all related cases, no objections from Defendant are expected. If any party files timely objections, the Court will reconsider that portion of this order.

There has been a long-established framework for solatium damages awarded to family members of victims who died from the 9/11 attacks. (*See* Report at 2-3; ECF No. 2623.) "Additionally, the Court has consistently authorized the award of economic damages caused by a decedent's wrongful death where those damage calculations are appropriately supported by expert testimony." (Report at 3.) There have been "limited circumstances…damages have been awarded to non-immediate family members who are the 'functional equivalent' of immediate family." (Report at 3.) On October 14, 2016, with refinements on August 8, 2017, this Court established a framework for determining if a Plaintiff is a functional equivalent of immediate family. (*See* ECF No. 3384; ECF No. 3795.)[3] Magistrate Judge Netburn Report correctly applied these same frameworks to the instant motion seeking damages for similar injuries. (Report at 4-13.)

Specifically, Magistrate Judge Netburn properly recommended awards of solatium damages for Plaintiffs listed in Exhibit A of this opinion. The Report did not err in finding that the *Ashton* Plaintiffs submitted affidavits regarding their compliance with safeguards ordered by this Court. (*See* Decl. in Supp. of Mot. for Final Default Js., ECF No. 8192.) Magistrate Judge Netburn also reviewed the evidentiary support Plaintiffs submitted through experts demonstrating economic damages. (Report at 3.)

As for Plaintiff Shenan Bradhsaw's request to be treated a functional equivalent, the Report accurately describes the relevant relationship and considers the relevant factors in evaluating whether the relationship was functionally equivalent. (Report at 3–6.) Specifically, Magistrate Judge Netburn carefully examined the delicate competing factors between Bradhsaw's relationship with her stepmother and her biological mother. Magistrate

---

[3] This framework has been used on four separate occasions. (*See, e.g.*, ECF No. 5950; ECF No. 5950.)

Judge Netburn did not commit a clear error in finding that an award of half solatium damages is appropriate for Bradshaw as listed in Exhibit A of this opinion. (*See* Report at 6.)

Additionally, Magistrate Judge Netburn appropriately found that (1) "Plaintiffs be awarded prejudgment interest on these damages from September 11, 2001, to the date of judgment, at a rate of 4.96 percent per annum, compounded annually;" (2) "Plaintiffs may apply for punitive, economic, and other damages at a later date;" and (3) "any [*Ashton*] plaintiffs not appearing in this Motion who were not previously awarded damages may still submit applications for damages awards in later stages." (*Id.* at 13-14.)

## III.   CONCLUSION

Plaintiffs' Motion for Final Judgments, (ECF No. 8191), is GRANTED. It is

**ORDERED** that the Plaintiffs identified in the attached Exhibit A are awarded judgments for pain and suffering damages as set forth in Exhibit A; and it is

**ORDERED** that prejudgment interest is awarded to be calculated at a rate of 4.96 percent per annum, all interest compounded annually over the same period; and it is

**ORDERED** that the Plaintiffs not appearing on Exhibit A and who were not previously awarded damages may submit in later stages applications for punitive, economic, and/or other damages awards that may be approved on the same basis as currently approved for those Plaintiffs appearing on Exhibit A or in prior filings.

The Clerk of Court is directed to close the motions in 03 MDL 1570, ECF No. 7987, and No. 02-cv-6977, ECF No. 1666.

Dated: **JUL 2 8 2022**
New York, New York

SO ORDERED.

*George B. Daniels*

GEORGE B. DANIELS
United States District Judge

# EXHIBIT A

**Table 1: Plaintiff Damages**

| Plaintiff | Decedent | ECF No. Reflecting Plaintiff's Addition to Ashton[3] | Solatium Relationship | Functional Equivalent | Prior Awards | Economic Damages | Solatium Damages | Total Judgment |
|---|---|---|---|---|---|---|---|---|
| Paula H. Cottoy | Conrod Cottoy Sr. | 465 | N/A | N/A | $2,000,000.00 | $683,023.00 | N/A | $2,683,023.00 |
| Victoria Higley | Robert Higley | 465 | N/A | N/A | $2,000,000.00 | $7,294,150.00 | N/A | $9,294,150.00 |
| Marjorie Miller | Joel Miller | 465 | N/A | N/A | $2,000,000.00 | $1,708,341.00 | N/A | $3,708,341.00 |
| Jennifer Mingione | Thomas Mingione | 465 | N/A | N/A | $2,000,000.00 | $5,366,845.00 | N/A | $7,366,845.00 |
| Merrilly E. Noeth | Michael Noeth | 465 | N/A | N/A | $2,000,000.00 | $762,237.00 | N/A | $2,762,237.00 |
| Emily Vega-Faltas | Harold Lizcano | 465 | N/A | N/A | $2,000,000.00 | $1,677,804.00 | N/A | $3,677,804.00 |
| Janine Snyder | Leonard J. Snyder Sr. | 465 | N/A | N/A | $2,000,000.00 | $7,430,264.00 | N/A | $9,430,264.00 |
| Ashley Amato | James M. Amato | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Katherine Amato | James M. Amato | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Sean Amato | James M. Amato | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Tara Amato | James M. Amato | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Michael Esposito | Michael Esposito | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Andrew Esposito | Michael Esposito | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Alexandra Fallone | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Katherine Fallone | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Patrick Fallone | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |

---

[3] All citations in this column are to the Ashton docket: 02-cv-6977.

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Anthony Fallone, III | Anthony Fallone | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Melissa A. Fatha Van Ness | Syed A. Fatha | 1658 | Spouse | N/A | N/A | N/A | $12,500,000.00 | N/A |
| Aaron Gill | Paul J. Gill | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Joshua Gill | Paul J. Gill | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Jennifer H. Castellano | Emeric J. Harvey | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Antoinette McCarthy | Emeric J. Harvey | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Hafeezah Legree | Anthony Hawkins | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Stephen C. LaMantia | Stephen LaMantia | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Emily LaMantia | Stephen LaMantia | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Lorraine H. Gardella | Diane T. Lipari | 1664 | Parent | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Lorraine A. Gardella | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Susan Kraljic | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Joseph Lipari | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Michael Lipari | Diane T. Lipari | 1664 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Christopher J. Maggitti | Joseph Maggitti | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Lauren Salbeck | Joseph Maggitti | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Christopher J. Monahan | John G. Monahan | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Terrence M. Monahan | John G. Monahan | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |

9

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Alexandra Morell | George W. Morell | 1658 | Personal Representative of the Estate of Anthony X. Morell, deceased Sibling of 9/11 Decedent George W. Morell | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Lisa P. Aram | Richard Prunty | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Christopher Prunty | Richard Prunty | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Jeanne Kennedy | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Christine Reilly | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Thomas E. Reilly | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| William J. Reilly | James B. Reilly | 1658 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Alex Ryjov | Tatiana Ryjova | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Daniel Ryjov | Tatiana Ryjova | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Aaron Sand | Eric Sand | 1664 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| John P. Sarle | Paul F. Sarle | 1516 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Leeann Sarle | Paul F. Sarle | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Paul J. Sarle | Paul F. Sarle | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Norma A. Sarle | Paul F. Sarle | 1573 | Parent | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Christopher Snyder | Leonard J. Snyder, Jr. | 1517 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Nicholas Torres | Luis E. Torres | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Kevin Torres | Luis E. Torres | 1658 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Priscilla Stumm | Martin Wohlforth | 1573 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |
| Elizabeth Tatsuno | Martin Wohlforth | 1573 | Sibling | N/A | N/A | N/A | $4,250,000.00 | N/A |

| Elizabeth C. Wohlforth | Martin Wohlforth | 1573 | Child | N/A | N/A | N/A | $8,500,000.00 | N/A |
| Shenan M. Bradshaw | Sandra W. Bradshaw | 1350 | Stepdaughter | Child | N/A | N/A | $4,250,000.00 | N/A |

11