UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/24/2022

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

> Ashton et al., v. al Qaeda Islamic Army, et al., No. 02-cv-6977
> Burlingame v. Bin Laden, et al., No. 02-cv-7230

Plaintiffs in Burlingame v. Bin Laden, et al., No. 02-cv-7230 (the "Burlingame Plaintiffs"), request several actions in connection with the process for briefing default judgment motions brought against the Taliban. ECF Nos. 8187, 8205. The Burlingame Plaintiffs request that the Court (1) permit them to submit "adversary" briefing on other plaintiffs' default judgment motions against the Taliban; (2) modify its case management orders on the format for default judgments against the Taliban; (3) issue an order determining the permissibility of certain default actions against the Taliban; and (4) grant them leave to file a Rule 60(b) motion challenging a judgment obtained by the plaintiffs in member case Havlish v. Bin Laden, et al., No. 03-cv-9848, ECF No. 317 (the "Havlish Judgment"), which was secured almost a decade ago. These requests are denied.

The Burlingame Plaintiffs lack standing to challenge other plaintiffs' default judgments through "adversary" briefing. They propose to challenge other plaintiffs' motions on the grounds that these claims against the Taliban are untimely and that these plaintiffs are not properly heirs of September 11 victims who may recover for their loss. ECF No. 8205 at 1–2.

A "plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." Sec'y of State of Md. v. Joseph H. Munson Co., 467 U.S. 947, 955 (1984) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)) (internal quotation omitted). This limit on third party standing is, admittedly, prudential. Id. at 956. There are "exceptions [that] permit third-party standing where the plaintiff can demonstrate (1) a close relationship to the injured party and (2) a barrier to the injured party's ability to assert its own interests." W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP, 549 F.3d 100, 109 (2d Cir. 2008).

The Burlingame Plaintiffs do not have a "close relationship" with the Taliban. They are Taliban victims with their own claims against the group. They seek to assert the Taliban's defenses against other terror victims in order to improve their own prospects of recovery. ECF No. 8187 at 1 ("With the Taliban in default, some 'adversary' party needs to advise the Court when certain plaintiffs, lacking standing and timely claims, seek money from a 'limited fund,' or those invalid claims will take money from court-authorized plaintiffs with timely, long-standing claims.") This purely adversarial relationship cannot support third-party standing.

Turning to the Burlingame Plaintiffs' other requests, the Court does not see any need to modify its case management order at ECF No. 8198 at this time. Additionally, an order preemptively determining the standing and timeliness of all potential claims against the Taliban is not appropriate. The Court doubts that a single order could comprehensively or fairly address the full array of potential claims and claimants who might seek defaults.

Finally, leave to file a Rule 60(b) motion is inappropriate as all deadlines for such a motion have passed. The Havlish Judgment the Burlingame Plaintiffs propose to challenge was entered nearly a decade ago. ECF No. 2624. Rule 60(c)(1) provides that motions "under Rule

60(b) must be made within a reasonable time--and for reasons [of mistake, surprise new evidence, or fraud] no more than a year after the entry of the judgment or order or the date of the proceeding." "The one-year limitation period for Rule 60(b) motions is absolute" and has clearly elapsed. Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc., 466 F.3d 97, 100 (2d Cir. 2006) (internal quotations and citations omitted).

Any motion would not be brought in a "reasonable time" either. Reasonable time "is to be determined based on 'the particular circumstances of the case,' taking into account the reason for any delay, the possible prejudice to the non-moving party, and the interests of finality." Thai-Lao Lignite Co. v. Gov't of Lao People's Democratic Republic, 864 F.3d 172, 182 (2d Cir. 2017) (quoting PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897 (2d Cir. 1983)). The Court of Appeals has consistently found that delays extending beyond two years are not reasonable. See, e.g., Truskoski v. ESPN, Inc., 60 F.3d 74, 77 (2d Cir. 1995) (eighteen-month delay was not reasonable); Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) ("We do not think that three and one-half years from the date judgment was entered is a reasonable time."); Wang, 839 F. App'x at 646 (a five-year delay was unreasonable). District courts have similarly found that Rule 60(b) motions are untimely after more than twenty-four months. See Sec. & Exch. Comm'n v. Bronson, No. 12-cv-6421 (KMK), 2022 WL 1287937, at *10 (S.D.N.Y. Apr. 29, 2022) (collecting eight cases in which delays beyond 24 months were untimely).[1]

---

[1] A narrow exception exists where a judgment is challenged for "voidness" under Rule 60(b)(4). "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 124 (2d Cir. 2008). "[A] judgment is void under Rule 60(b)(4) 'only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard.'" Gabrieli v. Wal-Mart Stores E., LP, No. 21-1264-CV, 2022 WL 2206463, at *1 (2d Cir. June 21, 2022) (quoting United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010)). Nothing in the Burlingame Plaintiffs' papers suggests these circumstances are present.

The Court does not see any compelling reason for this delay. The Burlingame Plaintiffs noted their disapproval of the award made under the Havlish Judgment at least as early as December 16, 2019. ECF No. 5367 at 8 n.3. Despite noting their disapproval, they did not seek leave to make a Rule 60(b) motion until April 20, 2022, Havlish, No. 03-cv-9848, ECF No. 615, 28 months later. Even this more favorably construed timeline puts them beyond the time range courts in this District generally consider reasonable. In the absence of any evidence that the Burlingame Plaintiffs can satisfy the timeliness requirements of Rule 60(c)(1), the Court declines to grant them leave to file a Rule 60(b) motion.

**SO ORDERED.**

Dated: August 24, 2022
      New York, New York

_____
SARAH NETBURN
United States Magistrate Judge