**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------X

In re:

       **TERRORIST ATTACKS ON**
       **SEPTEMBER 11, 2001**

--------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED:  1/12/2023           │
└─────────────────────────────────┘
```

**03-MD-01570 (GBD)(SN)**

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

       <u>Ashton, et al. v. al Qaeda Islamic Army, et al</u>, No. 02-cv-06977

       Plaintiffs in <u>Ashton, et al. v. al Qaeda Islamic Army, et al.</u>, No. 02-cv-06977 ("<u>Ashton</u>"),

move to amend their complaint under Federal Rule of Civil Procedure 15. ECF Nos. 8821.[1] They

also request certain additional considerations to facilitate amendment.

       Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the

court's leave. Courts are directed to "freely give leave when justice so requires." <u>Id.</u> This

decision is committed to the discretion of the court, <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482

F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" <u>Bank v.</u>

<u>Gohealth, LLC</u>, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022) (quoting

<u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999)). <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178,

182 (1962) (finding that leave to amend should be granted "[i]n the absence of any apparent or

declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant,

repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the

opposing party by virtue of allowance of the amendment, futility of amendment . . . ."). These

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

claims are not futile, will not unduly delay these proceedings or prejudice the Taliban, and were

not filed in bad faith or with a dilatory motive. The <u>Ashton</u> Plaintiffs' motion is therefore

GRANTED, and it is further ORDERED that:

- The underlying Sixth Amended Complaint in <u>Ashton</u>, No. 02-cv-06977, is amended to include the parties identified in the <u>Ashton</u> Plaintiffs' exhibits at ECF No. 8822-1 as parties in the action against the Taliban;

- These amendments supplement, but do not displace, the underlying operative Sixth Amended Complaint in <u>Ashton</u>, No. 02-cv-06977;

- Prior rulings, orders, and judgments entered in this case remain in effect as to all parties; and

- Further service on the Taliban is not required as a result of these amendments, and prior service orders apply, including the Court's order on service by publication at ECF No. 445.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 8821

and the related motion at ECF No. 1895 in <u>Ashton</u>, No. 02-cv-06977.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED:      January 12, 2023
            New York, New York

2