UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) <br> ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
        -and-
All Wrongful Death Default Judgment Applications Filed Against the Taliban

### DECLARATION OF JOHN F. SCHUTTY, ESQ. IN SUPPORT OF THE *ASHTON-DICKEY* PLAINTIFFS' RULE 72(B)(2) OBJECTIONS TO THE MARCH 15, 2023 REPORT & RECOMMENDATION [ECF#8929]

I, JOHN F. SCHUTTY, ESQ., pursuant to 28 U.S.C. § 1746, hereby state under the penalty of perjury that:

1. I am an attorney representing certain Plaintiffs in the above-referenced matter (the "*Ashton-Dickey* Plaintiffs").

2. I submit this declaration in support of the Fed. R. Civ. P. 72(b)(2) Objections of the *Ashton-Dickey* Plaintiffs[1] to the March 15, 2023 Report & Recommendation [ECF#8929] of Magistrate Judge Sarah Netburn regarding the law to be applied on the Taliban wrongful death default judgment motions presently before the Court.

3. The widows-personal representatives that I represent have discovered, somewhat belatedly, that their ex-in-laws (parents and siblings of their deceased husbands) have filed their own

---

[1] The undersigned represents the estates of ten 9/11 decedents ("*Ashton-Dickey* Plaintiffs"); a widow, "personal representative," appointed by a state Surrogates Court, has appeared to represent each of these ten estates in this litigation, and each personal representative filed a timely wrongful death action under both state and federal law (within two years of the decedent's death) against the defendants herein (all timely and viable claims). We contend that "standing" exists to assert these Objections and this Declaration (along with the accompanying Declaration of Plaintiff Lisa O'Brien) is submitted in support this "standing" claim. Here, where a limited fund of money may exist in the "possession" of a defendant-in-default, and that money is sought by a multitude of plaintiffs, the claims of various plaintiffs are adverse to one another, and their respective claims should be challenged to ensure that justice is obtained in favor of the timely and viable claims.

lawsuits in this MDL litigation and have learned, belatedly, that the wrongful death awards issued to their ex-in-laws have not only been substantial, but these wrongful death judgments have seriously reduced the damages that the "legal heirs" of their husbands have received from the United States Victim Compensation Fund ("USVSST"). *See* accompanying Declaration of Plaintiff Lisa O'Brien.

4. Magistrate Judge Netburn has claimed that the *Ashton-Dickey* Plaintiffs lack "standing" to assert objections to her plan to award damages to "immediate family members" (parents and siblings) of the decedents, even when these plaintiffs have filed untimely lawsuits — "the *Dickey* Plaintiffs do not have standing to assert the Taliban's defenses against other parties." R&R at 9, n. 5. We respectfully disagree, since the *Ashton-Dickey* Plaintiffs have been and will continue to be injured in fact by the misapplication of wrongful death law in this litigation.

5. The *Ashton-Dickey* Plaintiffs therefore will submit an example[2] of their "injury in fact," by detailing the injuries sustained by one set of legal heirs of a 9/11 decedent as an exemplar case – we will detail the injuries sustained by the widow and children of 9/11 decedent, Timothy M. O'Brien, by submitting the supporting Declaration of Plaintiff Lisa O'Brien.

6. In the default judgment filings sought against Iran and the Taliban, many of the plaintiffs are parents and siblings of 9/11 decedents who have asserted individual and personal claims as plaintiffs; these plaintiffs claim that the Anti-Terrorism Act ("ATA") (and Foreign Sovereign Immunities Act or "FSIA") cause of action was intended to provide damage recoveries to "immediate family members," even though the ATA does not so state and even though many of these plaintiffs were belatedly added to the litigation in amended pleadings after the statute of limitations for bringing such claims had expired (on January 1, 2019); most of these parents and siblings of 9/11 decedents are not the "heirs" of their 9/11 decedent, as that the term "heir" is defined by applicable state law.

---

[2]   Several other *Ashton-Dickey* Plaintiffs are aware that their ex-in-laws have filed their own personal wrongful death actions in this MDL litigation and that these ex-in-laws have obtained default judgments and USVSST awards that have reduced the awards given to the state-authorized heirs of their husbands. We raise only the O'Brien cases at this time as an example of what is happening.

7. In claiming money damages for this class of plaintiffs under the ATA, the Death & Injury Plaintiffs' Executive Committee ("D&I PEC") has claimed that "federal common law" should be applied in interpreting who may recover for a decedent's death under the ATA; the PEC has implicitly suggested that the MDL court here can wholly ignore the interests and laws of the decedents' domiciles (state law) regarding wrongful death estate administration. No precedent existed within the District Court (S.D.N.Y.) or the governing Circuit (Second) to support the PEC's claim in this regard.

8. State law necessarily must define what individuals qualify to share in an estate's proceeds (including wrongful death proceeds), since it is the states, not the federal government (nor the federal courts), who are responsible for handling the distribution of an estate's proceeds. State estate administration laws explicitly limit who qualifies to receive wrongful death damages as a "survivor or heir" as to any decedent domiciled in that state at the time of his or death. In New York, for example, wrongful death damages are distributed *only* to members of a decedent's defined "estate," *i.e.,* "heirs" explicitly defined within a statute, in proportion to their financial loss. *See* N.Y. Estate Powers & Trusts Law ("EPTL") § 5-4.4. Where a 9/11 decedent is survived by a spouse and children, for example, parents and siblings of the decedent are denied wrongful death damages under New York law, regardless of any claimed injury. *Id.* This fact has been given no regard in the MDL litigation to date. Also, New York State law gives the court-appointed personal representative of an estate the exclusive authority to bring an action for a wrongful death arising to a decedent's estate. *See* EPTL, Section 5-4.1. The laws of the States of New Jersey and Connecticut are quite similar. For the convenience of the Court, I am attaching short summaries of the wrongful death laws of New York, New Jersey and Connecticut (Exhibit A) that were published online by the original Victim's Compensation Fund (by no means am I suggesting that these summaries express the current state of the law in each state, but only to show that state law can easily be located and applied).

9. The Report wholly fails to acknowledge the *express* conflict between state estate administration law defining "heirs" and the Report's *interpretation* of who is covered by the ATA's "survivors or heirs" phrase – the latter phrase Magistrate Judge Netburn has *interpreted* as necessarily including "parents and siblings" (alleged "immediate family members") of the decedent, who are expressly not state law "heirs" when a decedent is survived by a spouse and children.

10. New York, New Jersey and Connecticut "estate distribution" law and wrongful death law, which require a result different than that reached by this Court in entering default judgments against Iran, was not only ignored, it was violated and now will be violated again if awards are once again issued to parents and siblings on their wrongful death claims against the Taliban under the ATA – by awarding money damages to individuals outside the state-prescribed and statutorily-defined "heirs of the estate."

11. On matters of estate law and wrongful death damages distribution, the laws of the domiciles of the decedents should have been addressed, especially if an award of wrongful death damages is requested on behalf of a family member in direct disregard of state law, state interests and state policy.

12. The March 15 Report claims that its recommendations were "drawn on the text, history, and purpose [of the ATA]," and it concludes that "immediate family members of people killed in terrorist attacks, not just their legal heirs, may sue under the ATA."  R&R at 7.  In fact, we show in the accompanying "Objections" memorandum of law just the opposite – that the explicit ATA text, the ATA's legislative history, and the purpose of the ATA – do NOT support the Report's conclusion that "immediate family members of people killed in terrorist attacks, not just their legal heirs, may sue under the ATA."

13. As the accompanying "Objections" memorandum of law shows, both the common law wrongful death claims and the Anti-Terrorism Act (18 U.S.C. § 2333) death claims asserted against

the Taliban are subject to applicable state law.  Since the decedent's domicile state has a much greater interest in the outcome of this litigation and the eventual administration of each 9/11 decedent's estate, the March 15 Report should be corrected.  Here, assuming that a decedent was domiciled in New York or New Jersey (the case for all of the *Ashton-Dickey* Plaintiffs represented here), New York and New Jersey State law determines the parameters of each wrongful death claim – *viz.*, who is authorized to pursue the death claim and which "heirs" are entitled to recover.  This is true also as to the Anti-Terrorism Act ("ATA") claims simply because the ATA's text and legislative history do not provide answers to these questions, and a federal court should resort to applicable state law to "fill in" the gaps in a federal, statute-created cause of action, as it has done when dealing with other federal claims for damages; creating federal common law in such instances, and ignoring otherwise applicable state law, lacks viable precedent.

14. In seeking wrongful death damages in this litigation, my firm presently represents only court-appointed personal representatives and members of 9/11 decedent estates ("heirs," as that latter term is defined by New York, New Jersey and Connecticut state law); my law firm has chosen to represent these limited family members (spouses and children) of 9/11 decedent estates, to avoid a conflict of interest (a battle over a distribution of wrongful death damages).[3]  My firm has rejected offers to represent parents and siblings of these decedents (who would be denied a distribution of wrongful death proceeds under applicable state law), who might affect distributions to surviving spouses and children, by diminishing their recoveries.

15. The clients that I represent were allowed to seek compensation under the "Justice For

---

[3] *See* Rule 1.7(1)(a) of the New York State "Rules of Professional Conduct" for lawyers ("a lawyer shall not represent a client if a reasonable lawyer would conclude that…the representation will involve the lawyer in representing differing interests…").  Comment 1 to Rule 1.7 explains "Differing interests exist if there is a significant risk that a lawyer's exercise of professional judgment in considering, recommending or carrying out an appropriate course of action for the client will be adversely affected or the representation would otherwise be materially limited by the lawyer's other responsibilities or interests."

United States Victims of State Sponsored Terrorism Act Fund" ["Iran Fund" or "USVSST"], 42 U.S.C. § 10609(b)(2) a/k/a "USVSST," only after parents and siblings of 9/11 decedents had already received a distribution from the USVSST (and, thereafter, my clients received a smaller overall distribution than the parents and siblings).

16. I continue to represent my clients zealously in claiming that they are the only "heirs" worthy of wrongful death proceeds in this MDL litigation under applicable law (and within the USVSST, where parents and siblings are siphoning large sums away from the decedent's true "heirs" because only a shared, limited fund exists).

17. As the default judgments entered by this Court are having a dramatic effect on the distributions already made by the USVSST, and as any future distributions made from the judgments against the Taliban will likely have a serious effect on future distributions from any future-created limited fund, the *Ashton-Dickey* Plaintiffs urge the Court to reconsider the effect of state law in interpreting the damages recoverable under the ATA, and the individuals who may claim damages within this precedent-setting litigation. *See* accompanying Declaration of Plaintiff Lisa O'Brien.

18. Under the March 15 Report, no statute of limitations ever exists as to any defendant-in-default. This leads not only to absurd and unjust results, it invites serious consequences. The Magistrate Judge has opened the floodgates to thousands of potential plaintiffs who may now file 9/11 claims in the decades to come against any defendant-in-default, and this is at the expense of the judiciary and the plaintiffs who have filed timely claims. Surely, that cannot be correct. Untimely actions should be dismissed for the benefit not only of those who have filed timely claims, but also for effective docket control and judicial management. Thousands of plaintiffs have already been added belatedly to this litigation against the Taliban (and Iran) and now, based the March 15 Report, more will likely follow (every individual claiming any alleged injury resulting from the aftermath of the 9/11 events).

19. The widows and "personal representatives" of the following 9/11 decedents' estates (the "*Ashton-Dickey* Plaintiffs") are the parties I represent in filing these Objections:

    a. The Estate of Joseph D. Dickey (by widow and personal representative, Irene Dickey);

    b. The Estate of Robert D. Eaton (by widow and personal representative, Jacqueline Eaton Declaration);

    c. The Estate of James J. Kelly (by widow and personal representative, Joanne Kelly Declaration);

    d. The Estate of Timothy M. O'Brien (by widow and personal representative, Lisa O'Brien);

    e. The Estate of Michael H. Seaman (by widow and personal representative, Dara Seaman);

    f. The Estate of Robert F. Sliwak (by widow and personal representative, Susan Sliwak);

    g. The Estate of John Wallice, Jr. (by widow and personal representative, Allison Wallice);

    h. The Estate of Farrell P. Lynch (by widow and personal representative, Eileen Lynch);

    i. The Estate of Ronald M. Breitwesier (by widow and personal representative, Kristen Breitweiser); and

    j. The Estate of John J. Ryan, Jr. (by widow and personal representative, Patricia Ryan).

20. For all of the reasons set forth in this Declaration, the accompanying Declaration of Lisa O'Brien and the accompanying "Objections" memorandum of law filed pursuant to Fed. R. Civ.

P. 72(b)(2), the *Ashton-Dickey* Plaintiffs respectfully request that the Court decline to adopt the March 15, 2023 R&R (MDL ECF#8925) and issue a new Order that dismisses the untimely actions filed against the Taliban and otherwise recognizes the applicability of the estate administration laws of each decedent's domicile state.

Dated: March 28, 2023
   New York, New York

                   /s/ *John F. Schutty*
                    John F. Schutty