**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

   *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN) (and member cases
      *Burlingame v. Bin Laden, et al.,* 02-cv-7230(GBD)(SN))

**Declaration of John F. Schutty, Esq. in Support**
**of the *Ashton-Burlingame-Dickey* Wrongful Death**
**<u>Plaintiffs' Amended Motion for Final Judgments Against the Taliban</u>**

     I, JOHN F. SCHUTTY, ESQ., pursuant to 28 U.S.C. § 1746, hereby state under the penalty of

perjury under the laws of the United States that:

     1.      I am an attorney representing certain Plaintiffs in the above-referenced matter (the

"*Ashton-Burlingame-Dickey* Plaintiffs").

     2.      I submit this declaration in support of this amended motion for final judgment on

behalf of eight Estates of decedents described below, decedents who perished at the World Trade

Center as a result of the terrorist acts perpetrated on September 11, 2001 *to ensure compliance with*

*this Court's Orders dated July 11, 2022 (ECF No. 8198) and October 12, 2023 (ECF No. 9373).*  In

support of this application, and for the convenience of this Court, I am separately filing a "Proposed

Order for Final Judgments Against the Taliban" on behalf of the following Estates:

        a.     The Estate of Joseph D. Dickey Jr. (described within the Irene Dickey

            Declaration and accompanying economist report, both attached hereto as

            Exhibit A);

        b.     The Estate of Robert D. Eaton (described within the Jacqueline Eaton

            Declaration and accompanying economist report, both attached hereto as

Exhibit B);

c.   The Estate of James J. Kelly (described within the Joanne Kelly Declaration and accompanying economist report, both attached hereto as Exhibit C);

d.   The Estate of Timothy M. O'Brien (described within the Lisa O'Brien Declaration and accompanying economist report, both attached hereto as Exhibit D);

e.   The Estate of Michael H. Seaman (described within the Dara Seaman Declaration and accompanying economist report, both attached hereto as Exhibit E);

f.   The Estate of Robert F. Sliwak (described within the Susan Sliwak Declaration and accompanying economist report, both attached hereto as Exhibit F);

g.   The Estate of John Wallice Jr. (described within the Allison Wallice Declaration and accompanying economist report, both attached hereto as Exhibit G); and

h.   The Estate of Farrell Lynch (described within the Eileen Lynch Declaration and accompanying economist report, both attached hereto as Exhibit H).

i.   Copies of the state court orders appointing the widows of each decedents as the "personal representative" of each Estate for the purpose of pursuing wrongful death damages on behalf of the Estate (attached hereto as Exhibit I).

3.   The form of this motion (and the relief requested herein) is intended to comply with the prior orders of this Court.  ECF MDL#3433, 3435, 8198 and 9373 (requiring a sworn declaration

of due diligence safeguards and verification regarding any prior relief) and 8198 (requiring the identification of the claimants as U.S Nationals).[1]

    4.      In compliance with ECF MDL No. 8198 and 9373, the declarant states the following:

    a.      *The ECF number of the document(s) adding the plaintiffs to the complaint against the Taliban:* Plaintiffs' brought their personal and estate claims against the Taliban on September 10, 2002 (*See Burlingame v. Bin Laden, et al.,* 1:02-cv-7230 ECF #1).

    b.      *The ECF number of the document(s) determining liability between the plaintiffs and defendant:* This Court issued a liability judgment for the consolidated *Aston* plaintiffs against the *Taliban* (and others) on May 12, 2006. *See* ECF MDL #1797.

    c.      *The cause of action or causes of action for which the plaintiffs seek damages, including whether damages are sought under the ATA. If damages for multiple causes of action are identical, only the causes of action relevant to the sum of damages sought must be listed:* The Plaintiffs' families seek damages under the ATA. Since the Court has determined that state law is inapplicable, each family member claims solatium damages, in addition to economic loss damages, damages for the conscious pain and suffering of their decedent family member, attorneys' fees, treble damages, punitive damages and interest (the latter two claims can be calculated later). The damages sought are set forth in Exhibit J to this declaration.

    e.      *If damages are sought based in part on a prior award of damages (e.g., personal injury or economic damages), the case and ECF numbers of that award:* No previous awards were made against the Taliban for these plaintiffs.

    f.      *Have damages or liability been sought in part based on a prior entry of default judgment*: No.

---

[1]    References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by the MDL ECF number; references to individual civil case docket entries are preceded by the case number.

**Procedural Background**

5.      On September 4, 2002, the *Ashton* Plaintiffs filed their first Complaint against the sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army and the Taliban, among others.  *See* 02-cv- 6977 (S.D.N.Y.) ECF 1.   That Complaint was consolidated and amended several times.  *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

6.      The Law Office of John F. Schutty, P. C. represents some, but not all, of the plaintiffs identified on the *Ashton* Complaints (former *Burlingame* plaintiffs) (the plaintiffs represented on this motion will be hereinafter referred to as the *Ashton-Burlingame-Dickey* Plaintiffs).   I anticipate additional plaintiffs within the *Ashton* Complaints to move shortly for relief similar to that sought on this motion.

7.      Pursuant to this Court's Order, the *Ashton* Plaintiffs served the Taliban by publication. ECF 445 at 1, 8, 11.  Verification of service by publication on among others, the *Taliban*, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order.   ECF 709, 735.[2] The *Taliban* never answered, and the *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006.  ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the Taliban).[3]  That is, as of May 12, 2006, the *Ashton* Plaintiffs had a base liability default judgment against the Taliban, among others.

8.      The *Ashton-Burlingame-Dickey* Plaintiffs herein now seek final damage judgments

---

[2]      The publication notices were directed at the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the Complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days.  ECF 709 at 2; 735 at 2.

[3]      This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, between plaintiffs and defendants, included up to and through the Sixth Amended Complaint.  ECF 1797.

against the Taliban.

9.    This amended motion and declaration are being filed to clarify the liability and damage claims of these *Ashton-Burlingame-Dickey* Plaintiffs (and to comply with prior Orders of this Court).

10.    The Anti-Terrorism Act (the "ATA"), 18 U.S.C. § 2333 provides (emphasis added):

> *Any national* of the United States injured in his or her person, property, or business by reason of an act of international terrorism, *or his or her estate, survivors, or heirs*, may sue therefor in any appropriate district court of the United States and shall recover threefold the damages he or she sustains and the cost of the suit, including attorney's fees.

11.    In this MDL litigation, plaintiffs claiming on behalf of 9/11 decedents have asserted causes of action based on both state wrongful death law and the ATA.

12.    I continue to represent my clients zealously in claiming that they are the only "heirs" worthy of wrongful death proceeds in this MDL litigation under applicable law (and within the USVSST).

**Damages Due Diligence:**

13.    As to the damages claimed herein, the sources of my information and the basis for my belief in my statements contained herein are: (a) my personal involvement in this litigation and my regular review of the MDL docket; (b) my representation of the *Ashton-Burlingame-Dickey* Plaintiffs in connection with this litigation; (c) my communications directly with family members of the *Ashton-Burlingame-Dickey* 9/11 Decedents listed in Exhibit J; (d) my communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, (e) documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton-Burlingame-Dickey* Plaintiffs are parties. I can affirm that the *Ashton-Burlingame-Dickey* Plaintiffs seeking damages on this motion are all United States citizens and all were domiciled in the State of New York at the time of their respective decedents' death.  Any

matters about which I lack personal knowledge are asserted herein upon information and belief.

14.     The *Ashton-Burlingame-Dickey* 9/11 Decedents listed in the accompanying Proposed Order and attached Exhibit J died in the September 11, 2001 terrorist attacks.   My law firm has been retained by the state-appointed personal representatives of the Estates of the *Ashton-Burlingame-- Dickey* 9/11 Decedents listed in Exhibit J to represent those Estates.

15.     For the *Ashton-Burlingame-Dickey* 9/11 Decedents listed in Exhibit J, we have confirmed that the decedent was a United States national as of September 11, 2001, based on documentary evidence (such as copies of birth certificates, passports and /or verified applications to the September 11, 2001 Victim Compensation Fund ("VCF")), or personal interviews and/or written communications with the Personal Representatives of the Estates of those 9/11 Decedents.

16.     Exhibit J sets forth the same compensatory damages amount this Court previously awarded to the Estates of the *Ashton-Burlingame-Dickey* 9/11 Decedents herein for conscious pain and suffering in connection with claims asserted against the Defendant Islamic Republic of Iran ("Iran").

17.     Exhibit J also sets forth claims by the Personal Representatives of the Estates of the *Ashton-Burlingame-Dickey* 9/11 Decedents for an award of economic damages in the amounts listed therein.  These Estates, in seeking economic damages, base their claims upon reports prepared by economic experts who, relying on materials provided by the Plaintiffs herein (VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other  earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty.    The economic losses claimed, as explained in connection with a prior motion for economic damages filed on behalf of the Estates of *Ashton- Burlingame-Dickey* 9/11 Decedents herein, are the same amounts that this Court granted following

prior motions for economic damages in connection with claims asserted against the Defendant Islamic Republic of Iran.

18.     This Court previously awarded *solatium* damages to immediate family members to the individuals listed in Exhibit J in the following amounts:

| Relationship to Decedent | Solatium Award |
| --- | --- |
| Spouse | $12,500,000 |
| Child | $8,500,000 |

19.     The *Ashton-Burlingame-Dickey* Plaintiffs herein, described within Exhibit A through Exhibit H, are the Personal Representatives of the Estates of the *Ashton-Burlingame-Dickey* 9/11 Decedents named in the *Ashton* Complaints underlying the default judgment against the Taliban, which asserted claims for all members of the Estate of the *Ashton* 9/11 Decedents – the widows and children of the *Ashton* 9/11 Decedents named in those Complaints (and recognized heirs of these Estates under state law).  *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 485 at ¶ 482 (seeking, among other things, solatium damages).  These individuals have been added by name via Notice of Amendment by the process this Court established concerning the claims against Iran and Sudan.  We have confirmed the relationship between the *Ashton* 9/11 Decedent and the individuals listed in Exhibits A through H through documentary evidence (attached Declarations) and interviews with and written confirmation with my clients.

20.     The *Ashton-Burlingame-Dickey* Plaintiffs listed in Exhibit J are qualified heirs (widows and children) of the *Ashton-Burlingame-Dickey* 9/11 Decedents named in the *Ashton* Complaints (underlying the default judgment against the Taliban), which asserted claims for all the recognized heirs of the Estates of the *Ashton* 9/11 Decedents (even those not set forth by name individually in those Complaints as these individuals are represented by the appointed Personal

Representative of each Estate).   The latter individuals (children of the decedent) have been added by name via Notice of Amendment of the Master Complaint by the process this Court established concerning the claims against Iran and Sudan. We have confirmed the relationship between each *Ashton-Burlingame-Dickey* 9/11 Decedent and the individuals listed in Exhibits A through H, through documentary evidence (attached Declarations) and interviews with and written confirmation with my clients.

21.     The *Ashton-Burlingame-Dickey* Plaintiffs described within the Exhibits to this declaration have received final judgments against Iran but have received no final judgment against the Taliban, nor have they collected anything close to the full amounts of their judgments against Iran.

22.     In order to allow the Plaintiffs described herein to attempt to satisfy any portion of the outstanding judgment amounts against the Taliban, the *Ashton* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against Iran (as is reflected in Exhibits A through H and J), along with an award of treble damages under the ATA.

23.     For any *Ashton* Plaintiffs not set forth in the attached exhibits, including those represented by other *Ashton* counsel but consolidated on the *Ashton* Complaint, and for any damages not included herein, we expect additional claims to be asserted.

24.     For all of the reasons set forth in this Declaration and within the *Ashton-Burlingame-Dickey* Plaintiffs' Motion for Final Judgments against the Taliban, I respectfully request that this Court grant the instant motion and sign the Proposed Order filed herewith.

Dated: November 2, 2023
      New York, New York

                                        /s/ *John F. Schutty*
                                        John F. Schutty