# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
IN RE: : MEMORANDUM DECISION
: AND ORDER
TERRORIST ATTACKS ON :
SEPTEMBER 11, 2001 : 03 MDL 1570 (GBD) (SN)
:
------------------------------------x

This document relates to:

*Ashton, et al. v. Al Qaeda Islamic, et al.*, No. 02-cv-06977
*Burlingame, et al. v. Bin Laden, et al.*, No. 02-cv-07230
*Bauer, et al. v. Al Qaeda Islamic Army, et al.*, No. 02-cv-07236
*Lefit, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-03353

GEORGE B. DANIELS, United States District Judge:

In July and August 2022, six groups of Plaintiffs moved this Court to issue partial final default judgments against the Taliban and its former leader Mullah Muhammad Omar based on injuries sustained in the September 11, 2001 terrorist attacks ("9/11 Attacks"). (*See* ECF Nos. 8274, 8298, 8335, 8363, and 8386;[1] ECF No. 75 in No. 18-cv-03353.[2]) Before this Court is Magistrate Judge Sarah Netburn's March 15, 2023 Report and Recommendation (the "Report"),[3] recommending that this Court grant the motions for default judgment and award damages for certain claims against the Taliban and deny all other motions with leave to refile. (Report, ECF No. 8929, at 1.) Magistrate Judge Netburn advised the parties that failure to file timely objections

---

[1] Unless otherwise indicated, all docket numbers refer to the main docket sheet for this multidistrict litigation. *See In re Terrorist Attacks on September 11, 2001,* No. 03-md-1570.

[2] Counsel appears to have transposed case names and misfiled its motion against the Taliban and Muhammad Omar in *Lefit, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-03353, rather than in *Ashton, et al. v. Al Qaeda Islamic, et al.*, No. 02-cv-06977. (*See* Mot. Default J., ECF No. 75, at 1 (citing case as "*Ashton, et al. v. Al Qaeda Islamic, et al.*, No. 18-cv-03353").) Neither the Taliban nor Muhammad Omar is a named Defendant in *Lefit, et al. v. Kingdom of Saudi Arabia, et al.*, No. 18-cv-03353. (*See also Ashton* Pls.' Mar. 21, 2023 Letter, ECF No. 8942.)

[3] Magistrate Judge Netburn amended her original March 14, 2023 Report and Recommendation on the motions (ECF No. 8925) with updated exhibit numbers and a revised appendix. (Report at 1 n.2.)

1

to the Report would constitute a waiver on appeal. (*Id.* at 15.) *Dickey* Plaintiffs filed objections on March 28, 2023, (*see* Objections, ECF No. 8959).[4] Because *Dickey* Plaintiffs filed timely objections to the Report regarding default judgments both for parents and siblings of 9/11 victims and for claims filed after the statute of limitations, this Court undertakes a *de novo* review of those portions of the Report. After doing so, this Court ADOPTS the Report.

## I. BACKGROUND[5]

Plaintiffs filed a complaint seeking to hold the Taliban and Mullah Muhammad Omar liable for injuries caused by the 9/11 Attacks. Pursuant to Court order (ECF No. 445), Plaintiffs served the Taliban and Omar by publication. (*See* 2005 Service Verifications, ECF Nos. 709 and 735.) On September 30, 2005, Plaintiffs filed their Sixth Amended Consolidated Master Complaint (ECF No. 1463), the operative complaint for these motions. (*See* Report at 2.) This complaint continued to name the Taliban and Omar as Defendants, with most Plaintiffs also named in the complaint and others added later. (*Id.* (citing Sixth Am. Consolidated Master Compl.; also citing Notice Am., ECF No. 7856).) After Defendants neither responded nor appeared, Plaintiffs moved for entry of default, which this Court granted on May 12, 2006. (*See* Order, ECF No. 1797.)

The present motions seek partial final default judgment against the Taliban and Omar on behalf of different groups of Plaintiffs: U.S. citizens and noncitizens, estate and personal injury Plaintiffs, and immediate family members and their functional equivalents. (*See* Report at 2 (listing motions).) These Plaintiffs have all been awarded relief against Iran and now seek similar damages against the Taliban and Omar. (*Id.*)

---

[4] Given Defendant's default in all related cases, no responses from Defendant are expected.

[5] This Court assumes familiarity with the general background of this multidistrict litigation and will only restate factual background as necessary to address the pending motions. Because the Report is adopted in full unless otherwise noted, this Court refers to facts detailed in the Report throughout this decision.

## II. LEGAL STANDARDS

### A. Reports and Recommendations

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17-CV-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

### B. Default Judgments

Rule 55(b)(2) of the Federal Rules of Civil Procedure authorizes the Court to enter default judgments against defendants who fail to appear in or defend cases against them. This process includes two steps: (1) determining that the defendant defaulted, and then (2) entering a default judgment. *Nationsbank of Fla. v. Banco Exterior de España*, 867 F. Supp. 167, 174 n. 9 (S.D.N.Y. 1994); *see also* Fed. R. Civ. P. 55(a)–(b). In defaulting, a defendant admits "all of the factual allegations of the complaint, except those relating to damages." *Au Bon Pain Corp. v. Artect, Inc.*,

3

653 F.2d 61, 65 (2d Cir. 1981). A court must evaluate those admissions to determine whether there is "a sufficient basis in the pleadings" to establish defendants' liability. *Di Marco Constructors, LLC v. Sinacola, Inc.*, 407 F. Supp. 2d 442, 445 (W.D.N.Y. 2006) (cleaned up); *accord Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990). If there is a sufficient basis, the court then assesses damages, relying on plaintiffs' "affidavits or documentary evidence in lieu of an evidentiary hearing." *DIRECTV, Inc. v. Hamilton*, 215 F.R.D. 460, 462 (S.D.N.Y. 2003); *see also Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1992).

### III. MAGISTRATE JUDGE NETBURN DID NOT ERR IN RECOMMENDING THAT ONLY CLAIMS BROUGHT BY U.S. CITIZENS AGAINST THE TALIBAN SHOULD BE GRANTED

Magistrate Judge Netburn properly assessed three groups of claims: (1) against Muhammad Omar; (2) by noncitizens against the Taliban; and (3) by U.S. citizens against the Taliban. (Report at 4–14.) This Court denies all claims against Omar. This Court denies without prejudice to refile all claims against the Taliban brought by noncitizens. This Court grants judgment against the Taliban on claims brought by U.S. citizens for damages consistent with prior awards against Iran.

#### A. Defendant Muhammad Omar Is Dismissed, and All Motions for Default Judgments against Omar Are Denied as Moot

Plaintiffs' claims against former Taliban leader Muhammad Omar are not viable because he is dead and the Plaintiffs' Executive Committees ("PECs") do not intend to substitute any party for him. (Report at 4 (citing PECs' Sept. 16, 2022 Letter, ECF No. 8535; also citing Sept. 19, 2022 Report and Recommendation, ECF No. 8540).) Magistrate Judge Netburn previously recommended that all claims against Omar be dismissed, to which no party objected. (*See* Sept. 19, 2022 Report and Recommendation.) Finding "no clear error on the face of the record," *see Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted), this Court adopts Magistrate Judge Netburn's September 19, 2022 Report and Recommendation

4

as to Muhammad Omar. Muhammad Omar is therefore dismissed from all actions in this multidistrict litigation pursuant to Federal Rule of Civil Procedure 25(a)(1). In accordance with the Report at issue for the present motions, this Court denies all motions for default judgments against Omar, (*see* Report at 4), leaving the pending motions for default against the Taliban.

### B. All Noncitizens' Motions for Default Judgment Are Denied without Prejudice

Motions by noncitizen estates and noncitizen solatium Plaintiffs ("noncitizen Plaintiffs") against the Taliban cite a number of causes of action under federal and state law. (*See id.*) The complaint, however, includes only three of these grounds: the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333 (Count Four); the Torture Victim Protection Act ("TVPA"), 28 U.S.C. § 1350 note (Count Five); and state law (Counts One, Two, and Three). (Report at 4–5 (citing Sixth Am. Consolidated Master Compl. ¶¶ 463–83).)

Magistrate Judge Netburn properly found that the ATA permits claims only by an injured "national of the United States . . . or his or her estate, survivors, or heirs," 18 U.S.C. § 2333(a), while TVPA claims may only be against individuals. (Report at 5.) Neither statute permits noncitizen Plaintiffs' claims against the unincorporated association of the Taliban.[6] As for state law, noncitizen Plaintiffs assert three claims: "Wrongful Death Based on Intentional Murder," "Survival Damages Based on Intentional Murder," and "Assault and Battery." (Report at 5 (citing Sixth Am. Consolidated Master Compl. ¶¶ 463–75.) Noncitizen Plaintiffs, however, fail to identify the specific "causes of action for which the plaintiffs seek damages," rendering this Court unable to determine with certainty the appropriate damages for each noncitizen Plaintiff. (*Id.* (quoting Jul. 11, 2022 Order, ECF No. 8198 (listing requirements for default judgment motions)).)

---

[6] Because noncitizen solatium Plaintiffs here do not clearly identify the nationalities of the decedents and bring their claims pursuant to ATA § 2333, this Court declines to rule on whether § 2333 permits noncitizens to bring solatium claims where decedent family members were U.S. citizens. (*See* Report at 5 n.3.)

5

This Court therefore denies without prejudice the motions brought by noncitizen Plaintiffs and directs that they may refile. In accordance with this Court's prior orders and Magistrate Judge Netburn's Report, any renewed motions are to address the bases for jurisdiction, address the relevant state or federal law authorizing the cause of action, identify the allegations in the complaint establishing liability for each cause of action, provide exhibits that designate the cause of action relevant to each request for damages, and assess the scope of damages available under the relevant law. (*See id.* at 5–6 (citing Jul. 11, 2022 Order).)

### C. U.S. Citizens' Motions for Default Judgment under the ATA against the Taliban Are Granted

In evaluating U.S. citizen Plaintiffs' motions, Magistrate Judge Netburn properly determined (1) who may sue under the ATA, (2) that the Taliban forfeited its statute of limitations defense, and (3) that citizen Plaintiffs are entitled to default judgment awards against the Taliban.

#### *1. The Report Correctly Determined Who May Sue under the ATA*

The ATA permits "any national of the United States" or "his or her estate, survivors, or heirs" to sue for "injur[ies]" caused by acts of terrorism. 18 U.S.C. § 2333(a). *Dickey* Plaintiffs argue that the ATA is "silent" as to which individuals may bring an ATA wrongful death claim and who qualifies as "survivors" or "heirs." (*See* Objections at 2–17.) *Dickey* Plaintiffs thus urge this Court to rely on state common law as a "gap filler" for determining who has a cause of action under the ATA, thereby ruling that only legal heirs have such a right. (*Id.* at 9–13.)

Magistrate Judge Netburn correctly found that immediate family members of people killed in terrorist attacks, not just their legal heirs, may sue under the ATA. (*See* Report 7–8.) First, a wrongful death caused by an act of international terrorism constitutes an "injury" under the ATA. *See, e.g., Honickman v. BLOM Bank SAL*, 6 F.4th 487, 490 (2d Cir. 2021) ("Plaintiffs-Appellants and their family members . . . were injured or *killed* in attacks carried out by Hamas" and sued

6

under the ATA, 18 U.S.C. § 2333) (emphasis added). Second, by its plain text, section 2333 distinguishes between "survivors" and "heirs." *See Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (courts should "give effect . . . to every word Congress used."). The ATA's statutory language is therefore clear both as to who may bring an ATA wrongful death claim and that individuals beyond "heirs" may sue, notwithstanding the *Dickey* Plaintiffs' reliance on unclear legislative history concerning the ATA. (*See* Objections at 4–6); *see also Milner v. Dep't of Navy*, 562 U.S. 562, 572 (2011) ("We will not . . . allow[] ambiguous legislative history to muddy clear statutory language.")

Moreover, the ability of parents and siblings to seek relief for the 9/11 Attacks has longstanding support in both the law of this multidistrict litigation, *see, e.g.*, *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 234–37 (S.D.N.Y. 2003) (awarding default judgments to parents and siblings); (Oct. 3, 2012 Order, ECF No. 2623 (same under the Foreign Sovereign Immunities Act with current framework)), and in other ATA cases, *see e.g.*, *Estates of Ungar ex rel. Strachman v. Palestinian Authority*, 304 F. Supp. 2d 232, 263 (D.R.I. 2004) (finding that use of the term "survivors" in § 2333(a) demonstrates Congress sought to extend liability to "family members who are not legal heirs"); *Knox v. Palestine Liberation Organization*, 442 F. Supp. 2d 62, 75 (S.D.N.Y. 2006) (holding parents and siblings are "survivors" under the ATA). This interpretation of the ATA does not depend on the choice of law analysis at issue in *Ungar* and *Knox*. *See Knox*, 442 F. Supp. 2d at 75 ("The *Ungar* court concluded that, based on the legislative history of the ATA and the underlying purpose of the ATA . . . , the term 'survivors' as used in § 2333(a) includes parents and grown siblings of United States nationals killed by an act of international terrorism."); (*Contra* Objections at 13–15).

Furthermore, the Court "has *discretion* [but is not required] to borrow from state law when there are deficiencies in the federal statutory scheme." *Hardy v. New York City Health & Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999) (emphasis added). This Court need not restrict to state law the interpretation of the term "survivors" in the ATA, particularly in light of the "distinct need for nationwide legal standards" in the ATA context. *See Kamen v. Kemper Fin. Servs.*, 500 U.S. 90, 98 (1991) (explaining when federal courts should "fill the interstices of federal remedial schemes with uniform federal rules"). Magistrate Judge Netburn thus correctly held that Americans directly injured, estates and heirs of Americans killed, and immediate family members (and functional equivalents of immediate family members) of Americans killed in the 9/11 Attacks can all bring claims under § 2333. (Report at 8.)

## 2. *The Report Properly Declined to Invoke the Statute of Limitations* Sua Sponte

"District court[s] ordinarily should not raise [the statute of limitations] *sua sponte*," *Davis v. Bryan*, 810 F.2d 42, 44 (2d Cir. 1987), even in favor of a defendant who has never appeared in the case, *Sec. & Exch. Comm'n v. Amerindo Inv. Advisors*, 639 F. App'x 752, 754 (2d Cir. 2016); *see also Maalouf v. Islamic Republic of Iran*, 923 F.3d 1095, 1114–15 (D.C. Cir. 2019) (holding that district court "lacked authority or discretion to *sua sponte* raise the terrorism exception's statute of limitations"). On January 2, 2013, Congress extended the statute of limitations for ATA cases related to the 9/11 Attacks to January 2, 2019. *See* Nat'l Def. Authorization Act for Fiscal Year 2013, Pub. L. No. 112-239, § 1251(c), 126 Stat. 1632, 2017 (2013). *Dickey* Plaintiffs urge this Court to deny other Plaintiffs' motions for default judgment filed after that date.[7] (*See* Objections 17–33.) Because the statute of limitations is "an affirmative defense that is waived [or

---

[7] *Dickey* Plaintiffs lack standing to assert the Taliban's statute of limitations defense against other Plaintiffs; it is thus incumbent on this Court to evaluate raising the defense *sua sponte*. (*See* Report at 9 n.5.)

8

forfeited] if not raised," *Kropelnicki v. Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002), and a district court raising the defense *sua sponte* is disfavored, this Court declines to dismiss *sua sponte* claims by other Plaintiffs against the Taliban as time-barred.

### 3. *U.S. Citizen Plaintiffs Are Entitled to Default Judgment Awards*

This Court has jurisdiction over the U.S. citizens' default judgment motions under the ATA, (*see* Report at 9–11), and Plaintiffs' allegations establish the Taliban's primary and aiding-and-abetting liability in the 9/11 Attacks,[8] (*see id.* at 11–13). This Court therefore enters default judgment against the Taliban in favor of U.S. citizen Plaintiffs and must assess Plaintiffs' damages.[9] The ATA supports "threefold" damages for pain and suffering, economic loss, and loss of solatium. 18 U.S.C. § 2333; (*see also* Report at 13 (citing cases)). This Court has previously awarded Plaintiffs such damages against Iran. (Report at 13 (citing orders).) Magistrate Judge Netburn correctly adopted and applied to the Taliban this Court's prior damages determinations of pain and suffering and economic damages for the estates of people killed, pain and suffering damages for people injured, and solatium damages for immediate family members (and their functional equivalents) of people killed in the 9/11 Attacks. (*Id.* (citing Plaintiffs' exhibits; also citing Appendix A (calculating damages for *Dickey* Plaintiffs)).) Having reviewed the exhibits filed by Plaintiffs against Iran and the new economic damages sought by the *Burlingame II* Plaintiffs (ECF No. 8364-1), this Court adopts the Report's recommendations and awards treble damages, as provided under § 2333, against the Taliban. (*See* Report at 13–14.)

---

[8] As alleged by Plaintiffs, the Taliban is a non-sovereign "unincorporated association." (*See* Report at 10; *see also* Feb. 21, 2023 Decision, ECF No. 8866, at 22–29 (holding that the United States has not recognized the Taliban as the government of Afghanistan and the Judiciary cannot do so).)

[9] Five citizen Plaintiffs (Diane Genco, Janlyn Scauso, Laurie Spampinato, Kimberly Trudel, and Cella Woo-Yuen) are excluded at counsel's request. (Report at 13 n.7 (citing Oct. 20, 2022 Letter, ECF No. 8660).)

9

Awards are subject to all caveats and corrections noted below and in Report Appendix A. Because U.S. citizens Plaintiffs named in the motion in Case No. 18-cv-03353 (ECF No. 75) have failed to demonstrate that they appear in the Sixth Amended Consolidated Master Complaint at ECF No. 1463, (*see* Report App. A), or file sufficient evidence as to economic damages and solatium damages, that motion is denied without prejudice and with leave to refile.[10]

## IV. CONCLUSION

This Court GRANTS partial final default judgment as to U.S. citizen Plaintiffs listed in ECF Nos. 8275-1, 8275-3 (other than the five Plaintiffs' claims that will be adjudicated with the motion at ECF No. 8568, *see supra* note 9), 8364-1, 8380-1, 8380-2, 8490-1, 8755-1, 8755-3,[11] and Report Appendix A, subject to the corrections and caveats described therein.[12] It is

**ORDERED** that U.S. citizen Plaintiffs are awarded damages as provided in ECF Nos. 8275-1,[13] 8275-3,[14] 8364-1, 8380-1, 8380-2, 8490-1, 8755-1, 8755-3, and Report Appendix A;[15] and it is

---

[10] *See also supra* note 2 (noting motion also filed in case in which the Taliban is not a Defendant).

[11] Decedent columns should read "Michael Bocchino" and Plaintiff columns should read "Mary Ann Falzone, as Personal Representative of the Estate of Thomas Bocchino." (*See* ECF No. 8755-3, ¶ 3.)

[12] In accordance with the Report's recommendations and this Court's February 21, 2023 Decision denying Plaintiffs' motion to satisfy their judgments with DAB funds, the PECs' separate letter request to include "stay" language, staying the effect of default judgments issued to these new default judgment Plaintiffs, is DENIED. (*Contra* PECs' Mar. 24, 2023 Letter, ECF No. 8951.)

[13] Trebled damages of $18,893,874 are awarded to the Estate of Christine Barbuto (pain and suffering of $2,000,000 and economic loss of $4,297,958 for total compensatory of $6,297,958). (*Compare* ECF No. 8275-1, ¶ 27 (listing economic damages as $2,368,810), *with* ECF No. 3370-1, at 1 (listing economic damages as $4,297,958).)

[14] Trebled solatium damages of $25,500,000 are awarded to Frederick Irby (compensatory of $8,500,000). (*Compare* ECF No. 8275-3, ¶ 250 (relationship as parent but the amount of $4,250,000 for siblings), *with* ECF No. 4880, ¶ 441 (relationship as parent and the amount of $8,500,000 for parents).)

[15] Trebled solatium damages of $25,500,000 are also awarded to Anne Lynch, the child of decedent Farrell Lynch. (*Compare* Report at 17, *with* Decl. John F. Schutty, ECF No. 8387-8, at 4.)

**ORDERED** that prejudgment interest is awarded at a rate of 4.96 percent per annum, all interest compounded annually for the period from September 11, 2001 until the date of the judgment for damages; and it is

**ORDERED** that these Plaintiffs may apply for punitive, economic, and/or other damages at a later date, to the extent such damages were not sought in these motions.

Default judgment motion at ECF No. 75 in Case No. 18-cv-03353 and all noncitizen Plaintiffs' motions are DENIED without prejudice and with leave to refile. Muhammad Omar is dismissed from all actions in this multidistrict litigation. The Clerk of Court is directed to close the open motions (ECF Nos. 8274, 8298, 8335, 8363, 8386, and 8959 in 03-md-01570; ECF Nos. 1691, 1701, 1708, 1713, 1720, and 1934 in 02-cv-06977; ECF Nos. 230 and 234 in 02-cv-07230; ECF No. 167 in 02-cv-07236; ECF No. 75 in 18-cv-03353).

Dated: March 30, 2023
      New York, New York

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge