UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN) (and member case
*Burlingame v. Bin Laden, et al.,* 02-cv-7230 (GBD)(SN))
*Ashton, et al. v. Kingdom of Saudi Arabia*, 17-cv-02003 (GBD)(SN)
*Schneider, et al. v. al Qaeda Islamic,* 02-cv-7209 (GBD)(SN)

**The *Dimino* Wrongful Death Plaintiffs' Motion for an
<u>Amended & Final Judgment Against the Islamic Republic of Iran</u>**

**We respectfully ask for expedited relief on this application since the United States Victims of State Sponsored Terrorism Fund has set September 20, 2024, as the date for its final acceptance of compensatory damage awards for distributions in January 2025. We only received the expert report attached to the accompanying Declaration of John F. Schutty, Esq. from prior counsel today.**

For the reasons set forth below, and the exhibits attached to and statements contained in the Declaration of John F. Schutty, Esq. ("Schutty Declaration"), Nancy Dimino, individually as spouse, and as Personal Representatives of the Estate of Stephen Dimino, deceased, and Sabrina Dimino, individually as surviving child of Stephen Dimino, deceased ("the *Dimino* Plaintiffs"), Plaintiffs herein, a *Schneider* subset of *Ashton* Plaintiffs,[1] respectfully move this Court to

---

[1] The *Schneider* (02-cv-7209) and *Ashton* (02-cv-6977) matters were ordered consolidated for liability purposes and mandated to proceed under the *Ashton, et al. v. al Qaeda Islamic Army, et al.* master docket number 02-cv-6977, with the filing of a consolidated master complaint. *See* 02-cv-6977, Doc. No. 11, entered 03/06/2003. The *Schneider* plaintiffs remain segregated within all consolidated *Ashton* filings and are identified therein according to their separate docket number and counsel. *See, e.g*., 02-cv-6977, Doc. No. 465, filed 09/30/2005.

supplement and amend the *Dimino* Plaintiffs' prior partial default judgments (they were previously awarded conscious pain and suffering - *see* 03-md-1570 MDL ECF#3226, and solatium damages – *see* 02-cv-7209 ECF#54), and now request an award of a final and complete final Judgment against the Islamic Republic of Iran ("Iran") through an award of economic loss damages, punitive or treble damages, and prejudgment interest. This motion requests a permissible supplement to prior "partial default judgments" awarding compensatory damages against Iran – to allow for an Order:

(1)    Acknowledging that this Court has previously granted the *Dimino* plaintiffs damages for their decedent's conscious pain and suffering and solatium damages against Defendant Iran;[2]

(2)    Acknowledging that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.* 02-cv-7209 ECF#54] against the Defendant Iran; and now,

(3)    Now awarding economic loss damages in the amounts set forth herein, as supported by the attached economic expert report and analysis; and

(4)    Now granting the *Dimino* Plaintiffs punitive damages against Iran, since this Court has previously ruled that Defendant Iran was subject to punitive damage awards on the compensatory awards (compensatory damages multiplied by the number 3.44) issued by the Court

---

[2]    On March 8, 2016, Judge George B. Daniels issued an order awarding conscious pain and suffering for the *Dimino* plaintiffs. *See* MDL ECF#3226: "Order that . . . compensatory damages for conscious pain and suffering [are awarded] in the amount of $2,000,000 . . ."

On September 23, 2020, Judge George B. Daniels issued an order awarding damages for solatium (individually: spouse and children) for the *Dimino* Plaintiffs. *See* 02-cv-7209, ECF#54: "Ordered that . . . are awarded solatium damages [Nancy Dimino, spouse, $12,500,000 and Sabrina Dimino, child, $8,500,000] . . ."

[see, e.g. MDL ECF#5376], or alternatively, granting the *Dimino* plaintiffs treble damages against Defendant Iran under the Anti-Terrorism Act; and

(5) Now awarding the *Dimino* Plaintiffs prejudgment interest against Defendant Iran at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date that a final Judgment for damages is entered [see, e.g., 02-cv-7209 ECF#54];

(6) Granting the *Dimino* Plaintiffs a final Judgment against Iran so that these Plaintiff and the Court achieve finality against Defendant Iran, and so that these Plaintiffs may pursue asset execution, since this Court has previously granted final judgments against Iran to other plaintiffs (*see Havlish, et al. v Bin Laden, et al.* (ECF#2618 -- Report & Recommendation of M.J. Mass Awarding Damages Against Iran, and ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran].") and *Federal Insurance Co. v. al Qaida* (ECF#2583 -- J. Daniels: ". . . there is no just reason for delay, the Court's entry of judgment [against Defendant Iran] . . . is certified as final pursuant to Fed. R. Civ. P. 54(b)."); and

(7) Directing the Clerk of this Court to enter a final Judgment against Defendant Iran, certified as final pursuant to Fed. R. Civ. P. 54(b), with an award of prejudgment interest at the rate of 4.96 percent per annum.

This motion is made only on behalf of the appointed Personal Representative and state-recognized heirs of the Estate of Stephen Dimino, and specifically, the individuals and amounts listed in the simultaneously filed "Proposed Order[s] of Partial Final Judgments Against Iran on Behalf of the *Dimino* Plaintiffs," in light of this Court's previous order granting permission to allow certain remaining *Ashton* Plaintiffs to move for this relief. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3987, filed 04/30/2018.

## I.  Procedural Background

Based on evidence and arguments submitted by various plaintiffs in this consolidated multi-district litigation arising out of the September 11, 2001, terror attacks, this Court previously issued a default judgment on liability against Iran to all *Ashton* Plaintiffs (including the *Dimino* Plaintiffs, including the Personal Representative named as Plaintiff herein)[3] for claims arising out of the deaths of the Plaintiffs' decedents (the "*Ashton* wrongful death Plaintiffs"). *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3008, Entered 08/26/2015. Thereafter, the *Ashton* wrongful death Plaintiffs (including the *Schneider* Plaintiffs) moved for partial summary judgment for the conscious pain and suffering that their decedents suffered before death, which a December 28, 2015 Report and Recommendation to this Court recommended be granted, and recommended awarding a default judgment against Iran in the amount of $7,556,880,000, representing compensatory damages of $2 million per decedent and punitive damages of $6.88 million per decedent. *See* 03-md-1570 (02-cv- 6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015. Certain *Ashton* wrongful death Plaintiffs (not including any of the *Schneider* Plaintiffs) moved for default judgments on economic damages as well. This Court granted those motions. *See, e.g.,* 03-md-1570 (02-cv- 6977) (S.D.N.Y.) (GBD) (FM), Doc. Nos. 3229, Entered 03/09/2016 (adopting December 28, 2015 Report and Recommendation awarding damages for conscious pain and suffering) and 3356, Entered 10/11/2016 (awarding damages for economic loss).

The Report and Recommendation also concluded that to the extent the *Ashton* wrongful death Plaintiffs' claims arose out of injuries in New York State the rate of prejudgment interest

---

[3]  Proof of the Islamic Republic of Iran's default in answering the Complaint filed by the *Ashton* Plaintiffs was set forth in the Affidavit of Andrew J. Maloney III sworn to on the 13th day of April 2006 (ECF#524-2 filed 4/28/06 in Case No. 1:02-cv-6977 GBD-SN).

was 9 percent per annum from September 11, 2001, until the date judgment was entered and to the extent the injuries arose elsewhere 4.96 percent interest per annum compounded annually was appropriate. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3175, Entered 12/28/2015, pp. 1-2. In addition to awarding pre-death conscious pain and suffering in certain wrongful death actions, this Court previously considered the issue of *solatium* damages suffered by certain of the *Ashton* Plaintiffs and the *Havlish* Plaintiffs and the economic damages arising out certain of the *Ashton* Plaintiffs and each of the *Havlish* cases. In connection with the first group of *Ashton* Plaintiffs *("Ashton I"),* this Court found, among other things, that an award to the immediate family members of each decedent was proper and that prejudgment interest on the *solatium* loss amounts was warranted. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBN) (FM), Doc. No. 2623, Entered 10/03/12. pp. 4-5; 03-md-1570 (S.D.N.Y.) (GBN) (FM), Doc. No. 3300, Filed 06/16/2016, p. 1. The District Court adopted that Report and Recommendation in its entirety in connection with the application made by the *Ashton I* claimants. *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 3229, Entered 03/09/2016.

In connection with the motion for final judgment for a different group of plaintiffs, an October 14, 2016 Report and Recommendation disagreed with the prior conclusion on punitive damages and permitted plaintiffs to file supplemental briefing at a later date to justify their claim to punitive damages. *See* 03-md-1570 (11-cv-7550) Doc. No. 3358, Entered 10/12/201 6, pp. 11- 16. The October 14, 2016 Report and Recommendation also adopted a rate of prejudgment interest of 4.96 percent, regardless of where the injuries arose. *Id.,* p. 20. A second group of *Ashton* Plaintiffs *("Ashton II")* moved for final judgment on all claims against the Islamic Republic of Iran, asking to defer the issue of punitive damages and employing the 4.96 percent prejudgment

interest rate previously adopted by this Court. *See* 03-md-1570 (11-cv-7550) Doc. No. 3370, Entered 10/21/2016. On October 31, 2016, this Court granted the *Ashton II* proposed order. *See* 03-md-1570 (02-cv-6977), Doc. No. 3387, Entered 10/31/2016. A third group of Ashton Plaintiffs ("*Ashton III*") then moved for final judgments as well, also employing the 4.96 percent prejudgment interest rate. *See* Doc. No. 3686, Entered 08/16/2017 (Motion for Final Judgment for *Ashton III* claimants including claims for *solatium* damages). On 08/22/2017 this Court granted the *Ashton III* proposed order. Doc. No. 3706. A fourth group of Ashton Plaintiffs followed ("*Ashton IV*"), and the Court granted their similar request employing a 4.96 percent prejudgment interest rate. *See* 03-md-1570 (02-cv-6977), Doc. No. 3977, Entered 04/24/2018 (Motion for Final Judgment for *Ashton IV* claimants including claims for *solatium* damages) Doc. No. 3979 Entered 04/25/2018 (granting proposed order). On February 20, 2020, the *Schneider* subset of *Ashton* Plaintiffs moved for final judgments, similarly employing a 4.96 percent prejudgment interest rate. *See* 02-cv-7209 (S.D.N.Y.) (GBD) (FM), Doc. No. 44, Filed 02/20/20. The Court granted the *Schneider* Plaintiffs' proposed order. *See* 02 cv-7209 (S.D.N.Y.) (GBD) (FM), Doc. No. 54, Entered 09/23/20.

For the reasons below, as well as those set forth in the prior motions made in *Ashton I, Ashton II, Ashton III,* and *Ashton IV* wrongful death Plaintiffs, the Personal Representative of the Estate and state-recognized heirs of the Estate of Stephen Dimino described in the "Proposed Order[s] of Partial Final Judgments Against Iran on Behalf of the *Dimino* Plaintiffs" now move this Court to grant the simultaneously filed Proposed Order awarding them economic damages as described below, acknowledging the prior awards of *solatium* damages and conscious pain and suffering damages, and now punitive damages or, alternatively treble damages, and directing that pre-judgment interest be assessed at the rates previously awarded in connection with the *Ashton I,*

*Ashton II, Ashton III* and *Schneider* Plaintiffs' motions.

## II. Damages

Under 28 U.S.C. § 1605A ("Section 1605A"), which applies to the claims against Iran, damages are available under the federal law and state law and include money damages "for personal injury or death." *See* 28 U.S.C. § 1605 A(a)(1) and (c)(4). The damages available to plaintiffs in a Section 1605A action include "economic damages, *solatium*, pain and suffering, and punitive damages." 28 U.S.C. § 1605A(c)(4). That is, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent, family members can recover *solatium* for their emotional injury, and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 83 (D.D.C. 2010). As this Court has previously held, certain qualified *Ashton* Plaintiffs are therefore entitled to compensation under Section 1605A for the *solatium* and economic losses suffered as a result of the wrongful death of each of their decedents.

### A. A Supplemental Award of Economic Damages

The FSIA specifically provides for economic damages. *See* 28 U.S.C. § 1605A(c). The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998). Accordingly, "the beneficiaries of each decedent's estate [are] . . . entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore v. Islamic Republic of Iran,* 700 F. Supp. 2d 52, 81-82 (D.D.C. 2010), citing *Heiser,* 466 F. Supp. 2d 229. Thus, for example, Royce C. Lamberth of the United States District Court for the District of Columbia, in a series of decisions issuing final

judgments against the Islamic Republic of Iran under the FSIA, has held Iran "liable for the economic damages caused to decedents' estates." *Roth v. Islamic Republic of Iran*, 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore*, 700 F. Supp. 2d at 78.

Previously, this Court awarded economic damages in each *Havlish* case for the "economic losses stemming from the wrongful death of the decedent[.]" *See* 03-md-1570 (02-cv-6977) (S.D.N.Y.) (GBD) (FM), Doc. No. 2623, Entered 10/03/12, pp. 2-3. In doing so, it adopted the economic loss calculations set forth in the *Havlish* plaintiffs' economic expert reports. The Estate of Stephen Dimino respectfully ask this Court to award economic damages set forth in the simultaneously filed "Proposed Order[s] of Partial Final Judgments Against Iran on Behalf of the *Dimino* Plaintiffs" and supported by the economic expert reports attached as Exhibits A to the Schutty Declaration. The Personal Representative claimants listed in the "Proposed Order[s] of Partial Final Judgments Against Iran on Behalf of the *Dimino* Plaintiffs" opted to seek compensation through the September 11 Victim Compensation Fund of 2001 (the "VCF") and in connection with that claim, gathered information relevant to the economic losses suffered as result of their decedent's wrongful death, which included both documentary evidence of the decedent's earnings as well as interviews with decedent's surviving spouse, colleagues and other witnesses. The Estate of Stephen Dimino retained an expert who has rendered recent opinions as to the economic losses that resulted from the wrongful death of Mr. Dimino. Attached as Exhibit A to the Schutty Declaration are copies of those economic expert reports. The expert reports also include a description of methodology used and the expert's curriculum vitae.

Accordingly, the *Dimino* Plaintiffs respectfully request that the economic damages as set forth in the attached Exhibit A of the Schutty Declaration be awarded here, which are the figures calculated by the Plaintiffs' economic expert as the economic losses suffered as a result of the

wrongful death of Mr. Dimino.

### B. A Supplemental Award of Punitive Damages

Previously, in connection with a motion for final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages. *See* 03-md-1570 (S.D.N.Y.) (GBD)(SN), Doc. No. 3362, Entered 10/14/2016. The *Dimino* Plaintiffs herein ask that this Court allow them now to submit an application for punitive damages.

The *Dimino* Plaintiffs are entitled to an award of punitive damages. *See* 28 U.S.C. § 1605A(c)(4). Previously in this case, Magistrate Judge Mass explained that a "3.44 ratio 'has been established as the standard ratio applicable to cases arising out of' terrorist attacks." ECF #2618 at 13 (quoting Estate of *Bland v. Islamic Republic of Iran*, 831 F. Supp. 2d 150, 158 (D.D.C. 2011)). This Court adopted that recommendation and awarded punitive damage on each compensatory damage category at a ratio of 3.44 (punitive) to 1 (compensatory). ECF #2623 at 2. The Court has applied that ratio in formulating punitive damage awards for plaintiffs in other related cases against Defendant Iran. *See, e.g.*, ECF #3175 at 3 (Magistrate Judge Maas Report and Recommendation to apply a 3.44 punitive multiplier); ECF #3229 at 1 (Judge Daniels adopting in its entirety Judge Maas's Report and Recommendation to apply a 3.44 multiplier); ECF #3300 at 1 (Judge Daniels applying 3.44 punitive multiplier).[4]

---

[4] Several years ago (in 2015), this Court awarded a final Judgment of compensatory damages, plus punitive damages, plus prejudgment interest, to plaintiffs in *Havlish v. bin Laden, et al.*, SDNY Case No. 03-CV-09848. This Court awarded punitive damages at a ratio of 3:44 to 1, adopting Judge Maas' recommendation based upon case law cited in the *Havlish* plaintiffs' damages inquest brief. *Id.* at Doc. 314, pp. 12-13, and at Doc. 316, p. 5. And this Court entered a final Judgment in *Havlish* on October 12, 2012. *Id.* at Doc. 317. *See also* MDL ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran]."). Since one set of 9/11 wrongful death plaintiffs have been awarded a final

Pursuant to the doctrine of "election of remedies," we urge and request an award of punitive damages to the within plaintiffs, but should the Court decide to award treble damages, in the alternative, we also, alternatively, plead for an award of such damages.

### C. Or, a Supplemental Award of Treble Damages In Lieu of Punitive Damages

This Court has previously ruled that "the Court recommends . . . awarding treble damages [against the Taliban] as provided under § 2333 [of the Anti-Terrorism Act]" to the *Dimino* Plaintiffs. *See* Amended Report and Recommendation of M.J. Netburn, MDL ECF #8929 at 13-14 and Appendix A. The same legal analysis applies to treble damage claims against Iran under § 2333 of the Anti-Terrorism Act. The *Dimino* Plaintiffs will waive any right to an award of attorneys' fees under the Anti-Terrorism Act to obtain a final Judgment without delay.

### D. A Supplemental Award of Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the 9/11 wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was the appropriate interest rate. *See* ECF #3175 at 1–2. Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF #3384 at 6.

Accordingly, the *Dimino* Plaintiffs ask this Court to direct that prejudgment interest of 4.96 percent per annum be added to their awards running from September 11, 2001, until the date of final Judgment, as was done previously for other plaintiffs in this consolidated litigation.

---

Judgment and a "final, appealable" Order against Iran, there is no justifiable reason to delay the entry of a similar final Judgment to the plaintiffs bringing this instant motion.

-10-

### III. Conclusion

For all the reasons, herein, as well as those set forth in the previous submissions of the *Ashton* Plaintiffs and other plaintiffs, the *Dimino* Plaintiffs herein respectfully request that this Court grant one of the two accompanying proposed Orders (awarding either punitive, or alternatively, treble damages):

(1) Acknowledging that this Court has previously granted the *Dimino* plaintiffs damages for their decedent's conscious pain and suffering and solatium damages against Defendant Iran;[5]

(2) Acknowledging that this Court previously granted permission to all plaintiffs to submit applications for additional damages awards in later stages, to the extent such awards have not previously been addressed [*see, e.g.* 02-cv-7209 ECF#54] against the Defendant Iran; and now,

(3) Awarding economic loss damages in the amounts set forth herein ($17.2 million), as supported by the attached economic expert report and analysis; and

(4) Granting the *Dimino* Plaintiffs punitive damages against Iran, since this Court has previously ruled that Defendant Iran was subject to punitive damage awards on the compensatory awards (compensatory damages multiplied by the number 3.44) issued by the Court [see, e.g. MDL ECF#5376], or alternatively, granting the *Dimino* plaintiffs treble damages against Defendant Iran under the Anti-Terrorism Act; and

(5) Awarding the *Dimino* Plaintiffs prejudgment interest against Defendant Iran at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date that a final Judgment for damages [see, e.g., 02-cv-7209 ECF#54];

(6) Granting the *Dimino* Plaintiffs a final Judgment against Iran so that these Plaintiff

---

[5] See footnote 2.

and the Court achieve finality against Defendant Iran, and so that these Plaintiffs may pursue asset execution, since this Court has previously granted final judgments against Iran to other plaintiffs (*see Havlish, et al. v Bin Laden, et al.* (ECF#2618 -- Report & Recommendation of M.J. Mass Awarding Damages Against Iran, and ECF#2624 -- J. Daniels: "This is a final, appealable order [re: Judgment Awarding Damages to *Havlish* Plaintiffs Against Iran].") and *Federal Insurance Co. v. al Qaida* (ECF#2583 -- J. Daniels: ". . . there is no just reason for delay, the Court's entry of judgment [against Defendant Iran] . . . is certified as final pursuant to Fed. R. Civ. P. 54(b)."); and

(7)     Directing the Clerk of this Court to enter a final Judgment against Defendant Iran, certified as final pursuant to Fed. R. Civ. P. 54(b), with an award of prejudgment interest at the rate of 4.96 percent per annum.

Dated:  New York, New York
        September 10, 2024

Respectfully submitted,

LAW OFFICE OF JOHN F. SCHUTTY, P.C.

By: /s/ *John F. Schutty*
John F. Schutty (JS2173)
445 Park Avenue, 9th Floor
New York, NY 10022
Tel: (646) 345-1441
*Counsel for the Dimino Plaintiffs*