# EXHIBIT C

```
 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   In re:  TERRORIST ATTACKS ON             03 MDL 1570 (GBD)
             SEPTEMBER 11, 2001
 4
     ------------------------------x
 5
     HAVLISH, et al.,                         03 Civ. 9848 (GBD)
 6
                    Plaintiffs,
 7          v.

 8   BIN LADEN, et al.,

 9                  Defendants.

10   ------------------------------x

11   JOHN DOES 1 through 7,                   20 Misc. 740 (GBD)

12                  Plaintiffs,

13          v.

14   THE TALIBAN, et al.,

15                  Defendants.

16   ------------------------------x         Remote Conference

17                                            New York, N.Y.

18                                            February 22, 2022

19                                            9:30 a.m.

20

21   Before:

22

23          HON. SARAH NETBURN,

24
                                              Magistrate Judge
25
```

|   |   |
|---|---|
| 1 | APPEARANCES |
| 2 | DO CAMPO & THORNTON, P.A. |
|   |     Attorneys for John Does 1-7 Plaintiffs |
| 3 | BY:  JOHN THORNTON |
|   |     ORLANDO DO CAMPO |
| 4 |     DANIELA JARAMILLO |

```
 1                         APPEARANCES

 2   DO CAMPO & THORNTON, P.A.
          Attorneys for John Does 1-7 Plaintiffs
 3   BY:  JOHN THORNTON
          ORLANDO DO CAMPO
 4        DANIELA JARAMILLO

 5

     JENNER & BLOCK, LLP
 6        Attorneys for Havlish Creditors
     BY:  LEE S. WOLOSKY
 7        DOUGLASS A. MITCHELL

 8        - and -

 9   WIGGINS CHILDS PANTAZIS FISHER GOLDFARB, PLLC
          Attorneys for Havlish Creditors
10   BY:  DENNIS G. PANTAZIS
          TIMOTHY B. FLEMING
11
          - and -
12
     RAMEY & HAILEY
13        Attorneys for Havlish Creditors
     BY:  RICHARD D. HAILEY
14

15   KREINDLER & KREINDLER
          Attorneys for Ashton Plaintiffs
16   BY:  MEGAN WOLFE BENETT
          JAMES P. KREINDLER
17        ANDREW J. MALONEY III

18        - and -

19   SPEISER KRAUSE, P.C.
          Attorneys for Ashton Plaintiffs
20   BY:  JEANNE M. O'GRADY

21        - and -

22   SHER TREMONTE, LLP
          Attorneys for Ashton Plaintiffs
23   BY:  MICHAEL TREMONTE

24        - and -

25
```

```
                         APPEARANCES
                         (continued)


BAUMEISTER & SAMUELS, PC
     Attorneys for Ashton Plaintiffs
BY:  THEA CAPONE


MOTLEY RICE LLC
     Attorneys for Burnett Plaintiffs
BY:  ROBERT T. HAEFELE
     JODI WESTBROOK FLOWERS
     DONALD MIGLIORI


ANDERSON KILL P.C.
     Attorneys for O'Neill Plaintiffs
BY:  JERRY S. GOLDMAN
     BRUCE STRONG


COZEN O'CONNOR
     Attorneys for Federal Insurance Plaintiffs
BY:  SEAN P. CARTER
     J. SCOTT TARBUTTON


DAMIAN WILLIAMS
     United States Attorney for the
     Southern District of New York
BY:  JEANNETTE A. VARGAS
     Assistant United States Attorneys


KELLOGG HANSEN TODD FIGEL & FREDERICK PLLC
     Attorneys for Kingdom of Saudi Arabia
BY:  GREGORY G. RAPAWY


WHITE & CASE, LLP
     Attorneys for Republic of the Sudan
BY:  CHRISTOPHER M. CURRAN
     NICOLE ERB
     CLAIRE A. DeLELLE


Also Present:
Joseph Borson, Department of Justice - Civil Division
```

1         If the Court is inclined to instruct the parties to
2    meet and confer, as Mr. Carter suggested, I think we would
3    likely be in agreement with that.  Alternatively, another
4    procedure that would be consistent with ensuring fairness to
5    all of the 9/11 families would be to address the pending
6    motions for final damages judgments, to schedule briefing on
7    the threshold questions of attachability of the remaining
8    blocked assets under TRIA, and we think at the same time to
9    schedule briefing on the question of the appropriate proceeding
10   for enforcing the judgments.  And that, of course, is a
11   potentially very consequential set of issues as to enforcement
12   and, again, it is one with respect to which the interested
13   parties, the full range of interested parties should be heard,
14   and there is clear authority for that, in our view, under the
15   CPLR.
16        THE COURT:  Can I interrupt you for a second?
17        MR. TREMONTE:  Yes.
18        THE COURT:  What is the authority?  Your clients, as I
19   understand it, have no judgments against these entities for
20   which you could attach to the funds.  So what standing does
21   your client have, do you have to challenge the procedural
22   mechanism by which the Havlish and Doe plaintiffs seek to
23   proceed on their execution?  I understand that you might have a
24   right to, whether it is sort of interplead or otherwise join
25   the turnover proceeding, but why do you have a say on how they

1     proceed as a procedural matter?

2               MR. TREMONTE:  Yes, your Honor.

3               So in addition to the interpleader rights, which we
4     agree that we clearly have, we think that we are also
5     interested persons within the meaning of CPLR 5240, and that is
6     a provision that affords the Court very broad powers upon the
7     motion of an interested party or, frankly, on the Court's own
8     initiative within the clear language of the provision to
9     modify, limit, and condition the use of any enforcement
10    procedure.  And so we think at a minimum that provision affords
11    us standing to be heard and to brief the issues in connection
12    with the appropriate procedure, especially in connection with
13    such a unique set of circumstances as this one, where ensuring
14    fairness to the 9/11 families, to all of them, not just a very
15    small minority, is of paramount importance.  So that is the --

16              THE COURT:  Understood.  I don't think it needs to be
17    said, but obviously I also am interested in fairness.  I still
18    don't understand how you would be, under the law, an interested
19    party other than speculatively because your clients have no
20    judgment and some motions have been filed, some motions are
21    anticipated.  Who know when those will actually be addressed.
22    But the interest that you hold at this point is essentially
23    speculative until you have a judgment.  I understand that you
24    have an interest generally because your interest is in
25    providing fairness and equity to all of the 9/11 families, but

M2m2TerC

1  discuss today?
2          MR. WOLOSKY:  Lee Wolosky.  No, your Honor, for
3  Havlish.
4          MR THORNTON:  John Thornton.  No, your Honor, for the
5  Doe plaintiffs.
6          THE COURT:  Great.  Thank you.
7          Ms. Vargas, anything further from the government?
8          MS. VARGAS:  Not at this time, your Honor.
9          THE COURT:  Okay.  And anything further from any of
10 the other plaintiffs' counsel who have spoken today?
11         A VOICE:  No, your Honor.
12         A VOICE:  No, your Honor.
13         A VOICE:  No, your Honor.
14         THE COURT:  All right.  Thank you very much.
15 Ms. Vargas, I will look out for your proposed order.  I hope
16 everybody remains healthy and safe.
17         We are adjourned.  Thank you.
18         COUNSEL:  Thank you.
19                              oOo
20
21
22
23
24
25