# **EXHIBIT 8**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) <br> ECF Case |

This document relates to:
*Ashton, et al. v. al Qaeda Islamic Army, et al., Case. No. 02-6977*
*Bauer, et al. v. al Qaeda Islamic Army, et al. Case No. 02-7236*
*Parker, et al. v. The Republic of the Sudan, Case No. 20-10657*

**THE *ASHTON, BAUER AND PARKER* PLAINTIFFS' REQUEST FOR ISSUANCE OF CLERK'S CERTIFICATE OF DEFAULT AGAINST THE REPUBLIC OF THE SUDAN**

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Rules 55.1 and 55.2(a) of the United States District Court for the Southern District of New York, the *Ashton, Bauer* and *Parker* Plaintiffs, by and through their undersigned counsel, request a Clerk's Certificate of Default against defendant the Republic of the Sudan ("Sudan"). Within the accompanying declaration, I affirm that defendant Sudan, the party against whom the judgment is sought:

1. is not a minor, infant or an incompetent person; and

2. is not in the military service.

3. Sudan was properly served with the *Ashton* Amended Sudan Complaint ("AASC") when it was filed on November 19, 2020 (ECF No. 6537) and the *Bauer* Notices of Amendment filed on January 29, 2021, February 1, 2021, February 2, 2021, and October 20, 2022 adding immediate family members of the decedents by name who were previously represented by each estate's personal representative. *See Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 02-7236, ECF Nos. 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126 and 195. Service of the AASC and *Bauer* Notices of Amendment were accepted by Sudan's counsel upon filing.

1

4. The *Parker* Plaintiffs filed an authorized short form complaint against Sudan on December 17, 2020 which adopted the *Ashton* Amended Sudan Complaint (*see Parker, et al. v. Republic of Sudan*, 20-cv-10657) and they agreed to be bound by any and all rulings related to the AASC.[1]  *See also* ECF No. 6561.

5. Sudan moved to dismiss the AASC and *Parker* Short Form Complaint for lack of subject matter jurisdiction, lack of personal jurisdiction, and failure to state a claim (ECF Nos. 6574, 6575), but said motion was denied by the Honorable George B. Daniels on August 10, 2023 (ECF No. 9278).

6. Sudan appealed the District Court's ruling to the U.S. Court of Appeals for the Second Circuit, but said appeal was dismissed on September 3, 2024, and the Second Circuit issued its Mandate on September 24, 2024 (ECF No. 10394).

7. Sudan was required to file its answer to the AASC and *Parker* Short Form Complaint within fourteen (14) days after the issuance of the Mandate, pursuant to Fed. R. Civ. P. 12(a)(4)(A).

8. Sudan has failed to appear to answer or otherwise respond to the AASC, and has therefore defaulted in the above captioned action.

Dated: November 5, 2024                                Respectfully submitted,

/s/ *Dorothea M. Capone*
Dorothea M. Capone, Esq.
BAUMEISTER & SAMUELS, P.C.
140 Broadway, 46th Floor
New York, NY 10005
**Counsel for the Ashton, Bauer and Parker Plaintiffs**

---

[1] Service of the *Parker* Short Form Complaint was effectuated on Sudan through diplomatic channels by the United States Department of State on July 19, 2024, pursuant to 28 U.S.C. § 1608(a)(4), and proof of service was provided to the Clerk's Office by the United States Department of State by letter dated September 11, 2024, and noted on the docket on September 25, 2024.  The *Parker* Plaintiffs filed an Affidavit of Service attaching proof of service on September 25, 2024, *see* ECF 10397.