UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
IN RE:                              :     MEMORANDUM DECISION
                                    :        AND ORDER
TERRORIST ATTACKS ON                :
SEPTEMBER 11, 2001                  :     03 MDL 1570 (GBD) (SN)
                                    :
                                    :
------------------------------------x

This document relates to:

    *Ashton v. al Qaeda Islamic Army*, No. 02-cv-06977 (GBD)(SN)
    *Burnett v. Islamic Republic of Iran*, No. 15-cv-09903 (GBD)(SN)
    *Ortiz v. Islamic Republic of Iran*, No. 22-cv-03100 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

    Certain *Ashton* and *Burnett* Plaintiffs moved for partial final default judgment against the Islamic Republic of Iran, the Islamic Revolutionary Guard Corps, and the Central Bank of the Islamic Republic of Iran (collectively, the "Iran Defendants"). (ECF Nos. 9660, 9749, 9873, 9879, 9889.)[1] Additionally, Plaintiff Lisa Ortiz moved for partial final default judgment as to liability and damages against the Islamic Republic of Iran ("Iran"). (ECF No. 9853.)

    Before this Court is Magistrate Judge Sarah Netburn's February 19, 2025 Report and Recommendation ("the Report"), recommending that this Court: 1) grant the *Ortiz* Plaintiff's motion and award her pain and suffering damages as set forth in Exhibit A[2]; 2) grant the motions filed by the *Burnett* Plaintiffs and award them pain and suffering damages as set forth in Exhibits A and B, subject to the reduction in damages for Mr. Anthony Ciarnella; 3) deny without prejudice the *Ashton* Plaintiff's motion; and 4) awarding Plaintiffs listed in Exhibits A and B prejudgment

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN).

[2] The Report refers to "Mr. Ortiz," i.e. Angel R. Ortiz the claimant, as the *Ortiz* Plaintiff. (Report at 36, Ex. A.) This Court corrects this error and refers instead to Ms. Lisa Ortiz, the Personal Representative of the Estate of Angel R. Ortiz, as the *Ortiz* Plaintiff.

1

interest at a rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of judgment. (Report, ECF No. 10727, at 36.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 37.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F.Supp.2d 34, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted.)

## II. MAGISTRATE JUDGE NETBURN CORRECTLY CONCLUDED THAT JURISDICTION EXISTS

The Court has both subject matter and personal jurisdiction over the Iran Defendants. (*See* Report at 3–8). As Magistrate Judge Netburn correctly noted, 28 U.S.C. § 1605A confers subject matter jurisdiction over claims by the *Burnett VII*, *Burnett IX* and *Ortiz* Plaintiffs who are U. S. nationals. (Report at 3–4.) As for non-nationals, the *Non-Nationals II* and *Non-Nationals III* groups of *Burnett* Plaintiffs and *Ashton* Plaintiff, Zofia Cieslik,[3] have established that 8 U.S.C. §

---

[3] Magistrate Judge Netburn properly rejected Ms. Cieslik's additional basis of subject matter jurisdiction under the Alien Tort Statute, 28 U.S.C. §1350. (Report at 6.) Magistrate Judge Netburn properly noted that "the [Foreign Sovereign Immunities Act] 'provides the sole basis for obtaining jurisdiction over a foreign state in federal court'." (*See* Report at 6 (citing *Argentine Republic v, Amerada Hess Shipping Corp.*, 488 U.S. 428, 438-39 (1989)).)

2

1605B(b) applies to their claims as an exception to the Foreign Sovereign Immunities Act ("FSIA"). (Report at 3–6.)

Once a court determines that subject matter jurisdiction exists over a foreign state under 28 U.S.C. § 1330(a), personal jurisdiction is straightforward, simply requiring valid service of process under 28 U.S.C. § 1608. *See* 28 U.S.C. § 1330(b). Magistrate Judge Netburn correctly found that Plaintiffs achieved service under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3). (*See* Report at 7–8.) Therefore, this Court has personal jurisdiction over the Iran Defendants.

### III. MAGISTRATE JUDGE NETBURN PROPERLY NOTED THAT THE IRAN DEFENDANTS DEFAULTED

Plaintiffs' effectuation of service triggered a sixty-day period for the Iran Defendants to serve "an answer or other responsive pleading to the complaint." 28 U.S.C. § 1608(d). The Iran Defendants failed to do so, and the Clerk of Court entered Certificates of Default against the Iran Defendants on December 5, 2016 (*Burnett*), and against Iran on December 22, 2011 (*Ashton*) and September 25, 2023 (*Ortiz*). Thus, Magistrate Judge Netburn did not err in concluding that the Iran Defendants defaulted in this action. (*See* Report at 8 (citing Certificates of Default, No. 15-cv-09903, ECF No. 67; No. 02-cv-06977, ECF No. 651; No. 22-cv-03100, ECF No. 11).)

### IV. MAGISTRATE JUDGE NETBURN DID NOT ERR IN HOLDING THE IRAN DEFENDANTS LIABLE

#### A. U.S. National Plaintiffs

This Court already "granted the *Burnett* Plaintiffs default judgment as to liability." (Report at 8 (citing 15-cv-09903, Order of Judgment, ECF No. 85).) This decision arose under 28 U.S.C. § 1605A(c), and therefore, applies only to U.S. nationals. Thus, the Iran Defendants remain liable to the U.S. national *Burnett* Plaintiffs.

Furthermore, the *Ortiz* Plaintiff was a U.S. national who brings her claim under 28 U.S.C. § 1605(A) and incorporates much of the evidence that this Court considered in the 2011 decision.

(*See* Pls. Mem. of Law., ECF No. 9854.) The underlying evidence supports the conclusion that this Court should avoid relitigating the same issues which have already been settled, and hold Iran liable to the *Ortiz* Plaintiff.

### B. Non-U.S. National Plaintiffs

As for the non-U.S. national Plaintiffs, Magistrate Judge Netburn properly noted that they may bring claims pursuant to 28 U.S.C. § 1605B(b) and New York tort law. (*See* Report at 2 (citing *In re 9/11,* 2024 WL 4268663 (S.D.N.Y. Jan. 5, 2024) ("King R&R"), report and recommendation adopted by 2024 WL 1312504 (S.D.N.Y. Mar. 26, 2024) ("King Opinion").) When multi-district litigation courts preside over state law claims, they apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir 1993.) Here, Magistrate Judge Netburn did not err in applying New York assault and battery law to the claims by the *Burnett* Plaintiffs who suffered injuries in New York. (Report at 9.)

Further, Magistrate Judge Netburn did not err in concluding that the Iran Defendants are liable on the *Burnett* Plaintiffs' assault and battery claims. (*See* Report at 10–12.) Under New York law, civil assault "is an intentional placing of another person in fear of imminent harmful or offensive contact." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021) (internal citation and quotation marks omitted). Civil battery is an intentional wrongful physical contact with another person without consent. *Id.* (internal citation and quotation marks omitted). "Aiding-[and-]abetting includes the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation." *King Opinion*, 2024 WL 1312504, at *5 (internal citation omitted).

4

As stated previously, "[t]his Court has little trouble finding that the al Qaeda hijackers committed assault and battery against Plaintiff[s]," *id*, and the Iran Defendants aided and abetted the 9/11 attacks. Considering the evidence that the *Burnett* Plaintiffs have proffered—which the Iran Defendants have admitted is true by virtue of their default—this Court agrees with Magistrate Judge Netburn that the *Burnett* Plaintiffs successfully established the elements of their assault and battery claims under New York law, establishing liability over the Iran Defendants here. (*See* Report at 10–12.)

It is also appropriate for the Magistrate Judge to direct the *Ashton* Plaintiff, Ms. Cieslik, to refile her motion and assert a new cause of action. (*See* Report at 12.) Non-U.S. national Plaintiffs are barred from bringing claims under 28 U.S.C. § 1605A. Furthermore, a Plaintiff is "required to identify, and to bring his claims pursuant to, some . . . 'cause of action arising out of a specific source of law'—for example, state law." (Report at 12 (citing *Oveissi v. Islamic Republic of Iran*, 573 F.3d 835, 840 (D.C. Cir. 2009) (internal citations omitted)).) Therefore, Ms. Cieslik's claim pursuant to 28 U.S.C. § 1605A is denied without prejudice for failure to state a proper cause of action.

## V. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFFS

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual Plaintiffs who had sustained injuries during the 9/11 attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |

| | |
|---|---|
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(Mem. Decision and Order, ECF No. 5946, at 3.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what types of injuries this Court will typically consider to be "significant," "severe," or "devastating." (Personal Injury Report at 6–9.) Magistrate Judge Netburn reserves her discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6.)

Here, Magistrate Judge Netburn properly determined that awards of pain and suffering damages as set forth in Exhibits A and B are appropriate. (Report at 14–36.) Plaintiffs submitted declarations wherein they extensively detailed the injuries they sustained during the September 11, 2001 terrorist attacks. (*See* Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 9664; Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of Non-National 9/11 Personal-Injury Pls., ECF No. 9752; Decl. in Supp. of Mot. for Entry of Partial Final Default J. against the Islamic Rep. of Iran as to Liability and Damages, ECF No. 9856; Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Personal-Injury Pls., ECF No. 9876; Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of *Burnett/Iran* Pls. Identified at Exhibit A, ECF No. 9881; Decl. in Supp. of Mot. for Entry of Partial Final Default Js. on Behalf of Non-National 9/11 Personal-Injury Pls., ECF No. 9892.) The Report accurately describes the relevant injuries, and Magistrate Judge Netburn did not err in her categorization of each injury as "significant," "severe," or "devastating." Further, she did not err in recommending a reduction in damages for Mr. Ciarnella, nor in finding that Plaintiff Felipe David is entitled to a $12,000,000 award, due to his

6

"burns, six-week coma, months-long hospital stay, years-long physical therapy, and continuing care" which constitute "devastating injuries." (Report at 26–28.) Additionally, Magistrate Judge Netburn appropriately found that "Plaintiffs should also be awarded prejudgment interest at a rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment." (*Id.* at 36).

## VI.   CONCLUSION

The *Ashton* Plaintiff's motion is DENIED without prejudice as to her claim under 28 U.S.C. § 1605A, with leave to amend; and the *Burnett* and *Ortiz* Plaintiffs' motions are GRANTED. It is

**ORDERED** that service of process was properly effectuated upon the Iran Defendants under 28 U.S.C. § 1608(a)(4) and 28 U.S.C. § 1608(b)(3); and it is

**ORDERED** that this Court has subject matter and personal jurisdiction over the Plaintiffs' claims against the Iran Defendants under 28 U.S.C. §§ 1330(a), 1605A, and 1605B(b); and it is

**ORDERED** that judgment as to liability is entered for the *Ortiz* Plaintiff on her 28 U.S.C. § 1605A claims against Iran as described in this Order; and it is

**ORDERED** that judgments as to liability are entered for the U.S. national *Burnett* Plaintiffs on their 28 U.S.C. § 1605A claims against the Iran Defendants as described in this Order; and it is

**ORDERED** that judgments as to liability are entered for the non-U.S. National *Burnett* Plaintiffs on their assault and battery claims based on New York law against the Iran Defendants as described in this Order; and it is

**ORDERED** that a partial final default judgment is entered against Iran for the *Ortiz* Plaintiff; and it is

**ORDERED** that a partial final default judgment is entered on behalf of the *Burnett* Plaintiffs identified in Exhibits A and B against the Iran Defendants; and it is

**ORDERED** that Plaintiffs identified in Exhibit A be awarded pain and suffering damages as set forth therein; and it is

**ORDERED** that Plaintiffs identified in Exhibit B be awarded pain and suffering damages as set forth therein; and it is

**ORDERED** that Plaintiffs receiving pain and suffering damages identified in Exhibits A and B are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of judgment; and it is

**ORDERED** that Plaintiffs identified in Exhibits A and B may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that Plaintiffs not appearing in Exhibits A and B may submit in later stages applications for damage awards to the extent they have not done so already.

The Clerk of the Court is directed to close the motions at:

- ECF Nos. 9660, 9749, 9853, 9873, and 9889 in 03-md-1570
- ECF Nos. 693, 707, 720, and 729 in 15-cv-9903
- ECF No. 12 in 22-cv-03100
- ECF No. 2081 in 02-cv-06977

Dated: March 12, 2025
      New York, New York

SO ORDERED:

_____
GEORGE B. DANIELS
United States District Judge

# Exhibit A

**EXHIBIT A**
**U.S. National Personal Injury**

| | Personal Representative | | | | Claimant | | | | | | Claim Information | | | Pain & Suffering Damages | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | First | Middle | Last | Suffix | First | Middle | Last | Suffix | Nationality on 9/11 | 9/11 Site | Case | Complaint | Amendments & Substitutions | Documentation | Prior Award | Amount | Treble |
| 1 | | | | | Scott | Roy | Beloten | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3692 | | | | $7,000,000 | |
| 2 | | | | | Maria | E. | Castillo | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3790 | | | | $5,000,000 | |
| 3 | | | | | Anthony | | Ciarnella | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3801 | | | | $5,000,000 | |
| 4 | | | | | John | | Cretella | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3845 | | | | $5,000,000 | |
| 5 | | | | | James | J. | Csorny | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3852 | | | | $5,000,000 | |
| 6 | | | | | Hipolito | | D'Oleo | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3923 | | | | $5,000,000 | |
| 7 | | | | | Barbara | Ellen | Einzig | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 3958 | | | | $5,000,000 | |
| 8 | | | | | Fausto | Antonio | Gomez | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 4063 | | | | $5,000,000 | |
| 9 | | | | | Thomas | Joseph | Grogan | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 4084 | | | | $5,000,000 | |
| 10 | | | | | Vincent | J. | Panaro | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 4548 | | | | $5,000,000 | |
| 11 | | | | | Milcia | C. | Pena | | U.S. | NY | Burnett VIII | 1:15-cv-09903, 53, at 4567 | | | | $5,000,000 | |
| 12 | | | | | Jeremy | Brandon | Davids | | U.S. | NY | Burnett IX | 1:15-cv-09903, 53, at 3869 | | | | $5,000,000 | |
| 13 | Lisa | | Ortiz | | Angel | R. | Ortiz | | U.S. | NY | Ortiz | 1:22-cv-03100, 1, at 1 | | | | $5,000,000 | |

# Exhibit B

**EXHIBIT B**
**Non-U.S. National Personal Injury**

| Claimant | | | | | | Claim Information | | | Pain & Suffering Damages | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| First | Middle | Last | Suffix | Nationality on 9/11 | 9/11 Site | Case | Complaint | Amendments & Substitutions | Documentation | Prior Award | Amount | Treble |
| Philipson | | Azenabor | | Nigeria | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 3661 | | | | $5,000,000 | |
| Felipe | | David | | Honduras | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 3868 | | | | $12,000,000 | |
| Antonio | Narcisco | Fernandez | | Dominican Republic | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 3985 | | | | $5,000,000 | |
| Edgar | | Gutierrez | | Columbia | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 4098 | | | | $5,000,000 | |
| Jose | | Nivar | | Dominican Republic | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 4511 | | | | $5,000,000 | |
| Manuela | | Pichardo | | Dominican Republic | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 4581 | | | | $5,000,000 | |
| Miriam | | Rodriguez | | Dominican Republic | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 4670 | | | | $5,000,000 | |
| Thelma | | Savery | | Belize | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 4716 | | | | $5,000,000 | |
| Yuni | | Vasquez | | Dominican Republic | NY | Burnett Non-Nationals II | 1:15-cv-09903, 53, at 4874 | | | | $5,000,000 | |
| Ivan | | Almendarez | Jr. | Dominican Republic | NY | Burnett Non-Nationals III | 1:15-cv-09903, 53, at 3639 | | | | $5,000,000 | |
| Robert | | Ramos | | Nicaragua | NY | Burnett Non-Nationals III | 1:15-cv-09903, 53, at 4622 | | | | $5,000,000 | |