UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

IN RE:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

MEMORANDUM DECISION
AND ORDER

03 MDL 1570 (GBD) (SN)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

    *Ashton v. al Qaeda Islamic Army*, No. 02-cv-6977 (GBD)(SN)

GEORGE B. DANIELS, United States District Judge:

    The estate of Andrez Cieslik (the "Cieslik Estate Plaintiff") filed a renewed motion for partial final default judgment against the Islamic Republic of Iran ("Iran"). (ECF No. 10751.)[1] In the original motion, the Plaintiff sought to hold Iran liable under the private right of action provided by § 1605A of the Foreign Sovereign Immunities Act ("FSIA"). (ECF No. 9879.) However, that right of action is available only to United States nationals, military personnel, and government employees. § 28 U.S.C. 1605A(c). Therefore, this Court adopted the Report and Recommendation from Magistrate Judge Netburn and denied the motion without prejudice, as Mr. Cieslik was not a United States national on September 11, 2001. (R&R, ECF No. 10727, at 12; Order, ECF No. 10780, at 5.) Nonetheless, this Court found that it possessed both personal and subject matter jurisdiction, that Iran was properly served, and that Iran defaulted. (Order, ECF No. 10780, at 2–3.) In the present motion, the Cieslik Estate asks this Court to hold Iran liable under 28 U.S.C. § 1605B(b) and state tort law.

---

[1] Unless otherwise indicated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD)(SN).

1

Before this Court is Magistrate Judge Sarah Netburn's March 17, 2025 Report and Recommendation ("the Report"), recommending that this Court: 1) grant the Plaintiff's motion and award pain and suffering damages in the amount of $5,000,000; and 2) award the Plaintiff prejudgment interest at a rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of judgment. (Report, ECF No. 10790, at 10.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (*Id.* at 10–11.) No party filed objections.

Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report.

## I.   LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 34, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation and internal quotation marks omitted).

## II.   MAGISTRATE JUDGE NETBURN DID NOT ERR IN HOLDING IRAN LIABLE

As this Court previously found that it possessed both personal and subject matter jurisdiction, that Iran was properly served, and that Iran defaulted, (ECF No. 10780, at 2–3), this Court turns directly to the question of liability. Magistrate Judge Netburn properly noted that the Plaintiff may bring claims pursuant to New York tort law. (*See* Report at 3 (citing *In re 9/11*, 2024

2

WL 4268663 (S.D.N.Y. Jan. 5, 2024) ("King R&R"), report and recommendation adopted by 2024 WL 1312504 (S.D.N.Y. Mar. 26, 2024) ("King Opinion").) When multi-district litigation courts preside over state law claims, they apply the choice-of-law rules "that would have been applied by a state court in the jurisdiction in which a case was filed." *Menowitz v. Brown*, 991 F.2d 36, 40 (2d Cir. 1993). Because the action was filed in this District, the Court looks to New York's choice-of-law rules. (Report at 4.) As Magistrate Judge Netburn noted, this analysis boils down to an evaluation of the "place of the tort" (*id*. at 4–5)–*i.e.*, "the jurisdiction where the 'last event necessary' to make the defendant liable occurred." *In re Sept. 11 Litig.*, 494 F. Supp. 2d 232, 239 (S.D.N.Y.) (quoting *Schultz v. Boy Scouts of Am.*, 65 N.Y.2d 189, 192 (1985)). Here, Magistrate Judge Netburn did not err in applying New York assault and battery law to the claims by the Plaintiff who suffered injury in New York. (Report at 4–5.)

Moreover, Magistrate Judge Netburn did not err in concluding that Iran is liable on the Plaintiff's assault and battery claims. (*See* Report at 4–7.) Under New York law, civil assault "is an intentional placing of another person in fear of imminent harmful or offensive contact." *Tardif v. City of New York*, 991 F.3d 394, 410 (2d Cir. 2021) (internal citation and quotation marks omitted). Civil battery is an intentional wrongful physical contact with another person without consent. *Id.* (internal citation and quotation marks omitted). Furthermore,

> Aiding-[and-]abetting includes the following elements: (1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must generally be aware of his role as a part of an overall illegal or tortious activity at the time that he provides the assistance; (3) the defendant must knowingly and substantially assist the principal violation.

*King Opinion*, 2024 WL 1312504, at *5 (internal citation omitted).

As stated previously, "[t]his Court has little trouble finding that the al Qaeda hijackers committed assault and battery against Plaintiff[s]," *id,* and Iran aided and abetted the 9/11 attacks.

Considering the evidence that the Plaintiff has proffered—which Iran has admitted is true by virtue of their default—this Court agrees with Magistrate Judge Netburn that the Cieslik Estate Plaintiff successfully established the elements of its assault and battery claims under New York law, establishing liability over Iran here. (*See* Report at 5–7.)

### III. MAGISTRATE JUDGE NETBURN DID NOT ERR IN APPLYING THE PERSONAL INJURY FRAMEWORK TO THE PLAINTIFF

On February 7, 2020, Magistrate Judge Netburn established a framework to award personal injury damages to individual plaintiffs who had sustained injuries during the 9/11 attacks, which this Court adopted on February 14, 2020. (R. & R. to the Honorable George B. Daniels ("Personal Injury Report"), ECF No. 5879, *adopted by* Mem. Decision and Order, ECF No. 5946.) This framework outlined the personal injury awards for individual Plaintiffs as follows:

| Category of Injury | Pain and Damages Award |
|---|---|
| Significant | $5,000,000 |
| Severe | $7,000,000 |
| Devastating | $10,000,000 |

(Mem. Decision and Order, ECF No. 5946, at 3.) In the Personal Injury Report, Magistrate Judge Netburn defined and categorized what types of injuries this Court will typically consider to be "significant," "severe," or "devastating." (Personal Injury Report at 6–9.) Magistrate Judge Netburn reserved the Court's discretion to award further upward departures in what appears to be exceptional circumstances. (*Id.* at 6.)

Here, Magistrate Judge Netburn did not err in her recommendation that this Court classify the Plaintiff's injuries as "significant." (*See* Report at 7–10.) Zofia Cieslik, the widow of the Andrezj Cieslik and the personal representative of his estate, submitted a declaration and exhibits, extensively detailing the injuries her spouse sustained during the 9/11 attacks. (*See* Decl. of James P. Kreindler, ECF No. 10752, Ex. (Decl. of Zofia Cieslik); Ex. D (Andrzej Cieslik's Medical

4

Records).) The Report accurately describes the relevant injuries, and Magistrate Judge Netburn did not err in categorizing the Plaintiff's "significant orthopedic injuries" as "significant." (Report at 7–10; *See also* ECF No. 10727 at 29–30 (categorizing plaintiff's torn meniscus, which required surgery, as a significant injury); *id*, at 32–33 (categorizing plaintiff's trampling injuries, which included a herniated disc that required two surgeries, to be significant injuries).)

Additionally, Magistrate Judge Netburn appropriately found that the "Plaintiff should be awarded prejudgment interest at a rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001, until the date of the judgment." (Report at 10.)

## IV.    CONCLUSION

The Cieslik Estate Plaintiff's motion is GRANTED. It is

**ORDERED** that judgment as to liability is entered for the Cieslik Estate Plaintiff on its assault and battery claims based on New York law against Iran as described in this order; and it is

**ORDERED** that a partial final default judgment is entered against Iran for the Cieslik Estate Plaintiff; and it is

**ORDERED** that the Cieslik Estate Plaintiff be awarded pain and suffering damages as set forth in this order; and it is

**ORDERED** that the Cieslik Estate Plaintiff be awarded prejudgment interest at a rate of 4.96 percent per annum, compounded annually, running from September 11, 2001, until the date of judgment; and it is

**ORDERED** that the Cieslik Estate Plaintiff may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court.

The Clerk of the Court is directed to close the motions at:

- ECF No. 10751 in 03-md-1570

- ECF No. 2230 in 02-cv-06977

Dated: MAY 2 9 2025
New York, New York

SO ORDERED

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge