UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 | Civil Action No. 03 MDL 1570 (GBD)(FM) |

This document relates to:
*Ashton, et al. v. al Qaeda Islamic Army, et al.,* 02-cv-6977 (GBD)(SN)

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO CLARIFY THEIR PLEADINGS RELATED TO MULTIPLE-CAPACITY CLAIMS

Plaintiffs herein move to amend the caption of their Sixth Amended Complaint to incorporate the multiple capacities of individual plaintiffs who previously had not explicitly set forth in the caption the multiple-capacity claims that are permitted under Fed. R. Civ. P. 17. The list of the plaintiffs named in this litigation up to and through the filing of the *Ashton* coordinated Sixth Amended Complaint, filed on September 30, 2005, who have pursued claims in multiple capacities that were not previously explicitly set forth in the Complaint caption is set forth as Exhibit A to the Declaration of Andrew J. Maloney, filed herewith. This Court previously approved substantially similar requests made by other plaintiffs in this multi-district litigation. *See* ECF 4778, 8487, 8723, 9728.

This motion seeks to only identify the individual capacity of those parties whose decedents were killed in the terrorist attacks on September 11, 2001 for whom these individual plaintiffs serve as estate representative and were set forth by name in the *Ashton* Sixth Amended Complaint and to now (1) include the names of the formerly-minor children on whose behalf they were pursuing claims (thus permitting those previously minor children to be named in their own right in this litigation going forward as they are no longer minors), or (2) add to the

1

description of their capacity their individual claims when the complaint did not do so previously or (3) to substitute themselves in as the personal representative of the estate of an immediate family member of a victim who was murdered on September 11, 2001 in the terrorist attacks, when that immediate family member is now deceased. That is, Plaintiffs now seek to amend the caption in this case to set forth all of the separate parties and not just the nominal "real party in interest."

## ARGUMENT

I.  **Fed. R. Civ. P. 17(a) permits suit to be brought by the "real party in interest" without setting forth the various capacities in which that individual may be asserting claims.**

Rule 17 of the Federal Rules of Civil Procedure provides that "an action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1). It provides that, among others, an executor, administrator or guardian may sue in their own names "without joining the person for whose benefit the action is brought[.]" *Id*. Rule 17(b)(3) provides that the capacity of those individuals (executors, administrators or guardians) to sue be "determined … by the law of the state where the court is located … ." *Architectural Body Research Found. v. Reversible Destiny Found., Inc.*, 335 F. Supp. 3d 621, 634 (S.D.N.Y. 2018); Fed. R. Civ. P. 17(b)(3). In this case, a significant number of individual plaintiffs were named in the caption of the Sixth Amended Complaint without setting forth in those captions their individual capacity or their capacity as the legal guardian of minor children (even though in the complaint they asserted such claims).

These plaintiffs were identified by name in the Sixth Amended Complaint with claims in the caption made on behalf of the estate they represented and all of the survivors of the decedent, with claims asserted particularly for "solatium" losses. ECF 465 at 1-97, 235. That

is, the real parties in interest, the individuals ultimately responsible for bringing suit on behalf of the decedents' estates, are already named plaintiffs in this action. Inserting Plaintiffs' status asserting individual claims, as well (which this Court has previously allowed them to do without filing Notices of Amendment against defendants the Islamic Republic of Iran and the Republic of Sudan), prevents any ultimate confusion, promotes judicial economy, and does not fundamentally change any fact, claim, or party in this matter. It would merely clarify Plaintiffs' roles as real parties in interest as individuals as well as representatives of the estates. Indeed, this Court has already permitted such a clarification of pleadings within this MDL on substantially similar grounds for other groups of plaintiffs. *See* ECF No. 4778; 8487.

In addition to explicitly identifying that they have claims in their individual capacities (as described in the body of the complaint) as well as the claims as the personal representatives of the estates of individuals killed in the terrorist attacks on September 11, 2001 (as described in the caption of the complaint), Plaintiffs also seek to break out the claims of children of individuals who were killed in the terrorist attacks on September 11, 2001 who were minors at the time their surviving parent or guardian for purposes of this lawsuit was named as a plaintiff in this litigation and, in one case, to correct the caption where the formerly-minor child of the 9/11 victim is now deceased.

A "minor or an incompetent person" may have their claims brought by a representative who is a guardian, committee, conservator, or "a like fiduciary." Fed. R. Civ. P. 17(c). In this case, a large number of the individuals who were killed in the terrorist attacks on September 11, 2001, had children who were minors at the time of their death. When this case was filed, the claims of these minor children, for the most part, were – pursuant to Fed. R. Civ. P. 17(a)(1) – subsumed within the claims of their guardian or fiduciary who was, in most (though not all)

circumstances, their surviving parent. As those plaintiffs have aged-out of being minors over the course of this litigation, Plaintiffs now seek to clarify for the Court those real parties in interest whose claims were asserted at the outset through representatives in accordance with Fed.R.Civ. P. 17(a)(1) and (c)(1) continue to assert their claims in their individual capacity.

Exhibit A to the Declaration Andrew J. Maloney, filed herewith, details the following:

- The name of the 9/11 Decedent (listed alphabetically within the exhibit by last name of the 9/11 Decedent);

- The plaintiffs' names as they are currently listed in the Sixth Amended Complaint;

- The additional capacity of the individual already named in the Sixth Amended Complaint to be reflected in the amended caption should this Court grant the instant motion;

- The capacity of the individual already named in the Sixth Amended Complaint in their representative capacity for a formerly-minor child;

- The name of that formerly-minor child, now plaintiffs in their own right;

- The name of a now-deceased formerly-minor child whose estate is now a plaintiff in its own right; and

- The nature of the claim (all of which, here, are claims arising out of the wrongful death of the 9/11 Decedents on September 11, 2001 in the Terrorist Attacks).

That is, this motion seeks simply to clarify that those already-named plaintiffs in this litigation were pursuing claims in multiple capacities (as the personal representative of an estate, individually and/or as the parent or guardian of a minor child) when their claims were initially filed in court.

II. **The clarification sought here should be freely provided to permit the assertion of just claims in this litigation.**

Rule 15 provides that, for amendments made before trial but outside the provisions of 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P.

4

15. Leave to amend should be freely given in the absence of any apparent or declared reason, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of amendment, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Morris v. Fordham Univ.*, 2004 WL 906248, *6 (S.D.N.Y. Apr. 28, 2004). Ultimately, whether to allow amendment to a Complaint is a matter within this Court's discretion and should be determined so as "to secure the just, speedy, and inexpensive determination of every action." *Sobel v. Yeshiva Univ.*, 477 F. Supp. 1161, 1169 (S.D.N.Y. 1979) (citing *Forman* at 182). Here, Plaintiffs seek solely to include the multiple capacities under which plaintiffs—whose claims are already being pursued in this case and whose identity and claims were already known to defendants—are proceeding. There is no dilatory motive and the clarification does not create any undue prejudice.

> The Second Circuit has held that "the substitution of [plaintiffs] after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances."

*Espinoza v. Eli Lilly & Co.*, 116 F. Supp. 2d 546 (D. Vt. 2000) (citing *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997)). Furthermore, the *Espinoza* district court determined that a delay in amending a complaint to state plaintiff's capacity, without any resulting prejudice to the defendant or obvious procrastination to harass the defendant, should not serve as the reason to deny leave to amend after the expiry of the statute of limitations. *Espinoza* at 550.

Indeed, Fed. R. Civ. P. 15 and 17(a) have contemplated the proposed change of plaintiffs:

> The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief

5

> consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. *Also relevant is . . . Rule 17(a)* (real party in interest). *To avoid forfeitures of just claims*, . . . *Rule 17(a) . . . provides that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect ....*

*Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 19 (2d Cir. 1997) (citing Fed. R. Civ. P. 15 Advisory Committee Notes (1966)) (emphasis added). Since the initial filing of the Sixth Amended Complaint, defendants have been on notice of all of the named Plaintiffs' wrongful death and survival claims. Prejudice is absent where defendants have not moved to dismiss for failure to state a claim or on the grounds that Plaintiffs lack capacity to sue. None of the named defendants will suffer prejudice from the amendment of the Sixth Amended Complaint in this matter to include Plaintiffs' multiple capacities under which this litigation was brought from the outset. The same is true for substituting the claims of children who were minors at the time their claims were asserted by their representatives. Permitting them to continue to pursue their claims in their own names as the real parties in interest now that they are no longer minors accords with the Second Circuit's rationale in *Advanced Magnetics* to "avoid forfeitures of just claims."

### III.   The clarification sought here relates back to the original pleadings

The clarification sought here should relate back to the original pleadings on two grounds. First, the claims were initially asserted pursuant to Fed. R. Civ. P. 17(a) on behalf of the real parties in interest (including the estates and minor children), the Sixth Amended Complaint expressly sets forth the identities of the named-plaintiffs, and it also expressly made claims for their individual solatium damages. This clarification simply seeks to make clear to the Court and all parties that the already-named plaintiffs in the Sixth Amended Complaint had asserted

as the representatives of the estates, as the parents, guardians or fiduciaries of the formerly-minor plaintiffs and/or in their individual capacities, as set forth in Exhibit A to the Maloney Decl.

Second, Plaintiffs' claims relate back pursuant to Fed. R. Civ. P. 15(c)(1)(B) which provides that an amendment relates back to the original pleadings where "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Here, each of the claims arise out of the terrorist attacks on September 11, 2001, and Defendants were put on notice of the claims of family members and representatives of estates and minors of individuals who were killed in the terrorist attacks on September 11, 2001 such that these identified parties—whose claims were asserted through representatives under Fed. R. Civ. P. 17(a)—were known, or should have been known, by the Defendants such that no prejudice should inure to them by permitting each of these claims to relate back to the filing of claims on behalf of their "real party in interest" on or before the filing of the *Ashton* Sixth Amended Complaint on September 30, 2005.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to clarify their pleadings pursuant to Rules 15 and 17, and to permit the recognition of each of the multiple capacities set forth in Exhibit A to the Declaration of Andrew J. Maloney, and that the plaintiffs listed in that exhibit be considered separate parties in this litigation including on behalf of estates and in their individual capacities and for formerly minor children to pursue their claims now as adults as real parties in interest in their own right.

Dated: July 9, 2025

Respectfully submitted,

_____/s/_____
Andrew J. Maloney, III, Esq.
Kreindler & Kreindler LLP
485 Lexington Ave., 28th Floor
New York, New York 10017
Tel: (212) 687-8181
*Attorneys for Ashton Plaintiffs*