UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
IN RE:                                                : ORDER
:
TERRORIST ATTACKS ON                 : 03 MDL 1570 (GBD) (SN)
SEPTEMBER 11, 2001                         :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

    *Ashton, et al. v. al Qaeda Islamic Army, et al.*, No. 02-cv-6977 (GBD) (SN)
    *Bauer, et al. v. al Qaeda Islamic Army, et al.*, No. 02-cv-7236 (GBD) (SN)

**CORRECTED ORDER GRANTING PARTIAL FINAL JUDGMENT AGAINST THE TALIBAN FOR THE *BAUER II* PLAINTIFFS LISTED IN EXHIBITS A, B, AND C**

GEORGE B. DANIELS, United States District Judge:

    The Plaintiffs listed in Exhibits A1, A2, B and C moved for entry of partial final default judgment against Defendant the Taliban (ECF No. 9843)[1] on May 28, 2024, and now move for a corrected judgment against the same defendant. Upon consideration of the evidence and arguments set forth in the original Declaration of Dorothea M. Capone, Esq. and the Exhibits thereto (ECF No. 9844), the Memorandum of Law in Support of the Rule 60(a) Motion for Correction (ECF No. 11062), and in light of the default judgment as to liability against the Taliban entered on May 12, 2006 (ECF No. 1797) and this Court's order establishing the Taliban's primary and aiding- and-abetting liability in the 9/11 Attacks (ECF No. 8973 (adopting R&R at ECF No. 8540, discussing complaint at ECF No. 1463)), together with the entire record in this case, it is hereby

---

[1] Unless otherwise stated, all ECF citations included herein refer to documents filed on the 9/11 multidistrict litigation docket. *See In re Terrorist Attacks on September 11, 2001*, No. 03-md-1570 (GBD) (SN).

1

**ORDERED** that partial final judgment is entered on behalf of the *Bauer II* Plaintiffs identified in the attached Exhibits A1, A2, B, and C against the Taliban; and it is

**ORDERED** that the *Bauer II* Plaintiffs identified in the attached Exhibits A1 and A2 are awarded pain and suffering and economic damages as set forth therein; and it is

**ORDERED** that the *Bauer II* Plaintiffs identified in the attached Exhibits B and C are awarded solatium damages as set forth in Exhibits B and C; and it is

**ORDERED** that the *Bauer II* Plaintiffs receiving pain and suffering damages identified in the attached Exhibit A1 are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is further

**ORDERED** that the *Bauer II* Plaintiffs receiving economic damages identified in the attached Exhibit A2 are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from the date as indicated in the "Date of Report" column in Exhibit A until the date of judgment; and it is further

**ORDERED** that *Bauer II* Plaintiffs identified in Exhibits B and C are awarded prejudgment interest of 4.96 percent per annum, compounded annually, running from September 11, 2001 until the date of judgment; and it is

**ORDERED** that the *Bauer II* Plaintiffs identified in the attached Exhibits A1 and A2 are awarded treble damages under the Anti-Terrorism Act, 18 U.S.C. § 2333 for the amounts claimed; and it is

**ORDERED** that the *Bauer II* Plaintiffs identified in the attached Exhibits B and C are awarded treble damages under the Anti-Terrorism Act, 18 U.S.C. § 2333 for the amounts claimed; and it is

**ORDERED** that the *Bauer II* Plaintiffs identified in the attached Exhibits A1, A2, B and C may submit future applications for punitive or other damages at a later date consistent with any future rulings of this Court; and it is

**ORDERED** that service of process in the above-captioned case was properly effectuated upon the Taliban (*see* ECF Nos. 445, 709 and 735); and it is

**ORDERED** that any Plaintiffs not appearing on Exhibits A1, A2, B, or C may submit in later stages applications for damages awards to the extent they have not done so already.

The Clerk of Court is directed to enter partial final default judgment for the Plaintiffs listed in Exhibits A1, A2, B and C. The Clerk of Court is further directed to close the motions at ECF No. 11061 in 03-md-1570, ECF No. 2296 in 02-cv-6977, and 316 in 02-cv-7236.

Dated: _____, 2025
      New York, NY                              SO ORDERED.

_____
GEORGE B. DANIELS
United States District Court Judge