UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

**Declaration of Andrew J. Maloney, III, in Support of the *Ashton 3* Plaintiffs' Motion for Partial Final Judgments Against The Taliban for Non-U.S. Nationals**

I, ANDREW J. MALONEY, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1.  I am an attorney representing the plaintiffs in the above-referenced matter (the "*Ashton 3* Plaintiffs") and a partner at Kreindler & Kreindler LLP ("Kreindler & Kreindler") and I submit this declaration in support of the *Kreindler Ashton* 3 Plaintiffs' motion for partial final judgments against the Taliban[1] on behalf of non-U.S. Nationals representing the estates of those individuals murdered on September 11, 2001 listed in Exhibit B1 and B2[2], and their immediate family members or functional equivalents listed in Exhibit C ("Moving *Ashton 3* Plaintiffs"). Exhibit B, pursuant to the Court's recent Order modifying damage columns, is subdivided into B1 for pain and suffering and B2 for economic losses. This motion seeks the following relief:

    A.  Confirming that service of process in the above-captioned matter was properly effected upon the Taliban;

    B.  Confirming that this Court possesses personal jurisdiction over the Taliban for the instant claims;

    C.  Determining that this Court has subject-matter jurisdiction over the Taliban under

---

[1] Plaintiffs are aware of the recent 2d. Cir. decision in *Havlish et al. v. Taliban*, case no. 23-258, Aug. 26, 2025 affirming this Court's Order denying turnover and attachment motions against the assets held by DAB at the FRBNY. *Ashton 3* Plaintiffs nonetheless seek partial final judgments to potentially pursue Taliban assets elsewhere.
[2] Exhibit A is the proposed Order.

      state common law for actions arising out of intentional murder and intentional infliction of emotional distress based on the intentional acts of international terrorism perpetrated on September 11, 2001 that targeted innocent civilians resulting in death, personal injury, and significant grief sustained by family members of those killed in the attacks;

D. Awarding damages' judgments under applicable common law to Moving Plaintiffs identified in Exhibits B1, B2 and C against the Taliban in the same amounts previously awarded by this Court to the Moving Plaintiffs as against co-tortfeasor and co-defendant Iran with the exception of treble damages that were recoverable under the ATA that does not apply to these non-U.S. Nationals;

E. Awarding Moving Plaintiffs prejudgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

F. Granting Moving Plaintiffs permission to seek punitive damages, economic damages, and other appropriate damages, at a later date;

G. Granting permission for all other Plaintiffs not appearing in Exhibits B1, B2 and C to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed; and

H. Granting Plaintiffs such other and further relief as this honorable court deems just and proper.

2. The form of this motion and the relief requested herein are intended to comply with the prior orders of this Court. ECF 8198 (setting forth information required to renew motions for final damages); 3433, 3435 (requiring sworn declaration of due diligence safeguards and verification regarding any prior relief); ECF Nos. 5234, 7870, 7963, 8198, 8541; and the recent order modifying the tables and columns for damages' calculations with interest, ECF 11036.[3]

---

[3] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

Procedural Background

3.      On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the alleged participants, sponsors, co-conspirators, and aiders and abettors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, Iran and the Taliban, among others. *See* 02-cv-6977 (S.D.N.Y.) ECF 1.  That complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

4.      Kreindler & Kreindler represents some, but not all of the plaintiffs set forth in the *Ashton* complaints.  I anticipate that counsel for the non-Kreindler plaintiffs on the *Ashton* complaints may move separately for relief similar to what is sought in this motion.

5.      Pursuant to this Court's order, the *Ashton* Plaintiffs served the *Taliban* Defendants by publication. ECF 445 at 1, 8, 11.  Verification of service by publication on, among others, the *Taliban*, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[4]  The *Taliban* failed to appear and never answered. The *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the *Taliban*).[5]  That is, as of May 12, 2006, the *Ashton* Plaintiffs had a liability default judgment against the *Taliban*, among others.

---

[4] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

[5] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF 1797.  When referring to *Ashton* Plaintiffs set forth on a complaint naming the Taliban as a defendant, that includes the plaintiffs who are the personal representatives of or immediate family members of the estates added to the lawsuit as of the Sixth Amended Complaint.

6. The *Ashton* Plaintiffs now seek partial final damages judgments against the Taliban on behalf of the non-U.S. Nationals' estates and their immediate family members under state law.

Damages Due Diligence:

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Ashton* Plaintiffs in connection with this litigation; communications directly from family members of the *Ashton* 9/11 Decedents listed in Exhibits B1, B2 and C; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. All of the *Ashton* 9/11 Decedents listed in Exhibits B1 and B2 died in the September 11, 2001 terrorist attacks. My law firm has been retained by the representatives of the estates of the *Ashton 3* 9/11 Decedents listed in Exhibits B to represent those estates. All but two of these decedents perished at the World Trade Center in NY.[6]

9. For the *Ashton* 3 9/11 Decedents listed in Exhibit B1 and B2, they are non-U.S. citizens killed on September 11, 2001.

10. Exhibit B1 sets forth the compensatory damages amount this Court previously awarded to the Estates of the *Ashton* 3 9/11 Decedents for conscious pain and suffering of the

---

[6] Yvonne Estelle Kennedy perished at the Pentagon in VA; Alan Beaven perished in Shanksville, PA.

4

decedent before death in connection with claims asserted against defendant the Islamic Republic of Iran ("Iran").

11. Exhibit B2 sets forth claims by the Personal Representatives of the estates of the Ashton 9/11 Decedents seeking an award of economic damages in the amounts listed therein that were previously awarded to the Ashton 3 Plaintiffs against Iran. For those estates seeking economic damages, such amounts are based upon reports prepared by John F. Beauzile, a retained expert who possesses a Master's Degree in Actuarial Science from Columbia University ("Expert"), to evaluate the economic losses resulting from decedents' death as a result of the September 11th Attacks. This economic expert who, relying on materials provided by plaintiffs (economic expert reports, VCF applications, VCF work-papers and distribution plans, VCF determinations, underlying economic documents, VCF valuation files, tax submissions and other earnings information), applied generally accepted methodologies and assumptions and calculated the present value of economic losses to a reasonable degree of accounting and actuarial certainty. The underlying materials included economic expert reports, VCF files and other documentary evidence and include damages calculations that, when calculated soon after the September 11, 2001 terrorist attacks, have now been brought up to present value, as explained in connection with our prior motion for economic damages on behalf of the estates of the Ashton 9/11 Decedents, and are the same amounts that this Court granted following prior motions for economic damages in connection with claims asserted against Iran. As described in more detail in the Expert's Declaration attached as Exhibit D, we obtained, generally through a Freedom of Information Act ("FOIA") request, entire September 11th Victim Compensation Fund ("VCF") files for a substantial number of 9/11 decedents represented by undersigned counsel.

12. For some of the estates listed in Exhibits B2, we do not yet have economic loss data and will move for economic damages when we have the underling financial information. For example, in cases in which Kreindler & Kreindler did not represent the estate of the 9/11 Decedent in the VCF, we are seeking to obtain VCF files from the Department of Justice via a Freedom of Information Act ("FOIA") request.[7] We routinely ask the representatives of the *Ashton* 9/11 Decedents' estates to provide Kreindler & Kreindler with an authorization to obtain the relevant files from the VCF. After we receive the authorization, we make a formal FOIA demand for a copy of that file. Due to backlogs at the Department of Justice, which administered the VCF, and new procedures in redacting certain information in the VCF files, we have experienced substantial delays in obtaining VCF files. We expect to have additional VCF files, and thus additional updated economic loss data, in the future and intend at that time to seek economic damages for the *Ashton* 9/11 Decedent estates not currently making such a motion.

13. Exhibit B1 has a column that lists the MDL ECF docket filings that correspond to the pain and suffering and B2 economic loss damages this Court previously awarded, which we provide in support of the damages judgments sought here.

14. In addition, this Court previously awarded solatium damages to immediate family members (and their functional equivalents) to the individuals who were U.S. citizens in the following amounts:

---

[7] The Department of Justice requires each FOIA request to be accompanied by a Certification of Identity executed by the representative of the estate specifically authorizing counsel to obtain the VCF files, even if counsel provides a retainer agreement with the FOIA demand.

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

In some cases, this Court issued a partial award to the functional equivalents of those individuals listed above.

15.     The non-U.S. National *Ashton 3* Plaintiffs listed in Exhibit C[8] are both representatives of the estates of the *Ashton 3* 9/11 Decedents named in the *Ashton* complaints underlying the default judgment against the *Taliban*, which asserted claims for all survivors of the *Ashton* 9/11 Decedents and expressly identified a state law cause of action for intentional murder and sought non-economic damages for the intentional infliction of emotional distress and related injuries akin to solatium damages noted by the Court under the ATA for U.S. citizens, (*see* ECF No. 8973) and are also immediate family members (or the functional equivalents) of the *Ashton* 9/11 Decedents named in those complaints in which solatium damages were sought. *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 485 at ¶ 482 (seeking, among other things, solatium damages).  These individuals were identified as Plaintiffs in the complaint against the Taliban and have also been added by name via Notice of Amendment by the process this Court established concerning the claims against Iran and Sudan.  We have confirmed the relationship

---

[8] To the extent other estates are referenced in Exhibit C, these are estates of family members of 9/11 decedents who passed away after the September 11th Attacks, as opposed to the estates of the 9/11 decedents who are listed in Exhibit B.

between the *Ashton 3* 9/11 Decedent and the individuals listed in Exhibit C through documentary evidence and / or interviews with and written confirmation from our clients.

      16.     Exhibit B1 and B2 lists the MDL ECF docket filing that corresponds to the damages this Court previously awarded to these Plaintiffs against co-tortfeasor Iran, which we provide in support of the damages judgments sought here.

      17.     The *Ashton 3* Plaintiffs listed in Exhibit C are immediate family members (or the functional equivalents) of the *Ashton 3* 9/11 Decedents named in the *Ashton* complaints underlying the default judgment against the *Taliban*, which asserted claims "on behalf of all survivors" of the *Ashton 3* 9/11 Decedents and expressly identified solatium damages, but are not set forth by name individually in those complaints. *See* 02-cv-6977 (S.D.N.Y.), ECF 485 at pp. 1-99. These individuals have been added by name via Notice of Amendment by the process this Court established concerning the claims against Iran. We have confirmed the relationship between the *Ashton 3* 9/11 Decedent and the individuals listed in Exhibit C through documentary evidence and / or interviews with and written confirmation from our clients.

      18.     Exhibit C lists the MDL ECF docket filing that corresponds to the damages this Court previously awarded, which we provide in support of the damages judgments sought here.

      19.     The *Ashton 3* Plaintiffs listed on the exhibits to this declaration have received final judgments against Iran but have received no final judgment against the *Taliban.*

      20.     In order to allow them to attempt to satisfy any portion of the outstanding judgment amounts against the *Taliban*, the non-U.S. National *Ashton 3* Plaintiffs respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against co-tortfeasor Iran and as is reflected in Exhibits B1, B2 and C with

the exception of awarding treble damages which was a remedy under the ATA that is not applicable to the non-U.S. Nationals.

21. For any *Ashton 3* Plaintiffs not set forth in the attached exhibits, including those represented by other than *Ashton* counsel but consolidated on the *Ashton* complaint, and for any damages not included herein, we expect additional claims to be asserted.

22. For all of the reasons set forth in this declaration and the *Ashton 3* Plaintiffs' Revised Motion for Final Judgments against the Taliban on behalf of non-U.S. Nationals, I respectfully request that this Court grant the proposed order filed herewith.

Dated: August 27, 2025
       New York, NY

                                                  /s/ Andrew J. Maloney, III
                                                  Andrew J. Maloney, III