```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

**In re:**

    **TERRORIST ATTACKS ON**
    **SEPTEMBER 11, 2001**

```
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/8/2025

03-MD-01570 (GBD)(SN)

**ORDER**

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton, et al. v. al Qaeda Islamic Army, et al., No. 02-cv-6977 (GBD)(SN)

    Plaintiffs in Ashton v. al Qaeda Islamic Army, No. 02-cv-6977 (the "Ashton Plaintiffs"), move to amend their complaint under Federal Rule of Civil Procedure 15. ECF No. 11198.[1] They seek to correct the names and identities of certain plaintiffs named in the Ashton Sixth Amended Complaint, which was filed on September 30, 2005. ECF No. 1463. The basis for the corrections is information provided by the clients or identified from documentation on the individuals killed in the September 11, 2001 terrorist attacks. ECF No. 11198 at 2. Plaintiffs or their immediate family members have confirmed the corrected information in Exhibit A to the motion. Id.; see ECF No. 11198-1.

    Federal Rule of Civil Procedure 15(a)(2) permits a party to amend its complaint with the court's leave and directs courts to "freely give leave when justice so requires." The decision to permit amendment is committed to the discretion of the court, McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007), but granting "leave to amend is the 'usual practice,'" Bank v. Gohealth, LLC, No. 21-cv-1287, 2022 WL 1132503, at *1 (2d Cir. Apr. 18, 2022)

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

(quoting <u>Hayden v. Cnty. of Nassau</u>, 180 F.3d 42, 53 (2d Cir. 1999)). Amendment should be permitted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

The Court does not find any reason to deny leave to amend. The <u>Ashton</u> Plaintiffs' proposed amendments do not add any parties or change any fact or claim in this matter. The proposed amendments will not unduly delay these proceedings or prejudice any defendant, and they were not filed in bad faith or with a dilatory motive. The <u>Ashton</u> Plaintiffs' motion is therefore GRANTED, and it further ORDERED that:

- The <u>Ashton</u> Plaintiffs' Sixth Amended Complaint, ECF No. 1463, is amended as set forth in Exhibit A, ECF No. 11198-1; and

- <u>Ashton</u> Plaintiffs shall comply with the Clerk of Court's instructions as set forth in ECF No. 4295 for the addition of plaintiffs to the case listed above in the Court's ECF and docketing system.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 11198 and the related motion at ECF No. 2327 in <u>Ashton</u>, No. 02-cv-6977.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 8, 2025
         New York, New York

2