**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                   :

                                   :        MEMORANDUM DECISION AND
                                   :               ORDER

In re Terrorist Attacks on September 11, 2001   :

                                   :        03 MDL 1570 (GBD) (SN)

                                   :

                                   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

This document relates to:

    *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-CV-6977 (GBD)(SN)

GEORGE B. DANIELS, District Judge:

    Certain *Ashton* Plaintiffs move this Court for vacatur, or in the alternative, reconsideration, of the May 29, 2025, Memorandum Decision and Order, (the "Order"), ECF No. 10989, denying final damages judgments as the "functional equivalent" of an immediate family member of an individual killed in the terrorist attacks on September 11, 2001. (*See* Plaintiffs' Motion ("Motion"), ECF No. 11111.) Plaintiffs move solely as to Plaintiff Maxwell Sivin, pursuant to Federal Rule of Civil Procedure 60(b)(6), or, in the alternative, to Rule 6.3 of the Local Civil Rules of the Southern District of New York. (*Id.*) Plaintiffs' motion is DENIED.

## I.    PROCEDURAL BACKGROUND[1]

    Magistrate Judge Sarah Netburn issued Reports and Recommendations ("Reports") on December 19, 2019, and January 21, 2020, recommending that this Court: 1) grant solatium damages to certain Plaintiffs as set forth in the exhibits therein and 2) deny solatium claims sought

---

[1] This Court assumes familiarity with the general background of this case and will only restate relevant background as necessary to address the pending motion.

by non-immediate family members Alexandria Catalano, Julian Perez, Mariano D'Alessandro, Aaron Pagan, and Maxwell Sivin. (Reports, ECF Nos. 5387 at 8, 5701 at 10.)

On March 09, 2020, four of the *Ashton* Plaintiffs, including Maxwell Sivin, objected to the portions of the Reports recommending denial of solatium claims by Non-Immediate Family Members. (Objs. ("Objections"), ECF No. 6123.) After undertaking a *de novo* review of those portions of the Reports, this Court adopted the Reports in full in the Order on May 29, 2025. (Order, ECF No. 10989.) The motion now before this Court seeks vacatur or reconsideration of the Order only as to Plaintiff Maxwell Sivin. (*See* ECF No. 11111.)

## II.    LEGAL STANDARDS

Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment. *See* FED. R. CIV. P. 60(b)(1)–(5). "Rule 60(b) also includes a 'catchall' provision—Rule 60(b)(6)—that allows a district court to reopen a case for 'any other reason that justifies relief.'" *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025) (internal quotations omitted). "Recognizing Rule 60(b)(6)'s potentially sweeping reach, courts require the party seeking to avail itself of the Rule to demonstrate that 'extraordinary circumstances' warrant relief." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *see also BLOM*, 145 S. Ct. at 1619 ("The text and structure of Rule 60 make clear that relief under Rule 60(b)(6) is available only in narrow circumstances.").

A party seeking reconsideration must set forth "concisely the matters or controlling decisions which counsel believes the court has overlooked." Loc. Civ. R. 6.3. "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data . . . that might reasonably be expected to alter the

conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Degrafinreid v. Ricks*, 417 F. Supp. 2d 403, 409 (S.D.N.Y.), *on reconsideration*, 452 F. Supp. 2d 328 (S.D.N.Y. 2006).

## III.   PLAINTIFFS' MOTION FOR VACATUR IS DENIED

This Court has created a framework to determine solatium damages for immediate family members of those who were killed in the September 11, 2001, terrorist attacks. (*See* Mem. Decision and Order, ECF No. 2623.)   Where appropriate, this Court has also established a framework that extended solatium damages to the "functional equivalents" of immediate family members under the Foreign Sovereign Immunities Act ("FSIA").   (Report and Recommendation, ECF No. 3676, *adopted by*, Mem. Decision and Order, ECF No. 3795 ("*Hoglan IV*".)   In *Hoglan IV*, Magistrate Judge Netburn concluded that "any step-relative receiving solatium damages must demonstrate that they continuously cohabited with the decedent for a significant period of time prior to the date the claimant (for stepchild claims) . . . turned 18 and attained the age of majority. This period of time is presumptively two years." (*See id.* at 13.)

Brothers Justin Sivin and Maxwell Sivin sought solatium damages from Joel Miller, their stepfather who perished in the 9/11 attacks. (Plaintiffs' Motion, ECF No. 5428)   Joel Miller moved in to live with Justin and Maxwell when Justin was fifteen years old and Maxwell was seventeen years old.   Magistrate Judge Netburn concluded in the Reports that Joel Miller was the functional equivalent of the father to Justin Sivin because Joel lived with Justin for two years before Justin turned eighteen. (Reports, ECF No. 5701 at 8)   Magistrate Judge Netburn, however, concluded that Joel Miller was not the functional equivalent of Maxwell's father because Joel only began

3

cohabitating with Maxwell when Maxwell was seventeen, less than the two-year presumption that this Court applies functional equivalent family member cases. (*Id.* at 9, *citing Hoglan IV* at 13.)

When objecting to Magistrate Judge Netburn's report, Plaintiffs did not allege that Judge Netburn failed to properly acknowledge the facts. Instead, they argued that the two-year presumption established in *Hoglan IV* was "arbitrary and irrational." (Objs., ECF No. 6123 at 8) But as this Court concluded in its *de novo* review of Judge Netburn's report, "in order for stepparents to be deemed fully functional equivalent to biological parents, it is important that they become family when the stepchildren were in their early childhood." (Mem. Decision and Order, ECF No. 10989 at 6 (citing *Hogan IV* at 13).)

In the present motion, Plaintiffs argue that this Court, in the May 29, 2025 Order, "may have inadvertently neglected to consider factual information in the record that would warrant granting [Maxwell] a damages judgment against Iran" as a functionally equivalent family member to a decedent in the September 11, 2001 terrorist attacks. (Motion, ECF No. 11111 at 2.) Specifically, Plaintiffs contend that this Court neglected to consider the statements in Maxwell's supplemental declaration that he lived "five minutes apart" from his stepfather Joel Miller and that they "largely stayed as a family between the two homes." (*See* Plaintiffs' Supplemental Declaration ("PSD"), ECF No. 6219-1 at 1-2.)

Plaintiffs fail to establish extraordinary circumstances to warrant relief for a judgment pursuant to Rule 60(b)(6). As a preliminary matter, Plaintiff failed to object to Magistrate Judge Netburn's Reports on these grounds. Federal Rule of Criminal Procedure 59(b)(2) provides that a party may file "*specific* written objections" to a magistrate judge's recommendation. FED. R. CRIM. P. 59(b)(2) (emphasis added). Plaintiffs' objections to Magistrate Judge Netburn's Report were that Maxwell Sivin was entitled to a damages judgment because the *Hoglan IV* standard was

4

arbitrary and irrational, not that this Court had mischaracterized or ignored the facts in Maxwell's supplemental declaration.

Moreover, even if Plaintiffs had properly objected on these grounds, the fact that Maxwell lived "five minutes apart" from his stepfather and they "largely stayed as a family between the two homes" does not alter this Court's conclusion. (PSD at 1–2.) The language of *Hogan IV* is clear that "[i]ntermittent or sporadic cohabitation . . . would not generally be sufficient to fulfill this requirement." (*Hogan IV* at 7.) In other words, it is insufficient for Plaintiffs to show that Maxwell lived near his stepfather. Plaintiffs must show that Maxwell continuously cohabitated with his stepfather for at least two years before reaching adulthood. The standard is necessarily a stringent one, as "courts have consistently emphasized that the functional equivalents doctrine is meant to be a narrow exception that applies to 'a few limited circumstances.'" (Mem. Decision and Order, ECF No. 3795 at 4, *citing Bettis v. Islamic Republic of Iran*, 315 F.3d 325, 337 (D.C. Cir. 2003).) Accordingly, Plaintiffs' motion for relief pursuant to Rule 60(b)(6) is DENIED.

## IV.    PLAINTIFFS' MOTION FOR RECONSIDERATION IS DENIED

For substantially the same reasons, Plaintiffs fail to establish extraordinary circumstances to warrant reconsideration pursuant to Rule 6.3. As established above, Plaintiffs fail to "point to controlling decisions or data . . . that might reasonably be expected to alter the conclusion reached by the court" that Maxwell did not continuously cohabitate with his stepfather for two years before the age of adulthood. *Shrader*, 70 F.3d at 257.

5

## V.   CONCLUSION

Because Plaintiffs fail to establish the extraordinary circumstances necessary to warrant

relief under Rule 60(b)(6) or Local Rule 6.3, Plaintiffs' motion for vacatur or reconsideration is

DENIED.

Dated: September 25, 2025
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

6