UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)

### *Ashton 4* Plaintiffs' Motion for Final Judgments Against the Taliban

For the reasons set forth below, the statements contained in the declaration of Andrew J. Maloney, III, Esq. ("Maloney Declaration" or "Maloney Decl.") and the record in this case, those plaintiffs in the above-captioned *Ashton* matter ("*Ashton* Plaintiffs") respectfully move for an Order for final judgments for their losses and injuries arising out of the deaths of those individuals listed in the exhibits, all of whom were murdered in the September 11, 2001 Terrorist Attacks. They previously obtained a default liability judgment against, among others, the Taliban, and now move for the damages. They seek an Order:

1. Awarding each estate of the individuals killed in the September 11 Terrorist Attacks listed in Exhibit B1 to the Maloney Declaration, all of whom were U.S. nationals at the time of their deaths, damages for conscious pain and suffering against the Taliban based on the same amounts that this Court awarded to those estates as against other defendants, but has not yet awarded to those estates as to the Taliban;

2. Awarding each estate of the individuals killed in the September 11 Terrorist Attacks listed in Exhibit B2 to the Maloney Declaration, all of whom were U.S. nationals at the time of their deaths, damages for economic loss against the Taliban based on the same amounts that this Court awarded to those estates as against other defendants, but has not yet awarded to those estates as to the Taliban;

1

3. Awarding each of the immediate family members of an individual killed in the September 11 Terrorist Attacks listed in Exhibit C (all of whom have been added to the suit against the Taliban and all of whom are U.S. nationals, as noted in the exhibit) solatium damages in the same amounts that this Court has previously awarded to those immediate family members;

4. Awarding those *Ashton* Plaintiffs identified on Exhibits B1, B2 and C, all of whom have asserted claims under the Anti-Terrorism Act, 18 U.S.C. § 2333, treble damages;

5. Awarding these plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

6. Granting the *Ashton* Plaintiffs permission to seek punitive damages, economic damages, to the extent not sought herein, and other appropriate damages at a later date; and

7. Granting permission for all other plaintiffs in this action not appearing on the exhibits to the Maloney Declaration to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

As the awards set forth in the proposed order represent the only direct recovery by the *Ashton* Plaintiffs against the Taliban, the proposed order would constitute final awards and judgments against the Taliban for those *Ashton* Plaintiffs identified in Exhibits B1, B2 and C.

I. **Procedural Background**

On September 4, 2002, the *Ashton* Plaintiffs, on behalf of individuals killed on September 11, 2001 in the terrorist attacks (the "*Ashton* Decedents"), filed their first complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against the

Taliban, among others. *See* 02-cv-6977 (S.D.N.Y.) ECF 1.[1] That complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.[2]

In their complaints, the *Ashton* Plaintiffs asserted federal jurisdiction against the Taliban and other defendants pursuant to, among other things, the Anti-Terrorism Act, 18 U.S.C. § 2333 ("ATA"). *See, e.g.* 02-cv-6977, ECF 465 at ¶¶ 2-3, 10-12.

The substantive causes of action asserted against the Taliban, among others, were based on state law (Counts One through Four) and the ATA (Count Five). *See, e.g.,* 02-cv-6977, ECF 465 at ¶¶ 464-466, 469-70, 473-74, 477-78, 481-82, 486-89. Under the Anti-Terrorism Act, a plaintiff who is a "national of the United States injured … by reason of an act of international terrorism, or his or her estate, survivors, or heirs, may sue … and shall recover threefold the damages he or she sustains … ." 18 U.S.C. § 2333(a). Included in these counts were claims for wrongful death damages (economic loss and pain and suffering, among other things), personal injuries (both physical and mental), and solatium losses (along with loss of consortium, loss of support, loss of society and companionship, loss of parental care and guidance, and more). *Id.*

This Court issued an order authorizing service of process by publication on certain defendants, including the Taliban. ECF 445 at 1, 8, 11. The *Ashton* Plaintiffs, and others, served the Taliban by publication with verification of publication filed on March 16, 2005 and March 31, 2005. ECF 709, 735; Maloney Declaration at ¶ 4.[3] The Taliban never answered and the

---

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

[2] In a Case Management Order, this Court set forth a process for adding plaintiffs by listing their names and filing as supplemental pleadings under Fed.R.Civ.P. 15(d) and ordering that "[p]laintiffs added by this procedure need not re-serve defendants who have already been served." ECF 247 at ¶ 12.

[3] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which

3

*Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs' motion, including the Taliban); Maloney Declaration at ¶¶ 4-5.[4]

Subsequently, certain immediate family members of the *Ashton* Decedents were added to the Sixth Amended Complaint. ECF 8721 and 8715-1; 8826 and 8822-1; ECF 9729 and 9699-1. This Court ordered that the amendments adding those plaintiffs "supplement, but do not displace" the Sixth Amended Complaint; that all "[p]rior rulings, orders, and judgments entered in this case remain in effect as to all parties"; and that no "[f]urther service on the Taliban" was required. ECF 8721, 8826, 9729. The *Ashton* Plaintiffs listed in Exhibit C, as noted in Exhibit A to the Maloney Declaration (the default motion cover sheet), have all been joined to the Sixth Amended Complaint by those orders and are therefore parties to the final liability judgment against the Taliban.

Previously, in connection with their claims against the Islamic Republic of Iran ("Iran"), another defendant in the complaints naming the Taliban, this Court granted *Ashton* Plaintiffs a default liability judgment (ECF 3014) and final damages judgments against Iran, granting the *Ashton* Plaintiffs' motions for:

- Compensatory damages for the conscious pain and suffering of the *Ashton* Decedents set forth in Exhibit B-1 (ECF 3226);

---

sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2. The jurisdictional and factual allegations against the Taliban as set forth in the operative complaint at the time of service did not change in subsequent amendments. *Compare* 02-cv-6977 (S.D.N.Y.) (*Ashton* Consolidated Master Complaint, Filed 03/06/2003), ECF 11 at ¶¶ 2, 10-12, 112-14, 178-79, 600, 602-03, 605-06, 608-09, 610-12, 615-19 *with* 02-cv-6977 (S.D.N.Y.) (Sixth Amended Complaint, Filed 09/03/2005) ECF 465 at ¶¶ 2, 10-12, 78-79, 123-25, 464-66, 469-70, 473-74, 477-78, 481-82.

[4] This Court entered a default liability judgment on May 12, 2006, stating that it applied to all claims, plaintiffs and defendants up to and through the Sixth Amended Complaint. ECF 1797.

- Economic damages for the estates of the *Ashton* Decedents set forth in Exhibit B-2 (ECF 10266, 10292 and 10987); and

- Solatium damages for immediate family members (and their functional equivalents) of the *Ashton* Decedents (ECF 3979, 4880, 7190, 8269, 9159, 10292 and 10987).

The *Ashton* Plaintiffs listed in Exhibits B1, B2 and C to the Maloney Declaration now move this Court to grant the proposed Order awarding them monetary judgments for, as noted on those exhibits, pain and suffering, economic losses and solatium damages arising out of the deaths of the *Ashton* 9/11 Decedents in the same amounts as awarded previously to them. Maloney Declaration at ¶¶ 10-13. They also seek treble damages under the Anti-Terrorism Act as United States nationals whose claim for such damages this Court has jurisdiction to consider (*see* 18 U.S.C. § 2333(a) and Maloney Declaration Exhibits B1, B2 and C) and directing that pre-judgment interest be assessed at 4.96 percent per annum.

The *Ashton* Plaintiffs are set forth in the exhibits as follows:

- Exhibit B1 (U.S. nationals) asserting conscious pain and suffering damages claims for the estates of those individuals killed in the September 11 Terrorist Attacks as against the Taliban for the first time;

- Exhibit B2 (U.S. nationals) asserting economic damages claims for the estates of those individuals killed in the September 11 Terrorist Attacks as against the Taliban for the first time;

- Exhibit C (U.S. nationals) asserting solatium damages claims for immediate family members (or functional equivalents) of *Ashton* 9/11 Decedents as against the Taliban for the first time.

The *Ashton* Plaintiffs also ask for permission to continue to submit applications in subsequent stages on behalf of those claimants not included in the attached exhibits, should any other applications be warranted.

5

## II. Damages

The *Ashton* Plaintiffs claimed jurisdiction and damages, as relevant here, pursuant to the ATA's civil damages provision and state law. *See, e.g.,* 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶¶ 463-90. They sought treble damages under the ATA, which applies to claims brought by United States nationals. 02-cv-6977 (S.D.N.Y.), ECF 465 at ¶ 479, 242. The ATA specifically provides for remedies against a non-sovereign defendant such as the Taliban for those killed or injured in an attack in the U.S.

According to the caselaw governing terrorism litigation, the "estates of those who [died] can recover economic losses stemming from wrongful death of the decedent; family members can recover solatium for their emotional injury; and all plaintiffs can recover punitive damages." *Valore v. Islamic Republic of Iran*, 700 F.Supp.2d 52, 83 (D.D.C. 2010) (concerning damages under FSIA); *Ests. of Ungar ex rel. Strachman v. Palestinian Auth.,* 304 F. Supp. 2d 232, 267 (D.R.I. 2004) (finding that under ATA plaintiffs can recover "both pecuniary damages … and also for non-economic damages, including loss of companionship, society, and mental anguish experienced by the victim's surviving family members, including his siblings … ."); *see also Miller v. Arab Bank, PLC,* 372 F. Supp. 3d 33, 41 (E.D.N.Y. 2019) (ruling that plaintiffs were entitled to solatium damages under the ATA); *Lelchook v. Commerzbank AG*, 2011 WL 4087448, at *2 (S.D.N.Y. Aug. 2, 2011) ( allowing plaintiffs to pursue claims for solatium damages is consistent with Congress's incorporation of traditional tort-law principles, under which such damages are available, into the ATA.); *Smith ex rel. Smith v. Islamic Emirate of Afghanistan*, 262 F. Supp. 2d 217, 240 (S.D.N.Y. 2003) (while punitive damages are not available under ATA, its civil action provision "provides for treble damages").

A. **Conscious Pain and Suffering**

Plaintiffs identified in Exhibits B1 are all estates of *Ashton* Decedents, who were murdered in the September 11, 2001 terrorist attacks and who all experienced the agonizing suffering prior to their deaths that has previously formed the basis of pain and suffering damages awards. Maloney Declaration at ¶ 9; ECF 3226 at 5, 7-8. Accordingly, the *Ashton* Plaintiffs now respectfully request that this Court grant those *Ashton* 9/11 Decedents whose estates are set forth in Exhibit B1 a compensatory damages judgment for conscious pain and suffering against the Taliban that reflects the previously awarded $2,000,000 for each 9/11 Decedent, with that amount trebled pursuant to the ATA for the estates of U.S. nationals listed in Exhibit B1.

B. **Economic Damages**

Economic damages are specifically contemplated in terrorism litigation under the ATA and state law. The economic damages provision is "designed to compensate [a] decedent's heirs-at-law for economic losses which result from [the] decedent's premature death." *Flatow v. Islamic Republic of Iran,* 999 F. Supp. 1, 27 (D.D.C. 1998); *see also Ungar*, 304 F.Supp.2d at 264-65 (its legislative history "indicates that the ATA was to be construed broadly" and giving weight to its co-sponsor's statement that the ATA "'empowers victims with all the weapons available in civil litigation,'" suggesting "that Congress intended that the full range of damages should be available to persons entitled to bring actions pursuant to § 2333(a).") (emphasis in original). Accordingly, "the beneficiaries of each decedent's estate [are] … entitled to recover the present value of economic damages, including lost wages that the decedents might reasonably have been expected to earn but for their wrongful deaths." *Valore,* 700 F. Supp. 2d at 81-82, citing *Heiser v. Islamic Republic of Iran,* 466 F.Supp.2d 229 (D.D.C. 2006.) Thus, sponsors of terrorist attacks that kill victims are routinely "liable for the economic damages

7

caused to decedents' estates." *Roth v. Islamic Republic of Iran,* 78 F. Supp. 3d 379, 399-400 (D.D.C. 2015), quoting *Valore,* 700 F.Supp.2d at 78.

Those plaintiffs set forth in Exhibit B2 are all representatives of estates of *Ashton* Decedents and claims on behalf of the *Ashton* Decedents are asserted by those plaintiffs in their capacity as estate representatives. Maloney Declaration at ¶ 9. As liability has been established against the Taliban, those moving plaintiffs now seek economic damages in the amounts set forth on Exhibit B2 in the same amounts as this Court previously awarded against co-tortfeasor Iran for the economic losses stemming from the wrongful death of the decedent. ECF 5881-2 at 2, 5926, 10266 at 5 and 10987 at 5. When it did so, it adopted the economic loss calculations set forth in the plaintiffs' economic expert reports, which calculated updated, present-value figures of either the economic damages previously provided by an economic expert or generated by the September 11 Victim Compensation Fund. Maloney Decl. at ¶ 10.

Accordingly, the *Ashton* Plaintiffs now respectfully request that this Court grant those *Ashton* Decedents whose estates are set forth in Exhibit B2 a compensatory damages judgment for economic losses against the Taliban that reflects the previously awarded figure, with that amount trebled pursuant to the ATA for the estates of U.S. nationals listed in Exhibit B2.

C. **Solatium Damages**

"Acts of terrorism are by their very definition extreme and outrageous and intended to cause the highest degree of emotional distress." *Belkin v. Islamic Republic of Iran*, 667 F. Supp. 2d 8, 22. Reflecting the nature of terrorist attacks, which are intended to cause emotional damages to those closest to the physically injured party, family members of the decedents may recover for "the mental anguish, bereavement, and grief that those with a close relationship to the decedent experience as a result of the decedent's death, as well as the harm caused by the loss of decedent's society and comfort." *Dammarell v. Islamic Republic of Iran*, 281 F. Supp. 2d 105,

196 (D.D.C. 2003) (solatium damages available under FSIA), *vacated on other grounds*, 404 F. Supp. 2d 261 (D.D.C. 2005); *Ungar*, 304 F.Supp.2 at 264-65 (fullest range of damages should be available to plaintiffs in terrorism litigation, including "all the weapons available in civil litigation"); *Lelchook*, 2011 WL 4087448, at *2 (plaintiffs may "'pursue claims for solatium [emotional] damages' under the ATA") (brackets in original); *Henkin v. Kuveyt Turk Katilim Bankasi*, 495 F.Supp. 3d 144, 152 (E.D.N.Y. 2020) ("[c]ourts permit "[p]laintiffs to pursue claims for solatium [emotional] damages" under the ATA.") *citing Lelchook*, 2011 WL 4087448, at *2.

To this end, "[s]pouses and relative[s] in direct lineal relationships are presumed to suffer damages for mental anguish[.]" *Knox v. Palestine Liberation Org.*, 442 F. Supp. 2d 62, 78 (S.D.N.Y. 2006); *Morris*, 415 F.Supp.2d 1323, 1337 (D.Utah 2006) (holding that victim's family may recover under § 2333 for the victim's lost wages and pain and suffering, and for the victim's wife and children's "loss of companionship, society, and guidance, and mental anguish"); *Ungar*, 304 F. Supp 2d at 267 (holding plaintiffs entitled under § 2333 to economic and non-economic damages, including loss of companionship and society, and mental anguish experienced by the victim's surviving family members).

Thus, this Court has previously awarded solatium damages to "immediate family members" – that is, the spouses, children, parents and siblings of those killed in the September 11, 2001 Terrorist Attacks (or their functional equivalents), ECF 3363 – who, though not physically present at the site of the terrorist attacks, were nevertheless intended victims of the terrorist activities. *See e.g.* ECF 3396, 3300, 3387, 3394, 3706, 3979, 4052, 4106, 4152, 4170, 4497, 4880, 4902, 5101, 5145, 5920, 5947, 5950, 5976, 7170, 7172, 7190.  The four established

categories of family relationships – spouses, parents, children and siblings – do not require any additional showing of the nature of the underlying relationship.

Recognizing that the immediate family members of those killed in the September 11 terrorist attacks suffered and continue to suffer "profound agony and grief" and, "[w]orse yet, … are faced with frequent reminders of the events of that day," ECF 2618 at 10 – 12, and looking at amounts awarded for solatium damages in other terrorism cases, this Court adopted the following solatium damages framework:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

The losses claimed in this motion are identical to those that this Court ordered in connection with the final judgment against Iran. The amount of solatium damages previously adopted in the judgments against Iran should apply equally to the Taliban.

The relationships between the decedent and the *Ashton* Plaintiffs are set forth in Exhibit C accompanying the Maloney Declaration. The plaintiffs in Exhibit C: (i) are all individuals who were added to the *Ashton* Sixth Amended Complaint (the underlying basis for the liability judgment against those defendants); (ii) have direct relationships previously recognized as being presumptively qualified for solatium damages that have been verified; (iii) survived the death of their immediate family members on September 11, 2001; (iv) do not have another known claim pending before this Court for compensation against the Taliban; (v) have not recovered against

10

the Taliban; and, (vi) have previously been awarded solatium damages against co-tortfeasor Iran by this Court in the same amounts sought here. Maloney Decl. at ¶¶ 11-13.

Accordingly, the *Ashton* Plaintiffs now respectfully request that this Court grant those Plaintiffs listed in Exhibit C a solatium damages judgment against the Taliban that reflects the previously awarded judgment with that amount trebled pursuant to the ATA.

### D. Treble Damages

As discussed above, all *Ashton* Plaintiffs set forth in Exhibits B1, B2 and C are U.S. nationals who have asserted claims pursuant to the Anti-Terrorism Act (18 U.S.C. § 2333(a)), and they therefore make claims for damages threefold their compensatory damages amounts for pain and suffering and economic loss on behalf of the estates of the *Ashton* Decedents (Exhibits B1 and B2) and solatium damages for their immediate family members (Exhibit C).

### E. Punitive Damages

While *Ashton* Plaintiffs are also entitled to punitive damages, in light of prior differing decisions on the proper punitive multiplier, (*compare*, *e.g.,* ECF 3175 at 3 *with* ECF 3384 at 6) they request permission to address the issue of punitive damages at a later date, as this Court has previously allowed. ECF No. 3666.

### F. Prejudgment Interest

On the issue of prejudgment interest, a December 28, 2015 Report and Recommendation, adopted by this Court, concluded that to the extent the *Ashton* wrongful death plaintiffs' claims arose out of injuries in New York State, the rate of prejudgment interest was 9 percent per annum from September 11, 2001 until the date judgment was entered, and to the extent the injuries arose elsewhere, 4.96 percent interest per annum compounded annually was appropriate. ECF No.

3175 at 1 – 2. Subsequently, however, this Court concluded that the rate of prejudgment interest of 4.96 percent was more appropriate. ECF No. 3384 at 6.

Accordingly, the *Ashton* Plaintiffs asks that this Court direct that prejudgment interest of 4.96 percent per annum be awarded on their awards running from September 11, 2001 until the date of judgment, as was previously done in this consolidated litigation.

### III. Conclusion

For all of the reasons herein, as well as those set forth in the previous submissions, the *Ashton* Plaintiffs respectfully request that this Court grant the proposed order:

1. Awarding each estate of the *Ashton* Decedents listed in Exhibit B1 a judgment against the Taliban for conscious pain and suffering in the same amounts that this Court previously awarded to them, with that amount trebled, as set forth in Exhibit B1;

2. Awarding each estate of the *Ashton* Decedents listed in Exhibit B2 a judgment against the Taliban for economic loss in the same amounts that this Court previously awarded to them, with that amount trebled, as set forth in Exhibit B2;

3. Awarding the immediate family members of the *Ashton* Decedents listed in Exhibit C solatium damages against the Taliban in the same amounts that this Court has previously awarded to them, with that amount trebled, as set forth in Exhibit C;

4. Awarding these plaintiffs pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

5. Granting the *Ashton* Plaintiffs permission to seek economic damages and punitive damages, to the extent not sought herein, and other appropriate damages at a later date; and

6.        Granting permission for any other *Ashton* Plaintiffs to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

| | |
|---|---|
| Dated: New York, New York<br>December 15, 2025 | Respectfully submitted,<br><br>KREINDLER & KREINDLER LLP<br><br>BY:   /s/ Andrew J. Maloney, III   <br>Andrew J. Maloney, III, Esq.<br>485 Lexington Ave., 28th Floor<br>New York, New York 10017<br>Tel: (212) 687-8181<br>*Counsel for Ashton Plaintiffs* |