UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN)<br>ECF Case |
|---|---|

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)

### Declaration of Andrew J. Maloney, III, in Support of *Ashton 4* Plaintiffs' Motion for Final Judgments Against The Taliban

I, ANDREW J. MALONEY, III, Esq., pursuant to 28 U.S.C. § 1746, hereby state under penalty of perjury that:

1. I am an attorney representing the plaintiffs in the above-referenced matter (the "*Ashton* Plaintiffs") and a partner at Kreindler & Kreindler LLP ("Kreindler & Kreindler") and I submit this declaration in support of the Kreindler *Ashton* motion for final judgment on behalf of certain estates of those individuals murdered on September 11, 2001 ("*Ashton* 9/11 Decedents"), and the immediate family members of *Ashton* 9/11 Decedents. This motion seeks the following relief:

   a. awarding the Estates of 9/11 Decedents identified in Exhibit B1, all of whom were U.S. nationals at the time of their deaths, through their personal representatives, all of whom are plaintiffs in the *Ashton* Sixth Amended Complaint, which is the operative pleading underlying the liability judgment against the Taliban, an award for their conscious pain and suffering in the amounts set forth on Exhibit B1;

   b. awarding the Estates of 9/11 Decedents identified in Exhibit B2, all of whom were U.S. nationals at the time of their deaths, through their personal representatives, all of whom are plaintiffs in the *Ashton* Sixth Amended Complaint, which is the operative pleading underlying the liability judgment against the Taliban, an award for economic damages in the amounts set forth on Exhibit B2;

   c. awarding the immediate family members of the *Ashton* 9/11 Decedents, all of whom are U.S. nationals and have been added to the *Ashton* Sixth Amended

    Complaint as to the Taliban, which is the operative pleading underlying the liability judgment against the Taliban, identified in Exhibit C an award for solatium damages;

  d. granting those Plaintiffs identified on those exhibit, all of whom are U.S. nationals and have asserted claims under the Anti-Terrorism Act, treble damages, as set forth on Exhibits B1, B2 and C;

  e. awarding the Plaintiffs identified on Exhibits B1, B2 and C pre-judgment interest at the rate of 4.96 percent per annum, compounded annually for the period from September 11, 2001 until the date of the judgment for damages;

  f. granting the Plaintiffs identified in Exhibits B1, B2 and C permission to seek punitive damages and any other appropriate damages at a later date; and,

  g. granting permission for all other *Ashton* plaintiffs not appearing on those exhibits to submit applications for damages awards in later stages, to the extent such awards have not previously been addressed.

2. The form of this motion and the relief requested herein are intended to comply with the following orders of this Court:

  a. The Court's order dated October 14, 2016 (ECF 3362), concerning punitive damages and prejudgment interest;[1]

  b. The Court's order dated January 24, 2017 (ECF 3435), requiring that "[a]ll further motions for final judgment against any defaulting defendant shall be accompanied by a sworn declaration attesting that the attorney has (1) complied with the due diligence safeguards [referenced in Section II.D. of the January 23, 2017 letter from the Plaintiffs' Executive Committee (ECF 3433)] and (2) personally verified that no relief has previously been awarded to any plaintiff included in the judgment [against the Taliban] (or, if relief has been awarded, the nature of that relief)."

  c. The Court's order dated April 11, 2022 (ECF 7870), concerning the information that must be included in the instant motion.

  d. The Court's order dated July 11, 2022 (ECF 8198), setting forth information required to renew motions for final damages.

---

[1] References to MDL docket entries found at 03-md-1570 (S.D.N.Y.) are noted only by ECF number; references to individual civil case docket entries are preceded by the case number.

e. The Court's Order dated September 22, 2023 (ECF No. 9355), setting forth the new quality control, motion, declaration and exhibit procedures and paradigms.

**Procedural Background**

3. On September 4, 2002, the *Ashton* Plaintiffs filed their first complaint against the alleged sponsors of the September 11, 2001 terrorist attacks, which included claims against defendants al Qaeda Islamic Army, the Taliban and others. *See* 02-cv-6977 (S.D.N.Y.) ECF 1. That complaint was consolidated and amended several times. *See, e.g.,* 02-cv-6977 (S.D.N.Y.) ECF 2, 11, 32, 38, 111, 465.

4. Pursuant to this Court's order, the *Ashton* Plaintiffs served the Taliban by publication. ECF 445 at 1, 8, 11. Verification of service by publication on, among others, the Taliban, was provided on March 16, 2005 and March 31, 2005, for publication in both English and Arabic, consistent with the service Order. ECF 709, 735.[2] The Taliban never answered and the *Ashton* Plaintiffs thereafter moved for a Certificate of Default and a default judgment, which this Court granted on May 12, 2006. ECF 1782 *et seq.*, 1797 (referring to the defendants listed in Exhibit B to the *Ashton* Plaintiffs motion, including the Taliban).[3] That is, as of May 12, 2006, the *Ashton* Plaintiffs had a liability default judgment against the Taliban, among others.

5. This Court granted the *Ashton* Plaintiffs' motion to amend the Sixth Amended Complaint and add additional parties, including those Plaintiffs listed in Exhibit C to this

---

[2] The publication notices directed the named defendants to the MDL docket and advised them in both English and Arabic that they were required to answer the complaints on that docket, which sought, among other things, compensatory, treble and punitive damages, within 60 days. ECF 709 at 2; 735 at 2.

[3] This Court's default liability judgment was issued on May 12, 2006 and stated that it applied to all claims, plaintiffs and defendants included up to and through the Sixth Amended Complaint. ECF 1797.

3

declaration, as plaintiffs against the Taliban. ECF 8271 (granting *Ashton* Motion to Amend, filed at ECF 8715-1). In doing so, this Court ordered that all prior rulings, orders and judgments remained in effect as to all parties and that further service on the Taliban was not required, and that prior service orders, including the Court's prior order on service by publication, applied to the additional plaintiffs. ECF 8721 at 2.

6. Certain of the *Ashton* Plaintiffs (those 9/11 Decedents who were U.S. nationals and whose estates were not previously awarded economic damages judgments against the Taliban and those immediate family members and their functional equivalents who are U.S. nationals and were previously added to the Sixth Amended Complaint against the Taliban) now seek final damages judgments against the Taliban.

**Due Diligence:**

7. The source of my information and the basis for my belief in my statements contained herein is my personal involvement in this matter for over 20 years; my firm's representation of the *Ashton* Plaintiffs in connection with this litigation; communications directly from family members of the *Ashton* 9/11 Decedents; communications with counsel for other plaintiffs in the *In re Terrorist Attack on September 11, 2001* multidistrict litigation; and, documents and records contained in my firm's files and other court records relating to the multi-district litigation to which the *Ashton* Plaintiffs are parties, including review of, among other things, relevant retainer agreements, death certificates, judicial filings (complaints, default certificate, liability default judgment and documentation of service), communications with clients and family members and public databases and other sources of information. Any matters about which I lack personal knowledge are asserted herein upon information and belief.

8. Based on our review of the above, I believe that the 9/11 Decedent listed in Exhibits B1 and B2 died on September 11, 2001 in the September 11th terrorist attacks. My law

4

firm has been retained by the representatives of the estates of the 9/11 Decedent listed in Exhibits B1 and B2 to represent these estates.  Before filing this motion, we have (1) complied with the due diligence safeguards referred to in Section II.D of the January 23, 2017 letter from the Plaintiffs' Executive Committees (*see* ECF No. 3435, adopting procedures set forth in ECF No. 3433); (2) personally verified that, based on review of the records available regarding other judgments entered by this Court by myself or by other representatives of Kreindler & Kreindler, that no conscious pain and suffering judgment against the Taliban has previously been awarded to the Estates of the 9/11 Decedents listed in Exhibit B1, no economic damages judgment against the Taliban has previously been awarded to the Estates of the 9/11 Decedents listed in Exhibit B2 and no judgment for solatium damages against the Taliban has previously been awarded to the plaintiffs listed in Exhibit C; (3) comported with the Court's September 22, 2023 paradigm for quality control, motions, declarations and exhibits supporting the request for damages herein, including the standardized exhibit document that this Court has provided along with the requisite review process involved in preparing the exhibits (ECF 9355); and (4), as set forth in this Court's September 22, 2023 checklist, forwarded Exhibits B1, B2 and C to be checked against the default judgment motion master list.

9. For the 9/11 Decedents listed in Exhibit B1 and B2, I or other representatives of Kreindler & Kreindler have confirmed that the 9/11 Decedent was a United States national as of September 11, 2001, either based on documentary evidence (such as copies of birth certificates, passports and/or verified applications to the September 11, 2001 Victim Compensation Fund) or personal interviews and/or written communications with the representatives of the Estates of those 9/11 Decedents and/or the family members of those 9/11 Decedents, and that the plaintiff is the duly appointed personal representative of the estate of that 9/11 Decedent.  For the

plaintiffs listed in Exhibit C, I or other representatives of Kreindler & Kreindler have confirmed that they were United States nationals as of September 11, 2001, either based on documentary evidence (such as that listed above) or direct representations to us in interviews and/or written communications with each plaintiff in Exhibit C.

**Damages Sought**

10. Exhibit B1 sets forth the compensatory damages amount this Court previously awarded to the Estates of the *Ashton* 9/11 Decedents listed for conscious pain and suffering in connection with claims asserted against Iran. Exhibit B2 sets forth the compensatory damages amount this Court previously awarded to the Estates of the *Ashton* 9/11 Decedents listed for economic damages in connection with claims asserted against Iran, as supported by the report of an economic expert.

11. This Court previously awarded solatium damages against Iran to immediate family members (and their functional equivalents) to the individuals listed in Exhibit C in the following amounts:

| Relationship to Decedent | Solatium Award |
|---|---|
| Spouse | $12,500,000 |
| Parent | $8,500,000 |
| Child | $8,500,000 |
| Sibling | $4,250,000 |

The *Ashton* Plaintiffs listed in Exhibit C, as noted above, were added to the Sixth Amended Complaint by this Court's orders, as noted in Exhibit A (the default judgment cover sheet), and are therefore parties to the final liability judgment against the Taliban. The *Ashton*

6

Plaintiffs listed in Exhibit C are therefore parties to the final liability judgment against the Taliban.

12. We have confirmed the relationship between the *Ashton* 9/11 Decedent and the individuals listed in Exhibit C through documentary evidence and / or interviews with and written confirmation from our clients.

13. The damages sought for each plaintiff listed in Exhibit C corresponds to the solatium judgment previously awarded to them against Iran based on their relationship with a 9/11 Decedent. Exhibit C lists the MDL ECF docket filing that corresponds to the damages this Court awarded to each of the plaintiffs listed therein against Iran, which we provide in support of the damages judgments sought here.

14. We have provided copies of the Exhibits B1, B2 and C to be compared against the default judgment master list and have received verification that none of the Estates of 9/11 Decedents listed in Exhibit B1 have recovered pain and suffering damages against the Taliban previously, none of the Estates of 9/11 Decedents listed in Exhibits B2 have recovered economic damages against the Taliban previously, nor has nor has any plaintiff listed in Exhibit C recovered solatium damages against the Taliban previously.

**Conclusion**

15. For all of the reasons set forth in this declaration and the *Ashton* Plaintiffs' Motion for Final Judgments against the Taliban, I respectfully request that the Court issue the same damage awards for these Plaintiffs that the Court ordered in the final judgments against Iran and as is reflected in Exhibits B1, B2 and C.

Dated: December 15, 2025
New York, NY

                                              /s/ Andrew J. Maloney, III
                                              Andrew J. Maloney, III