USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/2/2026

# LAW OFFICE OF JOHN F. SCHUTTY

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

January 30, 2026                                                                 Via ECF

Honorable George B. Daniels, U.S. District Court Judge
Honorable Sarah Netburn, U.S. District Court Magistrate Judge

      Re:    *In re Terrorist Attacks on September 11, 2001*,
              MDL No. 03-MDL-1570 (GBD) (SN)
              *Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977
              <u>Requests for Execution against Alleged Iranian Assets</u>

Your Honors:

I write in response to an absolute avalanche of requests filed with the Clerk of the Court for "Certifications of Judgment for Registration in Another District." These filings suggest that "partial summary judgment awards" against Iran (labelled as "Partial Final Judgments") afford the basis for this relief. *See, e.g.,* MDL ECF ##11490 - 11598.

These requests all appear to be improper as, thus far, only two Final Judgments appear to have been entered against Iran (*Havlish* and *Federal Insurance* actions) in this multidistrict litigation. Pursuant to Fed. R. Civ. P. Rule 54(b), any order adjudicating fewer than all the claims against a defendant (Iran) is interlocutory, not final. The issue of punitive damages remains unresolved against Iran at the request of the Plaintiffs' Executive Committees.

Interlocutory orders remain "subject to revision at any time" before the entry of a judgment adjudicating *all* claims. *See, e.g.*, *Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1 (1980) (the district court must act as a "dispatcher" and a judgment is not final, and thus not enforceable, until the court makes an express determination that there is "no just reason for delay"). Because such an order can be changed or vacated, it cannot be executed upon. *See Redding & Co. v. Russwine Construction Corp.*, 417 F.2d 721 (D.C. Cir. 1969) (a partial summary judgment cannot be executed upon if it lacks Rule 54(b) certification: "the judgment was not final and therefore was not subject to execution."). If the order is not final enough to be appealed, it is not final enough to be enforced via a writ of execution. In *In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir. 1990), the court held that Rule 54(b) is a "strict requirement." If the lower court fails to make the "no just reason for delay" finding, the order is not a "judgment" for purposes of 28 U.S.C. § 1963 (registration in other districts).

Finally, under SDNY Clerk's Office procedures, a Writ of Execution requires a final judgment. Here, the SDNY Clerk lacks ministerial authority to issue a writ on an interlocutory order that remains "subject to revision at any time" under Rule 54(b). The Clerk's authority to issue Form AO 451 (Certification of Judgment for Registration in

Honorable George P. Daniels
Honorable Sarah Netburn
January 30, 2026, Page 2

Another District) is strictly limited to judgments that are *final* and no longer subject to modification. In *In re Chateaugay Corp.*, 922 F.2d 86 (2d Cir. 1990), the Second Circuit explicitly held that a partial judgment that is not certified under Rule 54(b) cannot be registered in another district under Section 1963.

We suggest a conference be scheduled immediately with the Court so that this issue may be addressed, especially considering the activity upcoming on February 9 in the Eastern District of New York litigation involving Bitcoin assets allegedly owned by Iran.

In the meantime, we ask that the Court to immediately instruct the SDNY Judgment Clerk not to issue any Form AO 451s suggesting that a partial final judgment against Iran is sufficient for the issuance of that form.

Sincerely yours,

*John F. Schutty*

cc:   Judgment Clerk
      U.S. District Court
      Southern District of New York
      Via Email: orders_and_judgments@nysd.uscourts.gov

---

By Friday, February 6, 2026, the Plaintiffs Executive Committees must file a response to this letter that addresses whether the Clerk of the Court may certify for registration in another judicial district the plaintiffs' partial final judgments against Iran. Other counsel for the plaintiffs may file brief responses on this issue by the same date. In the meantime, the Court respectfully directs the Clerk of the Court not to take any action on the plaintiffs' proposed clerk's certifications in the MDL docket or in any member case. See ECF Nos. 11486, 11491–11549, 11551–11601, 11603–11646.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

Dated: February 2, 2026
       New York, New York