# LAW OFFICE OF JOHN F. SCHUTTY, P.C.
445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441 - Fax: (917) 591-5980
john@johnschutty.com

March 9, 2026                                                                                    **Via ECF**

Honorable George B. Daniels, U.S. District Court Judge

   Re: *In re Terrorist Attacks on September 11, 2001,*
      MDL No. 03-MDL-1570 (GBD) (SN)
      *Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977
      <u>Requests for Stay of Iran Judgment Registration Requests Pending Appeal</u>

Your Honor:

I write regarding the March 5 "Objections" (MDL ECF #11850) my office filed in response to the March 3 Report & Recommendation (R&R) issued by Magistrate Judge Netburn (MDL ECF #11824). As you know my office was offered only two days to file Objections, so we ask the Court to consider two further issues addressed below.

The March 5 "Objections" ask the Court, pursuant to Fed. R. Civ. P. 62, to stay all requests for Iran judgment registration and asset execution until my office has an opportunity to challenge/appeal many of the partial final judgments entered against Iran based on: (1) the 10-year statute of limitations set forth in the Foreign Sovereign Immunities Act (FSIA), and (2) this Court's failure to apply applicable state law pursuant to section 1606 of the FSIA to limit the award of solatium damages to "heirs." My clients contend that all judgment registration and attempted judgment execution against Iran based on the March 3 R&R should be stayed under Rule 62 until the Second Circuit determines the merits of many of these partial final judgments, because claims without true merit may reduce available Iranian assets to plaintiffs with viable claims. Will Your Honor require a formal Rule 62 motion or will the request in the March 5 "Objections" suffice?

One other matter requires further attention. *See* R&R fn. 2 (the R&R acknowledges that AO 451s were wrongfully issued to *Anaya* and *Chairnoff* plaintiffs before these plaintiffs obtained Rule 54(b) certifications). Must I file a formal motion to vacate these AO 451s (because they were issued improperly) or do the March 3 R&R and the March 5 "Objections" sufficiently address the reasons for vacating these AO 451s if a Rule 62 stay of judgment registrations is issued as to all the plaintiffs described in the R&R's Appendix?

Sincerely yours,

*John F. Schutty*